# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **INTERNATIONAL MEZZO TECHNOLOGIES, INC.** | **Civil Action No. 33-cv-01620-BAJ-RLB** |
| | **Judge Brian A. Jackson** |
| **VERSUS** | **Magistrate Judge Richard L. Bourgeois, Jr.** |
| **AIRBORNE ECS, LLC** | **Jury Demanded** |

## STATUS REPORT

### A.    JURISDICTION

What is the basis for the jurisdiction of the Court?

**Plaintiff states:** Subject matter jurisdiction is vested with this Court pursuant to 28 U.S.C. §§ 1331 and 1338 and the patent laws of the United States, 35 U.S.C. § 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Supplemental jurisdiction exists because other claims are so related to claims as to which the District Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Further, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

**Defendant states:**  Defendant agrees that the federal courts have subject matter jurisdiction over correction of inventorship claims.  Defendant disagrees with the other bases stated by Plaintiff.

### B.    BRIEF EXPLANATION OF THE CASE

1.      Plaintiff claims:

On December 6, 2022, the United States Patent and Trademark Office ("the USPTO") issued U.S. Patent No. 11,519,670 ("the '670 Patent") to Airborne ECS, LLC (now known as Intergalatic Spaceworx, LLC ("Intergalactic")).  The '670 Patent is entitled "Microtube Heat Exchanger Devices, Systems and Methods" and describes "a microtube heat exchanger of an environmental control system (ECS) of an aircraft" wherein the heat exchanger includes microtubes laser welded to the end plates of the heat exchanger.  However, it is Mezzo's position that it first invented laser welded microtube heat exchangers for use in aircraft ECS systems and that Intergalactic actually learned of these heat exchangers, and their method of manufacture, from Mezzo through their previous business relationship with Intergalactic which included Intergalactic visiting and touring Mezzo's manufacturing facilities.

Thus, Mezzo seeks a declaratory judgment that the '670 Patent is invalid and unenforceable.  Specifically, Mezzo alleges the patent is invalid because the inventors named by Intergalactic did not actually conceive of the invention described in the patent.  Mezzo also alleges the patent is invalid due to Intergalatic's breach of its duty of candor to the USPTO by failing to disclose to the USPTO the true and correct inventors of the claimed subject matter of the '670 Patent – rather it is Mezzo's employees who are the true and correct inventors.  As an alternative to the complete invalidation of the '670 Patent, Mezzo seeks an order from this Court correcting the inventorship of the patent by removing the currently listed inventors and adding the true and correct inventors.

Mezzo also alleges misappropriation of its related trade secrets (under the Defend Trade Secrets Act and the Louisiana Uniform Trade Secrets Act), breach of contract (based on Intergalatic's violation of the parties' Non-Disclosure Agreement), conversion, and violation of

the Louisiana Unfair Trade Practices and Consumer Protection Act (for, inter alia, wrongly asserting an invalid patent against Mezzo and for misappropriation of Mezzo's confidential information).

2.      Defendant claims:

In 2016, Intergalactic's corporate predecessor and Mezzo entered into the NDA, a breach of which has been asserted by Plaintiff.  Yet the NDA includes a forum-selection clause that requires litigation in Washington State (state or federal court). Intergalactic did not breach the NDA, and its patent is based on its own inventive activity. Intergalactic is not aware of any evidence that could support Mezzo's theories regarding Intergalactic's patent and misappropriation.  Intergalactic has not yet answered the Complaint because its motion to dismiss or transfer is pending.

## C.      PENDING MOTIONS

List any pending motion(s), the date filed, and the basis of the motion(s):

Mezzo does not have any pending motions.

Intergalactic has a pending motion to dismiss or transfer. (R. Doc. 8.) The motion asserts that (1) the NDA's forum-selection clause requires transfer to the United States District Court for the Western District of Washington, (2) Intergalactic is not subject to personal jurisdiction in Louisiana in any event, and (3) some of Mezzo's claims fail for clear pleading defects (like the statute of limitations or failure to identify trade secrets).

## D.      ISSUES

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

Plaintiff (all issues are in dispute):

1.    Whether or not the inventors of the '670 Patent are the true and correct inventors of the claimed subject matter of the '670 Patent.

2.    Whether or not Mezzo's employees are the true and correct inventors of the claimed subject matter of the '670 Patent.

3.    Whether or not Intergalatic violated its duty of candor to the USPTO in its prosecution of the '670 Patent.

4.    Whether or not Intergalactic failed to identify the correct inventors of the claimed subject matter of the '670 Patent in its prosecution of the '670 Patent.

5.    Whether or not Intergalactic misappropriated Mezzo's trade secrets relating to laser welded microtube heat exchangers.

6.    Whether or not Intergalatic converted Mezzo's confidential information relating to laser welded microtube heat exchangers.

7.    Whether or not Intergalatic breached the Non-Disclosure Agreement between Mezzo and Intergalatic.

8.    Whether or not Intergalatic misused the '670 Patent in its attempt to use the patent to stop Mezzo from competing in the marketplace.

Defendant:

The threshold issue for this Court to decide is whether to dismiss the case or transfer the case to the Western District of Washington.

## E.    DAMAGES

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

Plaintiff's Damages:

In addition to the declaratory judgment of invalidity of the '670 Patent and/or correction of inventorship of the '670 Patent, and the injunctive relief described in the Complaint, Mezzo further seeks disgorgement of all profits of Intergalactic arising from the misappropriated trade secrets and confidential information, damages for unjust enrichment and enhanced damages authorized under the Defend Trade Secrets Act and Louisiana Uniform Trade Secrets Act. Mezzo also seeks all costs and attorneys' fees permitted by law. Mezzo intends to obtain through discovery Intergalactic's sales and profits of products comprising the misappropriated trade secrets and/or confidential information. Mezzo does not yet have the sales data of Intergalactic to conduct such a damages calculation.

**Defendant's Views on Damages:**

Intergalactic intends to assert counterclaims at an appropriate time and will allege damages in its pleading. Intergalactic is not liable for any damages to Mezzo because it did not appropriate Mezzo's trade secrets or otherwise breach the NDA. Mezzo's filing of this lawsuit in this judicial district expressly breached the NDA. The NDA contains a fee-shifting provision, and Intergalactic will seek its reasonable attorneys' fees, costs and expenses.

**F.    SERVICE**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: None.

**G.    DISCOVERY**

1.    Initial Disclosures

A.    Have the initial disclosures required under FRCP 26(a)(1) been completed? The parties agree to waive initial disclosures.

[ ] YES    [ X ] NO

    B.      Do any parties object to initial disclosures?

[ ] YES    [ X ] NO

For any party who answered *yes*, please explain your reasons for objecting.

2.      Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): None.

By defendant(s):  None.

3.      Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.  (For example: are there any confidential business records or medical records that will be sought?  Will information that is otherwise privileged be at issue?)

Mezzo desires the issuance of a protective order to control the access to confidential and trade secret materials.

Intergalactic agrees that a protective order will be necessary.  Mezzo's lawsuit presumes the theft of Mezzo's putative trade secrets, which trade secrets are not described with any reasonable level of particularity in the Complaint.  Regardless of any protective order protections, Mezzo will need to identify with particularity its trade secrets prior to any review of Intergalactic's documentation.

4.      Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): Expert regarding patent invalidity.  Mezzo reserves the right to supplement this response at a later time

By defendant(s): Experts regarding patent inventorship, industry-specific scientific information, and damages.

**H.    PROPOSED SCHEDULING ORDER**

1.    If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:

Plaintiff proposes: Not applicable.

Defendant proposes: Initial disclosures shall be exchanged four weeks after the Court rules on Defendant's Motion to Dismiss/Transfer.

2.    Recommended deadlines to join other parties or to amend the pleadings:

Plaintiff proposes: Friday, March 29, 2024.

Defendant proposes: Monday, September 30, 2024.

3.    Filing all discovery motions and completing all discovery except experts: Friday,

Plaintiff proposes: Friday, August 30, 2024.

Defendant proposes: March 30, 2025.

4.    Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

Plaintiff proposes:

       Plaintiff(s): Friday, September 6, 2024

       Defendant(s): Friday, September 20, 2024

Defendant proposes:

       Plaintiff(s): April 15, 2025

       Defendant(s): April 30, 2025

5.    Exchange of expert reports:

       Plaintiff proposes: Plaintiff(s): Friday, October 18, 2024;    Defendant(s):

Friday, November 15, 2024

Defendant proposes:  Plaintiff(s): May 15, 2025; Defendant(s): June 15, 2025

6.    Completion of discovery from experts:

Plaintiff proposes: Friday, December 13, 2024

Defendant proposes: August 15, 2025

7.    Filing dispositive motions and Daubert motions:

Plaintiff proposes: Friday, January 31, 2025

Defendant proposes: October 15, 2025

8.    All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order.  The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.  The parties should not provide any proposed dates for these remaining deadlines.

a.    Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

b.    Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

c.    Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

d.    Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

e.    Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

      f.      Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

      g.      Trial date (approximately 27-29 weeks after dispositive motion deadline).

9.      If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I.    TRIAL

1.      Has a demand for trial by jury been made?

      [ X ] YES   [ ] NO

2.      Estimate the number of days that trial will require.  5 days

## J.    OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

      [ ] YES   [ X ] NO

      i.      If the answer is *yes*, please explain:

      ii.      If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?  **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

      [ ] YES   [ X ] NO

## K.    SETTLEMENT

1.      Please set forth what efforts, if any, the parties have made to settle this case to date. None thus far.

2.      Do the parties wish to have a settlement conference:

Plaintiff:  [X] YES     [ ] NO

Defendant:  [] YES    [ X ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial? Plaintiff: After completion of expert discovery.

## L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ]  YES    [ X ] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: February 29, 2024

Respectfully submitted:

*/s/ Emily Lippold Gummer*
**EMILY LIPPOLD GUMMER** (La Bar No.
33858)
Carver, Darden, Koretzky, Tessier,
Finn, Blossman & Areaux, L.L.C.
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3821
Facsimile: (504) 585-3801
E-mail: gummer@carverdarden.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2024 a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and to all non-CM/ECF participants via email.

/s/ *Emily Lippold Gummer*
Emily Lippold Gummer