UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| INTERNATIONAL MEZZO TECHNOLOGIES, INC.<br><br>    Plaintiff<br><br>v.<br><br>AIRBORNE ECS, LLC<br><br>    Defendant | Civ. Action No. 3:23-cv-01620-BAJ-RLB<br><br>JURY DEMAND<br><br>JUDGE BRIAN A. JACKSON<br><br>MAG. JUDGE RICHARD L. BOURGEOIS, JR. |

**MEZZO'S SURREPLY TO AIRBORNE ECS'S REPLY
IN SUPPORT OF MOTION TO TRANSFER OR DISMISS**

International Mezzo Technologies, Inc. ("Mezzo") respectfully submits this surreply to address certain incomplete citations and erroneous arguments contained in the Reply in Support of Airborne ECS, LLC's Motion to Transfer or Dismiss (the "Reply") (Rec. Doc. 17) filed by Intergalactic Spaceworx, LLC f/k/a Airborne ECS, LLC, ("Intergalactic") and states as follows:

1. **The Patent Invalidity Claims are Not Subject to the Non-Disclosure Agreement's Forum Selection Clause.**

Importantly, and as described in detail in the Complaint, one basis for invalidity of Intergalactic's patent is the fact that Mezzo invented, manufactured and publicly sold laser welded microtube heat exchangers for environmental control systems prior to the filing of Intergalactic's patent. *See* Rec. Doc. 1, ¶ 9 ("As least as early as 2019 it was well-known in the industry that Mezzo utilized laser welded microtubes in its heat exchangers") and ¶ 10 ("At least as early as 2019 it was also publicly known that Mezzo designed and manufactured heat exchangers for use in environmental control systems"). Thus, it is nonsensical for Intergalactic to allege that Mezzo's

patent invalidity claims -- <u>which include publicly known sales and disclosures as the basis for invalidity</u> -- are an "action to enforce [the NDA]" and subject to the NDA's forum selection clause.

Further, Intergalactic's reliance on noncontrolling cases to assert an all-inclusive application of the forum selection clause is misplaced. The Fifth Circuit explains that the Court "must look to the language of the parties' contracts to determine which causes of action are governed by the forum selection clauses." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 F. App'x 612, 616 (5th Cir. 2007) (citing *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir. 1998)). Further, "[c]lauses that extend to all disputes that 'relate to' or 'are connected with' the contract are construed broadly, while clauses that cover disputes 'arising out of' or over 'the implementation and interpretation of' the contract are construed narrowly." *Pinnacle Interior Elements, Ltd. v. Panalpina, Inc.,* No. CIV A 309-CV-0430-G, 2010 WL 445927, at *5 (N.D. Tex. Feb. 9, 2010) (citing *Pennzoil Exploration and Production Company v. Ramco Energy Limited,* 139 F.3d 1061, 1067 (5th Cir. 1998)); *see also Buc-ee's, Ltd. v. Bucks, Inc.,* 262 F. Supp. 3d 453, 460 (S.D. Tex. 2017). The Fifth Circuit jurisprudence has clearly emphasized the importance of avoiding a blanket application to all claims or "actions", but also asks that Courts determine whether a clause should be construed broadly or narrowly. Here, the forum selection clause applies to "any action to enforce this Agreement" and thus should be construed narrowly as a clause best categorized as governing disputes 'arising out of' or over 'the implementation and interpretation of' the Non-Disclosure Agreement ("NDA"). <u>Actions to invalidate a patent or to correct the inventorship of a patent are plainly not actions to enforce the NDA</u>.

Intergalactic's reliance on *NuCurrent, Inc. v. Samsung Elecs. Co. Ltd.* also requires some clarification. In *NuCurrent, Inc.*, the District Court was considering patent infringement – <u>not patent invalidity</u> – an important distinction as the former is focused on the copying of patented

2

technology while the latter is concerned with whether the patent was properly awarded. *NuCurrent, Inc. v. Samsung Elecs. Co.,* No. 6:18-CV-51-JRG-KNM, 2018 WL 7821099, at *7 (E.D. Tex. Dec. 26, 2018) ("NuCurrent's misappropriation of trade secret and *patent infringement* claims are premised on the disclosure of confidential and proprietary information in 2015 and Defendants' misuse of that information.") (emphasis added).  As explained above, Mezzo's invalidity claims are based on publicly known information, and, as such, the *NuCurrent* case is non-analogous.

2. **Mezzo Plead Facts That Provide Sufficient Notice That Mezzo Might Assert That The Discovery Rule Applies.**

Intergalactic tries its best to twist Fifth Circuit jurisprudence into a rule that does not exist. "The discovery rule need not be specifically pleaded in federal court." *TIG Ins. Co. v. Aon Re, Inc.,* 521 F.3d 351, 357 (5th Cir. 2008). Intergalactic admits this in the quietest way possible. *See* Rec. Doc. 17 at pg. 8, n. 4.  Mezzo's Complaint points out the receipt of the Cease and Desist Letter, a possible date of discovery, and illustrates that Mezzo trusted Intergalactic and was unaware of the misappropriation of trade secrets and other confidential information during the period when the parties' business relationship was on going.  Further, "[a] claim does not accrue when a person has a mere hunch, hint, suspicion, or rumor of a claim, ... such suspicions do give rise to a duty to inquire into the possible existence of a claim in the exercise of due diligence." *Bradley v. Phillips Petroleum Co.,* 527 F. Supp. 2d 625, 653 (S.D. Tex. 2007), *aff'd sub nom. Bradley v. Phillips Chem. Co.,* 337 F. App'x 397 (5th Cir. 2009) (citing *McIntyre v. United States,* 367 F.3d 38, 52 (1st Cir. 2004)).

Mezzo requests that this Court deny the Intergalactic's Motion to Dismiss or Transfer.

Respectfully submitted,

        CARVER, DARDEN, KORETZKY, TESSIER
        FINN, BLOSSMAN & AREAUX, L.L.C.

        /s/ *Emily L. Gummer*
        Emily L. Gummer (#33858)
        Kyle J. E. Koch (#39942, Middle District of Louisiana admission forthcoming)
        1100 Poydras Street, Suite 3100
        New Orleans, Louisiana 70163
        Email: gummer@carverdarden.com
        Email: koch@carverdarden.com
        Telephone: (504) 585-3814
        Fax: (504) 585-3801
        *Counsel for International Mezzo Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Surreply to the Airborne ECS's Reply to Opposition to Motion to Transfer or Dismiss* has been duly served upon all counsel of record in this case and those parties receiving electronic notification via the Court's CM/ECF system on this 6th day of March, 2024.

        /s/ *Emily L. Gummer*
        EMILY L GUMMER

4