THE HONORABLE GRADY J. LEUPOLD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERNATIONAL MEZZO TECHNOLOGIES, INC., <br><br> Plaintiff, <br> v. <br> AIRBORNE ECS, LLC, <br><br> Defendant. | Case No. 2:24-cv-01368-GJL <br><br> **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Defendant Intergalactic Spaceworx, LLC[1] fka Airborne ECS, LLC, doing business as Intergalactic ("**Intergalactic**"), by and through its attorneys of record answers Plaintiff International Mezzo Technologies, Inc.'s ("**Mezzo**") Complaint as follows:

## THE PARTIES

1. Lack information and therefore deny.

2. Deny.

## JURISDICTION AND VENUE

3. Admit that the Court has subject-matter jurisdiction over the dispute; otherwise, deny.

4. Deny.

---

[1] Plaintiff has incorrectly named Defendant in its pleadings, and previously represented to the Louisiana Court that it would amend its pleadings to correct.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** - 1
No. 24-cv-01368-GJL

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

5. Deny.

## BACKGROUND & ALLEGATIONS

6. Lack information and therefore deny.

7. Lack information and therefore deny.

8. Lack information and therefore deny.

9. Deny.

10. Deny.

11. Lack information and therefore deny.

12. Deny.

13. Deny.

14. Lack information and therefore deny..

15. Deny.

16. Deny.

17. Admit only that a non-disclosure agreement was executed; otherwise deny.

18. Admit only that Mr. Herrick-Kaiser sent an email to Mezzo, deny the remainder.

19. Deny.

20. Admit only that the Raytheon contract was not offered to Mezzo, deny the remainder.

21. Admit only that Defendant filed a provisional patent application; Deny the remainder, including any inferences relating to "claims" of a provisional patent application.

22. Deny.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT - 2
No. 24-cv-01368-GJL

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

23. This paragraph includes legal assertions that do not require a response; to the extent it includes factual assertions, deny.

24. Admit only that Mr. Herrick-Kaiser and Mr. Fausett signed a declaration that they were the original inventors, deny the remainder.

25. Deny.

26. Deny.

27. Admit only that Intergalactic sent a cease-and-desist letter, deny the remainder.

28. Deny.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '670 Patent)

29. Incorporate responses.

30. Deny.

31. Deny.

32. Deny.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '670 Patent for Breach of Duty of Candor to the USPTO)

33. Incorporate responses.

34. Deny.

35. Deny.

36. Deny.

## THIRD CAUSE OF ACTION

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT - 3
No. 24-cv-01368-GJL

129645.0002/8075328.1

Lowe Graham Jones PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

**(Declaratory Judgment of Invalidity of the '670 Patent for Failure to Name the Correct Inventor)**

37. Incorporate responses.

38. Deny.

39. Deny.

40. Deny.

## FOURTH CAUSE OF ACTION

**(Correction of Inventorship of the '670 Patent)**

41. Incorporate responses.

42. Admit only that Tyler Fausett and Nicholas F. Herrick-Kaiser are the sole inventors, deny the remainder.

## FIFTH CAUSE OF ACTION

**(misappropriation of Trade Secrets Under the Defend Trade Secrets Act)**

43. Incorporate responses.

44. Lack information and therefore deny.

45. Lack information and therefore deny.

46. Lack information and therefore deny.

47. Lack information and therefore deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT - 4
No. 24-cv-01368-GJL

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

52. Deny.

53. Deny.

## SIXTH CAUSE OF ACTION

### (Misappropriation of Trade Secrets Under the Louisiana Uniform Trade Secrets Act)

54. Incorporate responses.

55. Lack information and therefore deny.

56. Lack information and therefore deny.

57. Lack information and therefore deny.

58. Lack information and therefore deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

## SEVENTH CAUSE OF ACTION

### (Breach of Contract)

64. Incorporate responses.

65. Admit.

66. Deny.

67. Deny.

68. Deny.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT - 5
No. 24-cv-01368-GJL

129645.0002/8075328.1

Lowe Graham Jones PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

### EIGHTH CAUSE OF ACTION

### (Conversion)

69. Incorporate responses.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

### NINTH CAUSE OF ACTION

### (Violation of the Louisiana Unfair Trade Practices and Consumer Protection Act)

74. Incorporate responses.

75. Deny.

76. Deny.

### PRAYER FOR RELIEF

In answering Plaintiff's Prayer for Relief, Intergalactic denies that Plaintiff is entitled to any relief on its asserted claims.

### GENERAL DENIAL

Intergalactic denies any allegation contained in the Complaint not expressly admitted above and specially reserves all affirmative or other defenses that it may have against Plaintiff's allegation. To the extent the unnumbered headings in the Complaint are meant to be factual assertions, Intergalactic denies them.

### DEFENSES

By alleging the defenses set forth below, Intergalactic neither agrees nor concedes

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT - 6
No. 24-cv-01368-GJL

129645.0002/8075328.1

Lowe Graham Jones PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

that it has the burden of proof nor the burden of persuasion for any of these issues. In addition, Intergalactic specifically and expressly reserves the right to amend its Answer or these defenses, or to add additional defenses, based upon legal theories, facts, and circumstances that may or will be discovered and/or further legal analysis of Plaintiff's positions in this litigation.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

### THIRD DEFENSE

By way of defense and not to be construed as an admission, Plaintiff's alleged claims and any alleged damages are barred, in whole or in part, by the doctrine of equitable estoppel because Plaintiff waited until Defendants had expended years of effort and significant amounts of money to develop a commercially viable product before bringing claims against Intergalactic.

### FOURTH DEFENSE

Any breach by Intergalactic is excused by Mezzo's prior material breach of breaches, or failure to satisfy one or more of the conditions precedent.

### FIFTH DEFENSE

By way of defense and not to be construed as an admission, the Plaintiff is barred by the applicable statute of limitation and/or repose. All common law claims for relief are barred by the applicable statute of limitations. The Uniform Trade Secret Act claim is

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT - 7
No. 24-cv-01368-GJL

129645.0002/8075328.1

Lowe Graham Jones PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

barred by the three-year Washington statute of limitations. The claims are also barred by any other applicable statutes of limitations.

### SIXTH DEFENSE

By way of defense and not to be construed as an admission, Plaintiff's claims are barred, in whole or in part, because no individual associated with Plaintiff qualifies as an inventor on the patent at issue in this litigation. Furthermore, Plaintiff has no tangible evidence of an inventive contribution. A party alleging non-joinder of inventors must meet the heavy burden of proving its case by clear and convincing evidence. A putative inventor's testimony regarding his or her own inventorship claim is regarded with skepticism and cannot, standing alone, rise to the level of clear and convincing proof.

### JURY DEMAND

Defendants demand a trial by jury on all issues triable by a jury.

Dated this 27th day of September 2024.

LOWE GRAHAM JONES PLLC

Mark P. Walters, WSBA No. 30819
Walters@LoweGrahamJones.com
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
T: 206.381.3300
F: 206.381.3301

KUNZLER BEAN & ADAMSON, PC

/s/ Chad S. Pehrson (pending Pro Hac Vice)
Chad S. Pehrson
Stephen R. Richards
cpehrson@kba.law
srichards@kba.law
50 W. Broadway, Suite 100

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT - 8
No. 24-cv-01368-GJL

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Salt Lake City, UT 84101
T: 801.994.4646
]

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT - 9**
No. 24-cv-01368-GJL

129645.0002/8075328.1

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Ste. 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301