Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| INTERNATIONAL MEZZO TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIRBORNE ECS LLC, <br><br> Defendants. | No. 2:24-cv-01368-JNW <br><br> **JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement filed on December 16, 2024 (Dkt. 40 ("Order")), Plaintiff International Mezzo Technologies, Inc. ("Plaintiff" or "Mezzo"), and Defendant Intergalactic fka Airborne ECS, LLC ("Defendant" or "Intergalactic"), by their undersigned counsel, hereby provide the following Joint Status Report and Discovery Plan, as discussed by the Parties' counsel during an FRCP 26(f) Conference on January 7, 2025:

JOINT STATUS REPORT & DISCOVERY PLAN
(2:24-cv-01368-JNW) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1. **Statement of the nature and complexity of the case**

**Plaintiff's Statement:** The instant suit brought by Mezzo against Airborne is premised on Airborne's breach of a non-disclosure agreement between the parties and Airborne's subsequent use of information learned from Mezzo to obtain a patent on the same technology invented by Mezzo. Mezzo seeks a declaratory judgment that the U.S. Patent No. 11,519,670 ("the '670 Patent") currently owned by Airborne is invalid and/or unenforceable under 36 U.S.C. §§ 102, 103 and/or 112. Specifically, Mezzo alleges the '670 Patent is invalid and/or unenforceable due invalidating prior art (including, but not limited to, Mezzo's own products and patents); Airborne's breach of its duty to the United States Patent and Trademark Office ("USPTO"); and Airborne's failure to name the correct inventor(s) of the '670 Patent. Mezzo also requests, in the alternative, for correction of the inventorship of the '670 Patent to include Mezzo's employee(s) as a true and correct inventor. Mezzo further asserts, *inter alia*, claims of trade secret infringement by Airborne and breach of the Non-Disclosure Agreement that was previously executed between Mezzo and Airborne.

Because each of Mezzo's claims arise out of the same common nucleus of facts, Mezzo does not believe this case presents issues warranting complex treatment.

**Defendants' Statement:**

In 2017, Intergalactic began discussions with Mezzo as a potential vendor for manufacturing certain aircraft parts. The planning took some months, and ended when Mezzo grew tired of the discussions and demanded a pre-payment for future work. Intergalactic proceeded to develop its products, including with assistance from alternative vendors. Complaint seeks: declaratory judgment of invalidity; correction of inventorship; misappropriation of trade secrets; breach of contract; conversion and unfair trade practices. Intergalactic believes these claims present no merit and that certain claims are precluded by applicable statute of limitations. Intergalactic has not presently filed patent infringement claims against Mezzo, including because it is not fully informed on the current status of Mezzo's

JOINT STATUS REPORT & DISCOVERY PLAN
(2:24-cv-01368-JNW) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

products and business activities. Intergalactic of course reserves the right to appropriately amend its pleadings as discovery progresses and relevant information is obtained

**2. Consent to assignment to Magistrate Judge for all purposes**

No.

**3. Proposed deadline for the joining of additional parties**

The parties propose that additional parties be joined no later than April 25, 2025.

**4. Discovery plan**

A. Initial disclosures

Pursuant to the Court's Order, the Parties exchanged initial disclosures by January 21, 2025.

B. Subjects, timing, and potential phasing of discovery

**Plaintiff's Statement:** Mezzo will seek discovery of facts supporting its liability allegations and claims including, but not limited to: the allegations raised in Mezzo's Complaint; circumstances surrounding the Non-Disclosure Agreement executed between Mezzo and Airborne and Airborne's subsequent receipt of confidential and proprietary information belonging to Mezzo; Airborne's knowledge of Mezzo's technology and its disclosure; the patent prosecution of the '670 Patent; and Airborne's development, production, marketing and sale of laser-welded, microtube heat exchangers. Mezzo proposes the parties exchange written discovery and take depositions of fact or any expert witnesses on matters pertaining to liability. Mezzo does not believe discovery should be conducted in phases or be limited to particular issues. Mezzo's proposals of case deadlines are laid out in this Joint Status Report.

**Defendants' Statement:**

Plaintiffs should first be required to identify what trade secrets they allege to have been stolen. This should be a gating item for discovery, as "[a] true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery." *Jobscience, Inc. v. CVPartners, Inc.*, No. 13-cv-4519, 2014 WL 852477, at *5

JOINT STATUS REPORT & DISCOVERY PLAN
(2:24-cv-01368-JNW) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

(N.D. Cal. Feb. 28, 2014). Courts recognize use of the discovery process to articulate a post-hoc misappropriation theory as classic gamesmanship. *Id.* ("Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify whatever happens to be there as having been trade secrets stolen from plaintiff."). Following receipt of an adequate trade secret disclosure, Intergalactic's discovery efforts will be focused upon any written evidence that would substantiate Mezzo's claims to inventorship. Federal Circuit precedent requires something beyond a putative inventor's oral testimony. Mezzo has been asserting its broad allegations for several years but has never conveyed any written evidence.

### C. Electronically stored information

The Parties expect that this case could require discovery of ESI and will meet and confer on the subject, if necessary. To the extent required, the Parties intend to utilize the Court's Model Protocol for Discovery of Electronically Stored Information in Civil Litigation.

### D. Privilege issues

The Parties plan to address any privilege issues, including the inadvertent production of privileged or otherwise protected material, through their anticipated stipulated protective order, which the Parties expect will be based on the Court's Model Stipulated Protective Order with minor modifications to account for "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents.

### E. Proposed limitations on discovery

The Parties do not currently believe that any adjustments to the default limitations set forth in the Federal Rules of Civil Procedure are needed, but reserve all rights to seek relief from those limitations.

Intergalactic again states that per applicable trade secret jurisprudence, Mezzo must be required to first disclose its alleged trade secrets prior to being allowed to sift through Intergalactic's technical documents.

JOINT STATUS REPORT & DISCOVERY PLAN
(2:24-cv-01368-JNW) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

### F. The need for any discovery related orders

The Parties anticipate the need for discovery-related orders, discussed above, regarding the disclosure of ESI and the use and treatment of confidential information produced in discovery. The Parties will work together to present stipulated orders to the Court for consideration and approval.

## 5. LCR 26(f)(1) Considerations

### A. Prompt case resolution

The Parties will endeavor to promptly resolve this case to the extent reasonably possible, while protecting the legitimate interests of all parties.

### B. Alternative dispute resolution

The Parties are amenable to considering alternative dispute resolution options and have preliminarily discussed the same.

### C. Related cases

The Parties are unaware of any related cases before this Court or in any other jurisdiction.

### D. Discovery management

The Parties contemplate a stipulated protective order and stipulated order regarding discovery of ESI, discussed above. The Parties will work in good faith to minimize the costs of discovery, keeping in mind the proportionality standard set forth in Federal Rule of Civil Procedure 26(b)(1).

Intergalactic again states that per applicable trade secret jurisprudence, Mezzo must be required to first disclose its alleged trade secrets prior to being allowed to sift through Intergalactic's technical documents.

### E. Anticipated discovery sought

See Section 4(B) above.

JOINT STATUS REPORT & DISCOVERY PLAN
(2:24-cv-01368-JNW) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**F. Phasing motions**

Intergalactic again states that per applicable trade secret jurisprudence, Mezzo must be required to first disclose its alleged trade secrets prior to being allowed to sift through Intergalactic's technical documents.

**G. Preservation of discoverable information**

The Parties represent that they are preserving discoverable information relevant to this action. To the extent any issues arise concerning preservation, the Parties will work together in good faith to attempt to resolve those issues without the Court's involvement, and/or narrow any issues before seeking the Court's involvement.

**H. Privilege issues**

See Section 4(D) above.

**I. Model Protocol for Discovery of ESI**

See Section 4(C) above.

**J. Alternatives to Model Protocol**

See Section 4(C) above.

**6. Completion of discovery**

**Parties' Statement:** The parties proposes that discovery be completed pursuant to the deadlines contained in accompanying Exhibit A.

**7. Bifurcation**

The case should not be bifurcated.

**8. LCR 16 & 16.1 Considerations**

The Parties do not intend to dispense with the pretrial statements and a proposed pretrial order pursuant to LCR 16(e), (h), (i), and (k), and 16.1.

**9. Individualized Trial Program or ADR Options**

The Parties do not intend to utilize the Individualized Trial Program set forth in LCR 39.2, nor do they intend to utilize any ADR options set forth in LCR 39.1.

JOINT STATUS REPORT & DISCOVERY PLAN
(2:24-cv-01368-JNW) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

### 10. Suggestions for shortening or simplifying the case

The Parties do not have any additional suggestions for shortening or simplifying the case at this time, but intend to cooperate towards that end.

### 11. Trial

The parties believes the case will be ready for trial by July 2026, as provided for in the accompanying Exhibit A.

### 12. Trial by Jury

Plaintiffs have demanded a jury trial. Intergalactic believes that some issues raised in the Complaint are proper for judicial adjudication.

### 13. Number of trial days required

**The parties** estimate that five (5) trial days will be required.

### 14. Trial counsel

The contact information for trial counsel is as follows:

| **Plaintiff International Mezzo Technologies, Inc.:** | **Defendant Airborne ECS, LLC** |
|---|---|
| John D. Denkenberger | Chad S. Pehrson |
| John Whitaker | Stephen Richards |
| CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC | KUNZLER BEAN & ADAMSON, PC |
| 1201 Third Avenue, Suite 3600 | 50 West Broadway |
| Seattle, WA 98101-3029 | Suite 1000 |
| Telephone: 206.682.8100 | Salt Lake City, UT 84101 |
| E-mail: john.denkenberger@cojk.com, john.whitaker@cojk.com | Telephone: 801.994.4646 |
| | E-mail: cpehrson@kba.law, srichards@kba.law |
| David Scotton (admitted *pro hac vice*) | Mark P. Walters |
| Emily Gummer (admitted *pro hac vice*) | LOWE GRAHAM JONES PLLC |
| CARVER DARDEN KORETZKY TESSIER FINN BLOSSMAN & AREAUX | 1325 Fourth Avenue, Suite 1130 |
| 1100 Poydras Street, Suite 3100 | Seattle, WA 98101 |
| New Orleans, LA 70163 | Telephone: 206.381.3300 |
| Telephone: 504.585.3821 | E-mail: walters@lowegrahamjones.com |
| E-mail: scotton@carverdarden.com, gummer@carverdarden.com | |

JOINT STATUS REPORT & DISCOVERY PLAN
(2:24-cv-01368-JNW) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**15. Dates of unavailability for trial**

   **Plaintiff's Statement:**  Emily Gummer (trial counsel) is unavailable for trial the week of September 15, 2025 due to having another trial scheduled in the Eastern District of Louisiana.

**16. Service of the Report**

   All Parties to this action have been served.

**17. FRCP 16 Conference**

   The parties do not wish to have a pretrial FRCP 16 conference.

**18. Corporate Disclosure Statements**

   Plaintiff filed its Corporate Disclosure Statement on November 21, 2024 (Dkt. No. 2).

   Defendant filed its Corporate Disclosure Statement on February 7, 2024 (Dkt. No. 11).

**19. LPR 110 Considerations**

   **A. LPR 110(1): Changes to the timing, form, or requirement for disclosures under Rule 26(a)**

   See Section 4(A) above.

   **B. LPR 110(2): Subjects on which discovery may be needed**

   See Section 4(B) above.

   **C. LPR 110(3): Proposed limitations on discovery**

   See Section 4(E) above.

   **D. LPR 110(4): Orders under Rule 26(c) or Rule 16(b) and (c)**

   See Sections 4(F) and 17 above.

   **E. LPR 110(5): Modifications of deadlines provided for in Local Patent Rules**

   **Plaintiff's Statement:**  Mezzo proposes changing the deadline for Plaintiff to submit invalidity contentions from "Not later than 30 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" to the set date of March 28, 2025.  As there will be no "Infringement Contentions" submitted in this litigation, Mezzo suggests that the March 28, 2025 date is a valid alternative. This date also permits sufficient time for the parties to discuss the potential of settlement.  Mezzo also proposes setting the deadline for the

JOINT STATUS REPORT & DISCOVERY PLAN
(2:24-cv-01368-JNW) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

"Identification of Terms for Construction" to May 15, 2025. Under the default Rules 130(a), this deadline would be 20 days after March 28, 2025. However, the parties have agreed upon an additional deadline of April 11, 2025 for the identification of trade secrets. Thus, to provide for an orderly discovery schedule and to provide Mezzo with sufficient time to meet all deadlines, Mezzo suggests the extension of the "Identification of Terms for Construction" deadline to May 15, 2025. The other litigation deadlines contained in accompanying Exhibit A comply with the Local Patent Rules.

**Defendants' Statement:**

Intergalactic is comfortable with Mezzo's proposed schedule.

**F.  LPR 110(6): Confidentiality Concerns**

See Sections 4(D) and (F) above.

**G.  LPR 110(7): Tutorial**

A technology tutorial is not necessary in this case.

**H.  LPR 110(8): Discovery on Asserted Claims and Infringement Contentions (LPR 120)**

Plaintiff's position is that discovery on all relevant issues should be allowed immediately as the Parties' Rule 16(f) conference has been conducted. As set forth above, Defendant believes that prior to obtaining discovery into its technical documents, Plaintiff must first specifically articulate what trade secrets it claims were misappropriated.

**I. LPR 110(9): Preliminary Injunction or Dispositive Motion prior to Claim Construction Hearing**

**Plaintiff's Statement:** Mezzo does not contemplate bringing a motion for preliminary injunction or a dispositive motion before the Claim Construction Hearing.

**Defendants' Statement:** Intergalactic may file a dispositive motion before the Claim Construction Hearing. This will depend in part on whether Plaintiff has any written evidence to support its claims to inventorship.

JOINT STATUS REPORT & DISCOVERY PLAN
(2:24-cv-01368-JNW) - 9

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**J. LPR 110(10): Limits on Claim Construction Discovery**

No specific limits on claim construction discovery is necessary in this case.

**K. LPR 110(11): Court Appointed Expert on Claim Construction**

A court-appointed expert to hear and make recommendations on claim construction issues is not necessary in this case.

**L. LPR 110(12): Nature of the Claims Construction Hearing**

The Claim Construction Hearing will be an evidentiary hearing.

**M. LPR 110(13): Proposed deadlines for discovery, dispositive motions, mediation, and trial dates:**

**Parties' Statement:** For the deadlines for discovery and trial dates, see accompanying Exhibit A.

**N. LPR 110(14): Whether the Court should hold a Scheduling Conference to address the issues raised in the Joint Status Report:**

The parties do not wish to have a pretrial FRCP 16 conference at this time.

**20. Miscellaneous**

**A. Electronic Service**

All parties consent to receive service via the email addresses listed in the below signature blocks.

Jointly and respectfully submitted this 27th day of January, 2025.

s/John Whitaker
John D. Denkenberger, WSBA No. 25,907
John Whitaker, WSBA No. 28,868
CHRISTENSEN O'CONNOR JOHNSON
KINDNESS PLLC
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
E-mail: john.denkenberger@cojk.com,
john.whitaker@cojk.com,
litdoc@cojk.com

s/Mark P. Walters
Mark P. Walters, WSBA No. 30819
LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
Tel: 206.381.3300
Fax: 206.381.3301
Email: walters@lowegrahamjones.com
dan.oates@millernash.com

s/Chad S. Pehrson
Chad S. Pehrson (admitted *pro hac vice*)

JOINT STATUS REPORT & DISCOVERY PLAN
(2:24-cv-01368-JNW) - 10

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

| | |
|---|---|
| s/Emily Gummer | Stephen R. Richards (admitted *pro hac vice*) |
| David Scotton (admitted *pro hac vice*) | KUNZLER BEAN & ADAMSON, PC |
| Emily Gummer (admitted *pro hac vice*) | 50 W. Broadway, Suite 100 |
| CARVER DARDEN KORETZKY TESSIER FINN BLOSSMAN & AREAUX | Salt Lake City, UT 84101 |
| | Telephone: 801.994.4646 |
| 1100 Poydras Street, Suite 3100 | E-mail: cpehrson@kba.law; srichards@kba.law |
| New Orleans, LA 70163 | |
| Telephone: 504.585.3821 | *Attorneys for Defendant Airborne ECS, LLC* |
| E-mail: scotton@carverdarden.com, gummer@carverdarden.com | |

*Attorneys for Plaintiff International Mezzo Technologies, Inc.*

JOINT STATUS REPORT & DISCOVERY PLAN
(2:24-cv-01368-JNW) - 11

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100