# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT ~~_____~~ SEATTLE

| | |
|---|---|
| INTERNATIONAL MEZZO TECHNOLOGIES, INC., <br> [PLAINTIFF], <br>         Plaintiff, <br>    v. <br> AIRBORNE ECS, LLC, <br> [DEFENDANT], <br>         Defendant. | No. 2:24-cv-01368-JNW <br><br> [PROPOSED]~~CASE NO.~~ <br><br> ~~MODEL STIPULATED~~ **PROTECTIVE ORDER** |

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following ~~Stipulated~~ Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

~~2. "CONFIDENTIAL" MATERIAL~~

~~"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: [The parties must include a list of specific documents such as "company's customer list" or "plaintiff's medical records;" do not list broad categories of documents such as "sensitive business material"].~~

2. DEFINITIONS

    2.1 "CONFIDENTIAL" shall include the following information: all information of the nature deemed personally identifiable information and requiring redaction by this Court's LCR 5.2; health and medical information; non-public financial records; any party's internal policies and practices, including training practices and procedures; any party's proprietary business information, including client information, training information, and non-public technical information pertaining to the producing party's goods or services; any party's contracts, communications, and agreements with persons and entities other than exclusively with the receiving party; any party's employee information; and any other documents that the receiving party agrees in writing should be designated Confidential and that is not publicly available. Notwithstanding the foregoing, by agreeing to this Stipulation, no party or third party waives the right to challenge any designating party's designation of any Document or information as "Confidential." Confidential information shall not include any information that, prior to production under the terms of this Protective Order, was properly in the possession or knowledge of the receiving party or was already public knowledge through no act or omission of the receiving party. The restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the receiving party, or that is legitimately acquired from a source not subject to this Protective Order.

    2.2 "Counsel" (without qualifier) means Outside Counsel of Record and In-House Counsel (as well as their support staff).

    2.3 "Designating Party" means a Party or Non-Party that designates Protected Material

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.4 "Disclosure" or "Discovery Material" means all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, and transcripts), that are produced, disclosed, or used in this matter.

2.5 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall mean any document or information satisfying the requirements set forth in Paragraph 2.1, and which the designating party or third party believes in good faith includes highly confidential information the unrestricted disclosure of which could cause significant, irreparable injury to the designating party that cannot be avoided by less restrictive means. Specifically, the "Highly Confidential – Attorneys' Eyes Only" designation shall apply only to (1) highly sensitive technical information, including current research, development and manufacturing information; (2) a party's highly sensitive financial information; (3) competitive technical information, including technical analyses or comparisons of a competitor's products or services; (4) competitive business information, including non-public financial and marketing analyses, and strategic product/service expansion plans; (5) personal health or medical information; (6) an individual's personal credit, banking or other financial information; or (7) any other commercially sensitive information the disclosure of which to non-qualified persons subject to this Order the producing party reasonably and in good faith believes would likely cause harm and which the receiving party agrees in writing qualifies for such designation. Notwithstanding the foregoing, by agreeing to this Stipulation, unless otherwise agreed elsewhere, no party or third party waives the right to challenge any designating party's designation of any document as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 "In-House Counsel" means in-house counsel of a Party to this action and paralegals and other legal department employees working at the direction of such in-house counsel who have no involvement in competitive decision-making, and to whom disclosure is reasonably necessary

for this litigation.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7     "Outside Counsel of Record" means attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and who have appeared in this action or attorneys whose law firm has appeared in this action on behalf of that Party.

2.8     "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.9     "Professional Vendors" mean persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.10    "Protected Material" shall mean any document or thing that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.11    "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

2.12    "Retained Consultant" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

3.      <u>SCOPE</u>

The protections conferred by this ~~agreement~~ Protective Order cover not only ~~confidential material~~Protected Material (as defined above), but also (1) any information copied or extracted from ~~confidential material~~Protected Material; (2) all copies, excerpts, summaries, or compilations of ~~confidential material~~Protected Material; and (3) any testimony, conversations, or presentations by ~~parties~~Parties or their ~~counsel~~Counsel that ~~might~~ reveal ~~confidential material~~.

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 4

1    Protected Material.  However, the protections conferred by this ~~agreement~~Protective Order
2  do not cover any information that is in the public domain at the time of disclosure to a Receiving
3  Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of
4  publication not involving a violation of this Protective Order, including becoming part of the public
5  record through trial or otherwise.  Any use of Protected Material at trial shall be governed by a
6  separate agreement or order.
7  4.    ACCESS TO AND USE OF ~~CONFIDENTIAL~~PROTECTED MATERIAL
8        4.1    Basic Principles.
9            (a)    A receiving party may use ~~confidential material~~Protected Material that is
10  disclosed or produced by another party or by a non-party in connection with this case only for
11  prosecuting, defending, or attempting to settle this litigation. ~~Confidential material~~
12            (b)    Such Protected Material may be disclosed only to the categories of persons
13  and under the conditions described in this ~~agreement. Confidential material~~Protective Order.
14            ~~4.1~~(c)    Protected Material must be stored and maintained by a receiving party at a
15  location and in a secure manner that ensures that access is limited to the persons authorized under
16  this ~~agreement~~Protective Order.
17            (d)    Nothing in this Protective Order restricts a Producing Party's use of its own
18  Protected Material.
19        4.2    Disclosure of ~~"~~Materials Designated as "HIGHLY CONFIDENTIAL~~" Information~~
20  ~~or Items.~~ – ATTORNEYS' EYES ONLY."  Unless otherwise ordered by the court or permitted in
21  writing by the designating party, a receiving party may disclose any ~~confidential~~"HIGHLY
22  CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated material only to:
23            (a)    the ~~receiving party's counsel~~Receiving Party's Outside Counsel of
24  ~~record~~Record in this action, as well as employees of ~~counsel~~Outside Counsel of Record to whom
25  it is reasonably necessary to disclose the information for this litigation;
26            (b)    ~~the officers, directors, and employees (including~~Retained Consultants (as

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 5

1  defined in ~~house counsel~~this Protective Order) of the ~~receiving party~~Receiving Party: (1) to whom
2  disclosure is reasonably necessary for this litigation~~, unless~~; (2) who have signed the
3  "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) as to whom the ~~parties agree~~
4  ~~that~~ procedures set forth in paragraph 4.4(a ~~particular document or material produced is for~~
5  ~~Attorney's Eyes Only and is so designated~~), below, have been followed;
6          (c)   ~~experts~~the Court and ~~consultants~~its personnel;
7          (d)   court reporters and videographers, and their staff;
8          ~~(e)~~(e)   Professional Vendors to whom disclosure is reasonably necessary for this
9  litigation and who have signed the "~~Acknowledgment~~Acknowledgement and Agreement to ~~B~~be
10 Bound" (Exhibit A);
11         (d)   ~~the court, court personnel, and court reporters and their staff;~~
12         (e)   ~~copy or imaging services retained by counsel to assist in the duplication of~~
13 ~~confidential material, provided that counsel for the party retaining the copy or imaging service~~
14 ~~instructs the service not to disclose any confidential material to third parties and to immediately~~
15 ~~return all originals and copies of any confidential material;~~
16         (f)   during their depositions, witnesses in the action to whom disclosure is
17 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
18 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of
19 transcribed deposition testimony or exhibits to depositions that reveal confidential material must
20 be separately bound by the court reporter and may not be disclosed to anyone except as permitted
21 under this agreement;
22         (g)   the author or recipient of a document containing the ~~information~~Protected
23 Material or a custodian or other person who otherwise possessed or knew the information~~.~~;
24         (h)   a custodian or other person who otherwise possessed or knew the Protected
25 Material (e.g., those identified in Section 7 regarding depositions); and
26         (i)   any mediator who is assigned to this matter, and his or her staff, who have

signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

4.3  Disclosure of "CONFIDENTIAL" Protected Material. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Protected Material designated as "CONFIDENTIAL" only to:

(a) the individuals authorized to receive Protected Material in Section 4.2 above; and

(b) the officers, directors, and employees (including In-House counsel) of the Receiving Party to whom disclosure is reasonably necessary for the responsible managing of the litigation.

4.4  Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material to Retained Consultants.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to a Retained Consultant (as defined in this Protective Order) any Protected Material, must first make a written request to the Designating Party that (1) attaches a copy of the Retained Consultant's current resume and (2) identifies the Retained Consultant's current employer(s).

(b) A Party that makes a request and provides the disclosures specified in Paragraph 4.4(a) may disclose the categories of Protected Material identified in Paragraph 2.10 to the identified Retained Consultant unless, within seven (7) calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail all grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) calendar days of the written objection. If no agreement is reached, either Party may file a "Motion For Teleconference To Resolve Discovery Dispute" (within seven (7) calendar days of the meet and confer) and the Parties shall submit a joint submission in accordance with LCR 37(a)(2).

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER - 7

1    In any such proceeding, the Party opposing disclosure to the Retained Consultant bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Retained Consultant.

5        4.5    Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential or Highly Confidential – Attorneys' Eyes Only, provided that the contents of the information must not be disclosed.

9        4.34.6    Filing Confidential Material.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidentialConfidential or Highly Confidential – Attorneys' Eyes Only designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating partyDesignating Party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

23    5.    DESIGNATING PROTECTED MATERIAL

24        5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this agreementProtective Order must take care to limit any such designation to specific material that qualifies under the

appropriate standards. The ~~designating party~~Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     **Manner and Timing of Designations**. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains ~~confidential material.~~ Protected Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). For Protected Material that is produced in native electronic format, the designation must be included in the file name (with the original file name intact in metadata) and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy and on any slipsheet.

(b)     Testimony given in deposition or in other pretrial proceedings: ~~the parties~~

1  ~~and any participating non-parties must~~ the Designating Party shall either (1) identify on the record~~,~~
2  ~~during the deposition~~ or ~~other pretrial proceeding, all protected testimony, without prejudice to~~
3  ~~their right to so designate other testimony after reviewing the transcript. Any party or non-party~~
4  ~~may~~(2) identify, in writing, within ~~fifteen~~30 calendar days ~~after receiving the transcript~~ of the
5  deposition, that the transcript must be treated as "CONFIDENTIAL" or "HIGHLY
6  CONFIDENTIAL – ATTORNEYS' EYES ONLY."
7              ~~(b)~~     Parties shall give the other Parties notice if they reasonably expect a pretrial
8  proceeding (in court) to include Protected Material so that the other Parties can ensure that only
9  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"
10 (Exhibit A) are present at those proceedings if and when such Protected Material is discussed. The
11 use of Protected Material as an exhibit at a deposition or other pretrial ~~proceeding, designate~~
12 ~~portions of the transcript,~~proceedings will not in any way affect its designation as
13 "CONFIDENTIAL" or ~~exhibits thereto, as confidential. If a party or non-party desires to protect~~
14 ~~confidential information at trial, the issue should be addressed during the pre-trial~~
15 ~~conference.~~"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
16             (c)     Other tangible items: ~~the~~ The producing party must affix in a prominent
17 place on the exterior of the container or containers in which the information or item is stored the
18 word "CONFIDENTIAL~~."~~" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If
19 only a portion or portions of the information or item warrant protection, the producing party, to
20 the extent practicable, shall identify the protected portion(s~~)~~.) and specify the level of protection
21 being asserted.

22        5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to
23 designate ~~qualified information~~Protected Material or items does not, standing alone, waive the
24 designating party's right to secure protection under this ~~agreement~~Protective Order for such
25 material.  Upon timely ~~correction~~notice of a failure to designate or improper designation, the
26 ~~receiving party~~Receiving Party must make all reasonable efforts to ensure that the material is

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 10

[Formatted: Body Text First Indent]

treated in accordance with the provisions of this ~~agreement~~Protective Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1   Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2   Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

   6.3   Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL IN DEPOSITIONS

   Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is: (1) eligible to have access to the Protected Material

1  by virtue of his or her employment with the Producing Party, (2) identified in the Protected Material as an author, addressee, or copy recipient of such information, (3) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material, (4) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; or (5) otherwise eligible to have access to Protected Material by the terms of this Protective Order.  Protected Material shall not be disclosed to any other persons unless prior authorization is obtained from Outside Counsel representing the Producing Party or from the Court.

7.8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," " or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreementProtective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving partyReceiving Party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving partyReceiving Party must immediately (a) notify in writing the

1  ~~designating party~~Designating Party of the unauthorized disclosures, (b) use its best efforts to
2  retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom
3  unauthorized disclosures were made of all the terms of this agreement, and (d) request that such
4  person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached
5  hereto as Exhibit A.
6  ~~9.~~10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
7         MATERIAL
8         10.1    When a producing party gives notice to receiving parties that certain inadvertently
9  produced material is subject to a claim of privilege or other protection, the obligations of the
10 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision
11 is not intended to modify whatever procedure may be established in an e-discovery order or
12 agreement that provides for production without prior privilege review. ~~The parties agree to the~~
13 ~~entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.~~
14 ~~10.1    NON TERMINATION AND RETURN OF DOCUMENTS~~
15 ~~Within 60 days after the termination of this action, including all appeals, each receiving~~
16 ~~party must return all confidential material to the producing party, including all copies, extracts and~~
17 ~~summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.~~
18 ~~Notwithstanding this provision, counsel are entitled to retain one archival copy of all~~
19 ~~documents filed with the court, trial, deposition, and hearing transcripts, correspondence,~~
20 ~~deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work~~
21 ~~product, even if such materials contain confidential material.~~
22 ~~The confidentiality obligations imposed by this agreement shall remain in effect until a~~
23 ~~designating party agrees otherwise in writing or a court orders otherwise.~~
24
25
26

~~IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.~~

~~DATED: _____   _____~~
~~Attorneys for Plaintiff~~

~~DATED: _____   _____~~
~~Attorneys for Defendant~~

~~PURSUANT TO STIPULATION, IT IS SO ORDERED~~

10.2    ~~IT IS FURTHER ORDERED that pursuant~~Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

11.    NON TERMINATION AND RETURN OF DOCUMENTS

Within sixty (60) days after the termination of this action, including all appeals, each receiving party must return all Protected Material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, Counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

~~MODEL STIPULATED~~ PROTECTIVE ORDER
~~CASE NUMBER -~~ 14
(NO. 2:24-CV-01368-JNW)

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

DATED:_____

                                            _____
                                            [Name of Judge]
                                            Jamal N. Whitehead
                                            United States District Court Judge

PROTECTIVE ORDER
(NO. 2:24-CV-01368-JNW)

15

Jointly and respectfully presented by:

| | |
|---|---|
| **MARTINEZ & FARMER** | **CHRISTENSEN O'CONNOR JOHNSON KINDNESS, PLLC** |
| By: s/Tyler L. Farmer<br>Tyler L. Farmer, WSBA #39912<br>Ariel A. Martinez, WSBA #54869<br>4020 East Madison St., Suite 300<br>Seattle, WA 98112<br>Tel: (206) 208-2270<br>E-mail: tyler@mfseattle.com<br>E-mail: ariel@mfseattle.com | By: s/John Whitaker<br>John D. Denkenberger, WSBA No. 25,907<br>John Whitaker, WSBA No. 28,868<br>1201 Third Avenue, Suite 3600<br>Seattle, WA 98101-3029<br>Telephone: 206.682.8100<br>E-mail: john.denkenberger@cojk.com,<br>john.whitaker@cojk.com, litdoc@cojk.com |
| **JONES DAY** | **CARVER DARDEN KORETZKY TESSIER FINN BLOSSMAN & AREAUX** |
| s/William E. Devitt<br>William E. Devitt (admitted *pro hac vice*)<br>Anneli Kawaoka (admitted *pro hac vice*)<br>110 N. Wacker Drive, Suite 4800<br>Chicago, IL 60606<br>Tel: (312) 269-4240<br>E-mail: wdevitt@jonesday.com,<br>akawaoka@jonesday.com<br><br>Yury Kalish (admitted *pro hac vice*)<br>51 Louisiana Avenue<br>Washington, DC 20001-2113<br>Tel: (202) 879-3616<br>E-mail: ykalish@jonesday.com<br><br>Randall E. Kay (admitted *pro hac vice*)<br>4655 Executive Drive<br>San Diego, CA 92121-3134<br>Tel: (858) 314-1200<br>E-mail: rekay@jonesday.com | s/Emily Gummer<br>David Scotton (admitted *pro hac vice*)<br>Emily Gummer (admitted *pro hac vice*)<br>1100 Poydras Street, Suite 3100<br>New Orleans, LA 70163<br>Telephone: 504.585.3821<br>E-mail: scotton@carverdarden.com,<br>gummer@carverdarden.com<br><br>*Attorneys for Plaintiff International Mezzo Technologies, Inc.* |

~~MODEL STIPULATED PROTECTIVE ORDER CASE NUMBER – 16~~

PROTECTIVE ORDER
(NO. 2:24-CV-01368-JNW)

16

Laura Kanouse Vining (admitted *pro hac vice*)
1221 Peachtree Street, N.E.,
Atlanta, GA 30361
Tel: (858) 314-1200
E-mail: lkvining@jonesday.com

**KUNZLER BEAN & ADAMSON, PC**
Chad S. Pehrson (admitted *pro hac vice*)
Stephen R. Richards
50 W. Broadway, Suite 100
Salt Lake City, UT 84101
T: 801.994.4646
E-Mail: cpehrson@kba.law,
srichards@kba.law

*Attorneys for Airborne ECS LLC*

PROTECTIVE ORDER
(NO. 2:24-CV-01368-JNW)

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the ~~Stipulated~~ Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ ~~[insert formal name of the case and the number and initials assigned to it by the court]~~. *International Mezzo Technologies Inc v. Airborne ECS LLC*, No. 2:24-cv-01368-JNW. I agree to comply with and to be bound by all the terms of this ~~Stipulated~~ Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this ~~Stipulated~~ Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this ~~Stipulated~~ Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____
City and State where sworn and signed:_____
Printed name:_____
Signature: _____

~~MODEL STIPULATED~~ PROTECTIVE ORDER
~~CASE NUMBER - 18~~
(NO. 2:24-CV-01368-JNW)

18