THE HONORABLE JAMAL N. WHITEHEAD

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10  INTERNATIONAL MEZZO
TECHNOLOGIES, INC.,

No. 2:24-cv-01368-JNW

11          Plaintiff,

**AIRBORNE ECS, LLC'S MOTION
FOR JUDGMENT ON THE
PLEADINGS**

12      v.

13  AIRBORNE ECS, LLC,

NOTE ON MOTION CALENDAR:
July 1, 2025

14          Defendant.

15

16

17

18

19

20

21

22

23

24

25

26  AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

1

2

**TABLE OF CONTENTS**

3
**Page**

4   I.      INTRODUCTION ..................................................................................................... 1

    II.     PROCEDURAL HISTORY ...................................................................................... 1
5
    III.    LEGAL STANDARD ............................................................................................... 3
6
    IV.     ARGUMENT ............................................................................................................ 4
7
            A.      Count II: Mezzo Fails To State A Claim For Breach Of Duty Of Candor
8                           To The USPTO .................................................................................................... 4

9           B.      Count III: Mezzo Fails To State A Claim That The '670 Patent Does Not
                            Name The Correct Inventors .............................................................................. 5
10
            C.      Count IV: Mezzo Lacks Standing To Bring A Claim For Correction of
                            Inventorship ........................................................................................................ 6
11
            D.      Counts V–VI: Mezzo Fails To State A Claim For Violations Of The
12                          Federal Defend Trade Secrets Act And The Louisiana Uniform Trade
                            Secrets Act .......................................................................................................... 7
13
            E.      Count VII: Mezzo Fails To State A Claim For Breach Of Contract ..................... 8
14
            F.      Count VIII: Mezzo Fails To State A Claim For Conversion ............................... 10
15
            G.      Count IX: Mezzo Fails To State A Claim For A Violation Of LUTPA ............. 11

16  V.      CONCLUSION ....................................................................................................... 12

    VI.     CERTIFICATION OF CONFERRAL ..................................................................... 12
17

18

19

20

21

22

23

24

25

26   AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
     PLEADINGS - i
     (CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................................3, 5, 8, 9

*Baden Sports, Inc. v. Wilson Sporting Goods Co.*,
    No. C11-0603, 2011 WL 3158607 (W.D. Wash. July 26, 2011) ................................7

*Bailey-Medwell v. Hartford Life & Accident Ins. Co.*,
    No. C17-1697, 2018 WL 5264335 (W.D. Wash. Oct. 23, 2018) .................................8

*Belcher Pharms., LLC v. Hospira, Inc.*,
    No. 17-775-LPS, 2019 WL 2503159 (D. Del. June 5, 2019) ......................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................................3, 8

*Block Mining, Inc. v. Hosting Source, LLC*,
    No. C24-0319, 2024 WL 3012948 (W.D. Wash. June 14, 2024)................................9

*Bungie, Inc. v. Aimjunkies.com*,
    No. C21-0811, 2022 WL 16853626 (W.D. Wash. Nov. 10, 2022) .............................9

*Burton v. City of Spokane*,
    482 P.3d 968 (Wash. Ct. App. 2021).........................................................................10

*Castillo v. Costco Wholesale Corp.*,
    No. 2:23-cv-01548, 2024 WL 4785136 (W.D. Wash. Nov. 14, 2024).................10, 11

*Cenac v. Orkin, LLC*,
    941 F.3d 182 (5th Cir. 2019) .....................................................................................11

*Chavez v. United States*,
    683 F.3d 1102 (9th Cir. 2012) .....................................................................................3

*Cheramie Servs., Inc. v. Shell Deepwater Prod.*,
    35 So.3d 1053 (La. 2010) ...........................................................................................11

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

1
2
*Chou v. Univ. of Chicago*,
254 F.3d 1347 (Fed. Cir. 2001)..................................................................................6

3
*Corner Computing Solutions v. Google LLC*,
4
No. 2:23-cv-00939, 2024 WL 841462 (W.D. Wash. Feb. 28, 2024) ....................8, 9

5
*Delaware Valley Fish Co. v. 3South LLC*,
601 F. Supp. 3d 7 (M.D. La. 2022).............................................................................12
6
*Doel v. Prehar*,
7
2019 WL 2443396 (Ct. App. Wash. 2019)................................................................10

8
*E&E Co. v. London Luxury LLC*,
9
571 F. Supp. 3d 64 (S.D.N.Y. Nov. 17, 2021).............................................................5

10
*Exergen Corp. v. Wal-Mart Stores, Inc.*,
11
575 F.3d 1312 (Fed. Cir. 2009)....................................................................................4

12
*IDX Sys. Corp. v. Epic Sys. Corp.*,
285 F.3d 581 (7th Cir. 2002) ......................................................................................7
13

14
*Imax Corp. v. Cinema Techs., Inc.*,
152 F.3d 1161 (9th Cir. 1998) ....................................................................................7
15

16
*In re Marriage of Langham & Kolde*,
106 P.3d 212 (Wash. 2005)........................................................................................10
17

18
*InteliClear, LLC v. ETC Global Holdings, Inc.*,
978 F.3d 653 (9th Cir. 2020) ......................................................................................7

19
*Inteum Co. v. National University of Singapore*,
20
No. C17-1252, 2017 WL 6611961 (W.D. Wash. Dec. 27, 2017)...............................9

21
*Johnston v. Vincent*,
359 So.3d 896 (La. 2023) .............................................................................................7
22

23
*RealD Spark LLC v. Microsoft Corp.*,
No. 2:22-cv-00942-TL, 2023 WL 3304250 (W.D. Wash. May 8, 2023).............3, 8
24

25
*Shukh v. Seagate Tech., LLC*,
803 F.3d 659 (Fed. Cir. 2015)......................................................................................6

26
AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS - iii
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

*Space Data Corp. v. X*,
    No. 16-cv-03260-BLF, 2017 WL 5013363 (N.D. Cal. Feb. 16, 2017) ....................................8

*SRP Env't, LLC v. Claremont Prop. Co.*,
    No. 23-1475, 2025 WL 562723 (W.D. La. Feb. 20, 2025)......................................................11

*Ultimate Timing, L.L.C. v. Simms*,
    715 F. Supp. 2d 1195 (W.D. Wash. 2010).............................................................................11

*Vyas v. Wallach*,
    No. C06-1193RSM, 2006 WL 8454883 (W.D. Wash. Nov. 30, 2006)..................................10

STATUTES

18 U.S.C. § 1839....................................................................................................................8

28 U.S.C. § 1404....................................................................................................................2

35 U.S.C. § 100......................................................................................................................6

35 U.S.C. § 256......................................................................................................................6

La. Stat. Ann. § 51:1431.........................................................................................................8

Wash. Rev. Code Ann. § 19.108.900....................................................................................11

OTHER AUTHORITIES

37 C.F.R. § 1.56.....................................................................................................................4

8B Charles Alan Wright, et al., Federal Practice and Procedure § 2180
    (3d ed. 2025) ......................................................................................................................8

Manual of Patent Examining Procedures § 2001.01 (8th ed., rev. May 2, 2004)............................4

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - iv
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

### I.    INTRODUCTION

The Court should dismiss Counts II–IX of Plaintiff International Mezzo Technologies, Inc.'s ("Mezzo") Complaint under Federal Rule of Civil Procedure 12(c) because those Counts lack adequate factual allegations to plausibly suggest that Plaintiff is entitled to relief.[1]

Mezzo's Complaint asserts nine causes of action against Intergalactic Spaceworx, LLC ("Intergalactic"), formerly known as Airborne ECS, LLC, largely premised on allegations that Intergalactic's assertion of a patent "conflicts with Mezzo's prior claim of inventorship" and supposed Mezzo trade secrets. Compl., at 1. But to withstand a motion for judgment on the pleadings, Mezzo must provide sufficient factual matter that, accepting it as true, states a plausible claim for relief—i.e., enough facts for the Court to reasonably conclude Intergalactic is responsible for the alleged wrongdoing. Counts II–IX of the Complaint fall far short of this standard. Instead, they assert only threadbare, conclusory statements that lack sufficient factual underpinnings to state a claim, let alone put the Court or Intergalactic on notice about the specifics of the claim. The Court should dismiss Counts II–IX.

### II.    PROCEDURAL HISTORY

As alleged in the Complaint, Mezzo and Intergalactic each develop technology that regulates the temperature of electronic equipment. *See* Compl., ¶ 12. Before the present dispute arose, Intergalactic had preliminary discussions about engaging Mezzo to manufacture heat exchangers, which prevent electronic equipment from overheating. *Id.* at ¶¶ 13–20. But after discussions broke down, Intergalactic invested considerable resources to develop its own product: laser-welded microtube heat exchangers. *Id.* at ¶ 21. In 2022, the United States Patent and Trademark Office ("USPTO") granted Intergalactic a patent to its innovative new technology. *See*

---

[1] A Rule 12(c) motion must be filed "[a]fter the pleadings are closed—but early enough not to delay trial." The Court's scheduling order states that "[a]ll dispositive motions must be filed by" March 9, 2026. *See* Dkt. 42, at 3. Intergalactic files this motion well before that deadline, and early enough to avoid any potential risk to the trial date of June 22, 2026. Indeed, this motion appropriately narrows the case for trial.

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 1
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

U.S. Patent No. 11,519,670 ("the '670 patent"). However, a year later, Mezzo began marketing materially identical heat exchangers. Compl., ¶ 27. Intergalactic sent a letter to Mezzo, advising Mezzo of the '670 patent and the potential risks of infringement relating to the patented technology. *Id.*

Mezzo responded by filing a civil action in the United States District Court for the Middle District of Louisiana. It sought a declaratory judgment that the '670 patent is invalid, unenforceable, or subject to correction of inventorship; asserted claims for misappropriation of trade secrets under both the federal Defend Trade Secrets Act and the Louisiana Uniform Trade Secrets Act; and included causes of action for breach of contract, conversion, and violations of the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"). Mezzo's Complaint rested on general allegations that Intergalactic personnel had obtained Mezzo's proprietary information during the parties' discussions and then used that information to design the patented product. Compl., ¶¶ 13, 17–19, 46–48, 65–66.

Intergalactic moved to transfer the case from the Middle District of Louisiana to the Western District of Washington on grounds that a non-disclosure agreement between the parties mandated a different forum and Intergalactic lacked sufficient contacts with Louisiana to justify personal jurisdiction there. The Middle District of Louisiana granted transfer, finding the forum-selection clause mandatory and enforceable and that transfer would serve "the convenience of the parties and witnesses" and the "interest of justice." *See* Ruling and Order, Dkt. 21 (quoting 28 U.S.C. § 1404(a)).

In September 2024, now before this Court, Intergalactic filed an answer that categorically denied Mezzo's substantive allegations and raised several affirmative defenses, including failure to state a claim. The pleadings are now closed. On May 8, 2025, Intergalactic sent Mezzo a detailed letter that pointed out the deficiencies in Counts II–IX of the Complaint and requested that Mezzo dismiss these counts; otherwise, Intergalactic would pursue a Rule 12(c) motion for judgment on the pleadings.

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 2
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

1   On May 22, 2025, counsel for Intergalactic and counsel for Mezzo met and conferred

2   regarding the deficiencies in the Complaint and Intergalactic's intent to file this motion.  Counsel

3   for Mezzo stated that Mezzo will not pursue Count VIII (on conversion), but that, for the remaining

4   Counts, it believes the Complaint has met the pleading standards.[2]

5   Intergalactic hereby brings this Rule 12(c) motion to dismiss Counts II-IX, all of which are

6   inadequately pled.

### III.    LEGAL STANDARD

8   A motion for judgment on the pleadings under Rule 12(c) receives the same scrutiny as a

9   motion to dismiss under Rule 12(b)(6).  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir.

10  2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

11  accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

12  U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim

13  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

14  reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

15  678.  However, mere conclusory statements or legal conclusions couched as factual allegations do

16  not suffice.  *Chavez*, 683 F.3d at 1108.

---

[2] Meanwhile, the case has entered discovery, with the parties currently exchanging interrogatories. With respect to Mezzo's trade secrets claims (Counts V and VI), Intergalactic served interrogatories requesting that Mezzo identify the trade secrets it alleges Intergalactic misappropriated, by stating the precise information constituting each trade secret with reasonable particularity.  *See RealD Spark LLC v. Microsoft Corp.*, No. 2:22-cv-00942-TL, 2023 WL 3304250, at *2–8 (W.D. Wash. May 8, 2023) (noting plaintiff's obligation to identify trade secrets early in case and granting early-stage motion to compel identification of trade secrets with particularity).  Intergalactic also asked Mezzo to explain how each alleged trade secret differs from generally known information in the industry, to identify the known information regarding Intergalactic's alleged misappropriation of each trade secret, and to state the economic value of each trade secret.  Mezzo responded on April 11, but as Intergalactic explained in a May 2 letter to Mezzo, its interrogatory responses on its trade secrets claims are deficient because they do not identify its alleged trade secrets with specificity.  On May 19, Mezzo pledged to supplement its interrogatories—but stated that it could not do so for another month (June 13)—even though it filed its Complaint alleging trade secret misappropriation in November 2023, over a year ago.

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 3
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

1    Claims sounding in fraud, including allegations of inequitable conduct, must also satisfy

2  Rule 9(b)'s heightened pleading requirements. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d

3  1312, 1327 (Fed. Cir. 2009).   Rule 9(b) requires that a party state with particularity the

4  circumstances constituting fraud, including identifying the "who, what, when, where, and how" of

5  the alleged misconduct. *Id.*  The Rule further demands that the complaint allege facts supporting

6  a "reasonable inference of scienter," meaning both knowledge of the alleged misconduct and

7  specific intent to deceive. *Id.* at 1330.

8                        **IV.        ARGUMENT**

9  **A.     Count II: Mezzo Fails To State A Claim For Breach Of Duty Of Candor To The**
10  **USPTO**

11    In Count II, Mezzo requests that the Court find the '670 patent "unenforceable for

12  inequitable conduct" based on Intergalactic's "[breach] of duty of candor to the USPTO under 37

13  C.F.R. § 1.56[.]"  Compl., ¶ 34.  But this claim does not satisfy Rule 9(b)'s heightened pleading

14  requirements for allegations of "inequitable conduct." *Exergen*, 575 F.3d at 1327.  Paragraph 34

15  in the Complaint—the primary supporting paragraph for this Count—illustrates the point.  It

16  merely recites basic legal elements of an inequitable conduct claim, stating that "several

17  entities . . . knowingly withheld material information from the USPTO with the intent to deceive."

18  Compl., ¶ 34.

19    That bare legal conclusion does not allege "the specific who, what, when, where, and how

20  of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at

21  1327.  For one, the Complaint fails to identify "what" specific information Intergalactic withheld

22  or misrepresented. *Id.*  It provides no description of the alleged misrepresentation or omission, nor

23  any explanation of why the information was material to patentability.  For another, the Complaint

24  fails to explain "where" in the prosecution record a supposed misrepresentation can be found. *Id.*

25  As yet another defect, the Complaint alleges misconduct by "Airborne," but the duty of candor

26  "applies only to individuals, not to organizations." *Exergen*, 575 F.3d at 1327 (quoting Manual of

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 4
(CASE NO. 2:24-CV-01368-JNW)

Patent Examining Procedures § 2001.01 (8th ed., rev. May 2, 2004)).  And, finally, the Complaint fails to plead allegations supporting that any individual involved in the prosecution of the '670 patent knowingly made a material misrepresentation with the specific intent to deceive the USPTO.  At most, the Complaint alleges that two individuals told the USPTO they were the "original inventor" of the "claimed invention," when they purportedly were not.  Compl., ¶ 24. But such a generic allegation provides none of the particularized details required by Rule 9(b) and from which the Court could "draw a reasonable inference that [Intergalactic] is liable for" intending to deceive the USPTO.  *Iqbal*, 556 U.S. at 678; *see also Exergen*, 575 F.3d at 1327.

**B.    Count III: Mezzo Fails To State A Claim That The '670 Patent Does Not Name The Correct Inventors**

For similar reasons, Count III's claim of failure to name the correct inventors of the '670 Patent fails as a matter of law.  *See* Compl., ¶¶ 37–40.  As an initial matter, it is unclear whether Count III is seeking a declaration of only invalidity of the '670 patent based on improper inventorship or also (or instead) seeking a declaration of unenforceability.  *See id.* at ¶ 38 (requesting a declaration that the '670 patent "is invalid and/or unenforceable").  If Mezzo intends to seek a declaration of unenforceability, that is a separate claim from a claim of invalidity.  *See, e.g.*, *E&E Co. v. London Luxury LLC*, 571 F. Supp. 3d 64, 70 (S.D.N.Y. Nov. 17, 2021) (noting that a request for "declaratory judgment of statutory invalidity based upon improper inventorship" is distinct from a request for "declaratory judgment of unenforceability due to the inequitable conduct of omitting names of inventors," and that pleading the two together to seek a declaratory judgment of "[i]nvalidity and/or [u]nenforceability" is "confusing[]").

Moreover, a claim for unenforceability based on improper inventorship sounds in inequitable conduct, *see id.*, and such a claim must be pled with particularity under Rule 9(b). *Belcher Pharms., LLC v. Hospira, Inc.*, No. 17-775-LPS, 2019 WL 2503159, at *1 (D. Del. June 5, 2019) (Stark, J.); *see also Exergen*, 575 F.3d at 1327.  For the reasons stated in Section III.A, Mezzo has not pled an inequitable conduct claim that meets the heightened requirements of Rule

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 5
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

9(b); and Count III fails as a matter of law.

**C.  Count IV: Mezzo Lacks Standing To Bring A Claim For Correction of Inventorship**

In Count IV, Mezzo alleges that "[t]he recorded inventorship of the '670 patent is incorrect" and that the Director of the USPTO should be ordered "to issue a certificate" correcting inventorship.  Compl., ¶ 42; *see also* 35 U.S.C. § 256 ("Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent, the Director may," on certain conditions, "issue a certificate correcting such error.").  But in order to bring a correction of inventorship claim under § 256, a plaintiff must satisfy constitutional standing requirements.  *Chou v. Univ. of Chicago*, 254 F.3d 1347, 1357 (Fed. Cir. 2001).  Specifically, the plaintiff must allege that it "suffered an injury-in-fact, that the injury is traceable to the conduct complained of, and that the injury is redressable by a favorable decision."  *Id.*  In the context of a claim for correction of inventorship, a plaintiff can establish standing by alleging at least one of the following: an expected ownership right in the patent, a concrete financial stake in the patent, or a "concrete and particularized reputational injury" resulting from not being named as an inventor.  *Shukh v. Seagate Tech., LLC*, 803 F.3d 659, 663 (Fed. Cir. 2015).

Mezzo's Complaint does not identify a cognizable interest in the '670 patent because it fails to name any individual as the alleged inventor.  Instead, Mezzo has pled that it "was the true inventor" of the patented product.  Compl., ¶ 23.  But as a corporate entity, Mezzo cannot qualify as an inventor for purposes of U.S. patent law.  *See* 35 U.S.C. § 100(f).  Only an "individual" or "individuals" can.  *Id.*  The Complaint does not identify an employee or other individual as the inventor.  Because Mezzo does not allege an individual inventor, it cannot establish ownership or a concrete financial interest in the patent, let alone a reputational injury unique to an inventor.  *See Shukh*, 803 F.3d at 663.  Mezzo thus lacks standing to bring a claim to seek USPTO correction of inventorship.

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 6
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

**D.**    **Counts V–VI: Mezzo Fails To State A Claim For Violations Of The Federal Defend Trade Secrets Act And The Louisiana Uniform Trade Secrets Act**

In Counts V and VI, Mezzo raises claims of trade secret misappropriation under the federal Defend Trade Secrets Act and the Louisiana Uniform Trade Secrets Act. *See* Compl., ¶¶ 43–63. But to state a claim under federal or state law for trade secret misappropriation, a plaintiff must establish the existence of a "legally protectable trade secret." *Johnston v. Vincent*, 359 So.3d 896 (La. 2023) (explaining that a "threshold issue to any trade secrets violation is that a trade secret exists"); *accord InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020) (same under federal law). This requires the plaintiff to "describe the . . . trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164 (9th Cir. 1998). A "vague description" of the product or information at issue does not suffice. *Baden Sports, Inc. v. Wilson Sporting Goods Co.*, No. C11-0603, 2011 WL 3158607, at *2 (W.D. Wash. July 26, 2011).

Mezzo fails to identify its alleged trade secrets with sufficient particularity. Operating at the highest level of generality, it describes its trade secrets merely as "proprietary information, data, and methods of manufacture relating to the design and manufacture of microtube heat exchangers." Compl., ¶¶ 44, 55. This verbiage captures almost all of Mezzo's business information, making it "both too vague and too inclusive" to constitute a plausible trade secret. *InteliClear*, 978 F.3d at 659–60 (quoting *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583–84 (7th Cir. 2002)). Moreover, the identification fails to articulate how this information differs from public information, such as Mezzo's method for manufacturing a microtube heat exchanger described and claimed in U.S. Patent No. 8,177,932 that it applied for and owns (Compl., ¶ 11). *See Imax*, 152 F.3d at 1164. A trade secret claim cannot proceed when the plaintiff has not identified *any* information that actually constitutes a trade secret.

Mezzo's allegations are deficient in at least two other respects. For one, information

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 7
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

1  qualifies as a trade secret only if it possesses "independent economic value" that arises from not

2  being "generally known or readily ascertainable by proper means by other persons who can obtain

3  economic value from its disclosure or use."  La. Stat. Ann. § 51:1431(4); *accord* 18 U.S.C.

4  § 1839(3).  Mezzo's allegations related to economic value, however, simply parrot the statute.

5  Compl., ¶¶ 47, 58.  "Threadbare recitals of the elements of a cause of action" do not pass muster

6  under *Iqbal* or *Twombly*.  550 U.S. at 555; 556 U.S. at 678.

7       For another, a plaintiff must allege that the defendant actually used the alleged trade secret.

8  *See, e.g.*, *Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. Feb.

9  16, 2017) (dismissing claim because of plaintiff's failure to allege facts providing a reasonable

10  basis for the Court to infer that defendant improperly used plaintiff's trade secrets).  But, again,

11  Mezzo's allegations, Compl., ¶¶ 48, 59, are nothing more than bare, conclusory assertions that

12  provide no basis to infer that Intergalactic used Mezzo's trade secrets.[3]

13  **E.    Count VII: Mezzo Fails To State A Claim For Breach Of Contract**

14       Mezzo's Count VII likewise does not adequately plead a breach of contract claim under

15  Washington law, which requires allegations of: "(i) the existence of a valid contract, (ii) breach of

16  that contract, and (iii) resulting damages."  *Bailey-Medwell v. Hartford Life & Accident Ins. Co.*,

17  No. C17-1697, 2018 WL 5264335, at *3 (W.D. Wash. Oct. 23, 2018).  Mezzo's Complaint fails

18  at each element.  *See* Compl., ¶¶ 64–68 (asserting breach of a mutual non-disclosure agreement).

19       *First*, Washington law requires a plaintiff to include in the complaint "the contract itself or

20  the terms that were allegedly breached."  *Corner Computing Solutions v. Google LLC*, No. 2:23-

21

---

22  [3] Mezzo's inability to identify its trade secrets even in response to specific interrogatories from Intergalactic, as discussed above at pp. 3–4, reinforces that it does not state a claim for trade secret misappropriation.  *See RealD Spark*, 2023 WL 3304250, at *7 ("A true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery." (citation omitted)).  Even a year and a half after filing its Complaint, Mezzo still cannot identify its alleged trade secrets with any specificity and requires another month to purport to do so.  In any event, responses to interrogatories cannot excuse deficiencies in a complaint.  After all, "[t]he answers to interrogatories are not part of the pleadings and they are not considered evidence unless introduced as such at the trial."  8B Charles Alan Wright, et al., Federal Practice and Procedure § 2180 (3d ed. 2025).

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 8
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

1   cv-00939, 2024 WL 841462, at *3 (W.D. Wash. Feb. 28, 2024).  Mezzo neither attached the non-

2   disclosure agreement to the Complaint nor identified the term(s) allegedly breached.  At best,

3   Mezzo quoted a partial excerpt of the non-disclosure agreement in the background section of its

4   Complaint.  Compl., ¶ 17.  But it never alleged that Intergalactic breached this specific provision.

5   *See id.* at ¶ 66.  In fact, the Complaint never clarifies whether the agreement discussed in Paragraph

6   17 is the same one identified in Count VII.  *Id.* at ¶¶ 17, 65.  This is insufficient under Washington

7   law to state a plausible claim for breach of contract.  *See, e.g.*, *Block Mining, Inc. v. Hosting Source,*

8   *LLC*, No. C24-0319, 2024 WL 3012948, at *10 (W.D. Wash. June 14, 2024) (explaining that

9   plaintiffs do not state a claim when they "make[] passing references to . . . [an] [a]greement" but

10  "fail[] to explain which provisions were breached, and how").

11          *Second*, the plaintiff must allege facts supporting breach of the contract—another element

12  wholly absent from Mezzo's Complaint.  Like Mezzo's other counts, Count VII simply recites an

13  element of a breach of contract claim—that Intergalactic "has used and disclosed, and is continuing

14  to use and disclose, Mezzo's confidential information in breach of th[e] non-disclosure

15  agreement."  Compl., ¶ 66.  This paragraph fails to allege any facts supporting *how* Intergalactic

16  allegedly breached the agreement.   Absent any allegations describing what specific conduct

17  constituted a breach, the Court cannot plausibly infer a violation of the agreement, and therefore

18  the Count fails to state a claim.  *Iqbal*, 556 U.S. at 678 (2009); *see also Inteum Co. v. National*

19  *University of Singapore*, No. C17-1252, 2017 WL 6611961, at *3 (W.D. Wash. Dec. 27, 2017).

20          *Third*, Mezzo's allegations of "damages" also restate an element of a breach of contract

21  claim without providing any supporting facts. Mezzo asserts that Intergalactic's purported breach

22  of the non-disclosure agreement "has proximately resulted in damages to Mezzo in an amount to

23  be proven at trial."  Compl., ¶ 67.  This conclusory allegation is insufficient.  *See Bungie, Inc. v.*

24  *Aimjunkies.com*, No. C21-0811, 2022 WL 16853626, at *4 (W.D. Wash. Nov. 10, 2022)

25  (explaining that "conclusory allegation[s]" that the plaintiff "has suffered unspecified injury and

26  damage is insufficient" to state a claim).

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 9
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

**F.      Count VIII: Mezzo Fails To State A Claim For Conversion[4]**

Mezzo's Count VIII does not adequately state a conversion claim under Washington law, which requires plausible allegations of "willful interference with chattel belonging to the plaintiff . . . by either taking or unlawful retention . . . thereby depriving the owner of possession." *Burton v. City of Spokane*, 482 P.3d 968, 773 (Wash. Ct. App. 2021).  The Complaint omits facts that could support any of these elements.  *See* Compl., ¶¶ 69–73.

Mezzo has not alleged sufficient facts to support that its "confidential and proprietary information" constitutes chattel.  Washington defines chattel as "[m]oveable or transferable property" and chattel personal as "a tangible good or an intangible right (such as a patent)." *In re Marriage of Langham & Kolde*, 106 P.3d 212, 218 (Wash. 2005) (citation omitted).  Business information is not a tangible good.  And Mezzo does not allege that it is an intangible right. Compl., ¶¶ 69–73.  Where plaintiffs fail to allege that intangible property is chattel subject to conversion, Washington courts have dismissed conversion claims as inadequately pled.  *See Castillo v. Costco Wholesale Corp.*, No. 2:23-cv-01548, 2024 WL 4785136, at *15 (W.D. Wash. Nov. 14, 2024); *Vyas v. Wallach*, No. C06-1193RSM, 2006 WL 8454883, at *3 (W.D. Wash. Nov. 30, 2006).  This Court should do the same.

Mezzo's Complaint also fails to allege that Intergalactic wrongfully took or unlawfully retained possession of Mezzo's confidential and proprietary information.  In fact, based on the allegations, Intergalactic *lawfully* obtained the information pursuant to the parties' non-disclosure agreement.  *See, e.g.*, Compl., ¶ 19.  Since no unlawful taking occurred, Mezzo must allege that Intergalactic refused Mezzo's demands to surrender possession of Mezzo's chattel.  *See Doel v. Prehar*, 2019 WL 2443396, at *4 (Ct. App. Wash. 2019).  Mezzo's Complaint makes no such allegations.

---

[4] As noted above at p. 3, in the parties' meet and confer on this motion, Mezzo stated that it will not be pursuing Count VIII.  Intergalactic includes this argument for completeness since Mezzo has not yet formally dismissed Count VIII.

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 10
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

1        Mezzo likewise does not allege that Intergalactic "deprived" it of its confidential and

2 proprietary information—another element of a conversion claim. *See Castillo*, 2024 WL 4785136,

3 at *15. As a practical matter, it is hard to see how one could be deprived of intangible property

4 such as business information. Mezzo does not attempt to make the implausible seem plausible.

5        Even putting these deficiencies aside, the Washington Uniform Trade Secrets Act preempts

6 Mezzo's claim. That Act "displaces" conflicting state law pertaining to trade secret

7 misappropriation. Wash. Rev. Code Ann. § 19.108.900; *see also Ultimate Timing, L.L.C. v.*

8 *Simms*, 715 F. Supp. 2d 1195, 1208 (W.D. Wash. 2010). To the extent Mezzo alleges that

9 Intergalactic's acts related to purported trade secret misappropriation also support a conversion

10 claim, the Washington Uniform Trade Secrets Act displaces that claim.

11 **G.     Count IX: Mezzo Fails To State A Claim For A Violation Of LUTPA**

12        The Court should also dismiss Mezzo's LUTPA claim because it does not allege

13 "unlawful" activity, let alone "conduct that was sufficiently egregious to impose liability." *SRP*

14 *Env't, LLC v. Claremont Prop. Co.*, No. 23-1475, 2025 WL 562723, at *9 (W.D. La. Feb. 20,

15 2025). To adequately plead a LUTPA violation, Mezzo must allege conduct that "offends

16 established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially

17 injurious." *Cheramie Servs., Inc. v. Shell Deepwater Prod.*, 35 So.3d 1053, 1059 (La. 2010).

18 "[T]he range of prohibited practices under LUTPA is extremely narrow," requiring "elements of

19 fraud, misrepresentation, [or] deception," *id.* at 1059–60, as opposed to "mere negligence," *SRP*

20 *Env't*, 2025 WL 562723, at *9; *see also Cenac v. Orkin, LLC*, 941 F.3d 182, 194 (5th Cir. 2019)

21 (explaining that "[t]here is a great deal of daylight between a breach of contract claim and the

22 egregious behavior the statute proscribes").

23        Mezzo's Complaint fails to allege any conduct that meets LUTPA's stringent standard for

24 liability. *See* Compl., ¶¶ 74–76. Mezzo alleges only that Intergalactic "harmed [Mezzo's]

25 marketing efforts" when it "threaten[ed] Mezzo with patent infringement knowing that the '670

26 patent is invalid." Compl., ¶ 75. But patents are presumed valid. And asserting a presumptively

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 11
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

valid patent in good faith does not violate the law.  In fact, Mezzo implicitly concedes that the '670 patent is currently valid and in force; otherwise, Mezzo would not need to seek a declaration of invalidity.  Compl., ¶¶ 29-32.  Mezzo's allegations thus fail on their own terms.

Even if Mezzo could overcome this contradiction and argue that it alleged Intergalactic "knew" the '670 patent is invalid, that would amount to an allegation of inequitable conduct and trigger the heightened pleading standards of Rule 9(b).  *See Delaware Valley Fish Co. v. 3South LLC*, 601 F. Supp. 3d 7, 19 (M.D. La. 2022) (explaining that when a LUTPA claim relies on allegations of fraudulent misrepresentation, the claim must meet Rule 9(b)'s pleading standards).  Yet, Count IX of the Complaint does not come close to providing the particularized allegations required to sustain such a claim.  Whatever Mezzo's theory might be for a LUTPA claim, it has failed to allege facts sufficient to state a plausible claim.

## V.     CONCLUSION

For the foregoing reasons, this Court should dismiss Counts II-IX of Plaintiff International Mezzo Technologies, Inc.'s Complaint under Rule 12(c).

## VI.     CERTIFICATION OF CONFERRAL

Pursuant to Judge Whitehead's chamber procedures, the undersigned certifies that the parties have complied with the meet and confer requirements in Section 5.6.

DATED this 3rd day of June, 2025.

RESPECTFULLY SUBMITTED,

MARTINEZ & FARMER LLP

By: */s/ Tyler L. Farmer*
    Tyler L. Farmer, WSBA #39912
    Ariel A. Martinez, WSBA #54869
    4020 East Madison, St., Suite 300
    Seattle, WA 98112
    T: 206.208.2270
    tyler@mfseattle.com
    ariel@mfseattle.com

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 12
(CASE NO. 2:24-CV-01368-JNW)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

William E. Devitt*
Anneli Kawaoka*
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Phone: (312) 269-4240
wdevitt@jonesday.com
akawaoka@jonesday.com

Laura Kanouse Vining*
JONES DAY
1221 Peachtree Street N.E., Suite 400
Atlanta, GA 30361
Phone: (404) 581-8352
lkvining@jonesday.com

Yury Kalish*
Jennifer L. Swize*
Nathaniel C. Sutton*
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
Phone: (202) 879-3939
jswize@jonesday.com
nsutton@jonesday.com

Randall E. Kay*
JONES DAY
4655 Executive Drive
San Diego, CA 92121-3134
Tel: (858) 314-1200
rekay@jonesday.com

*Admitted *pro hac vice*

I certify that this motion contains 4,248 words, in compliance with the local rules.

AIRBORNE ECS, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 13
(CASE NO. 2:24-CV-01368-JNW)