Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| INTERNATIONAL MEZZO TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIRBORNE ECS LLC, <br><br> Defendants. | No. 2:24-cv-01368-JNW <br><br> **PLAINTIFF INTERNATIONAL MEZZO TECHNOLOGIES, INC.'S OPPOSITION TO AIRBORNE ECS LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> **NOTE ON MOTION CALENDAR: July 1, 2025** |

PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS
(2:24-cv-01368-JNW) - i

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ......................................................................................................... 2

    A.   Mezzo Adequately Pleaded its Inequitable Conduct (Count II) Claim .. 2

    B.   Mezzo Adequately Pleaded its Invalidity for Failure to Name the Correct Inventor (Count III) Claim ................................................................... 5

    C.   Mezzo Adequately Pleaded its Claim for Correction of Inventorship (Count IV) ............................................................................................ 6

    D.   Mezzo Adequately Pleaded its Trade Secret Misappropriation (Counts V-VI) Claim ......................................................................................... 7

    E.   Mezzo Adequately Pleaded its Breach of Contract Claim (Count VII) . 9

    F.   Mezzo's Conversion Claim (Count VIII) is No Longer at Issue .......... 11

    G.   Mezzo Adequately Pleaded its Unfair Trade Practices Claim (Count IX) ................................................................................................................ 11

III. CONCLUSION .................................................................................................. 11

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - ii

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# TABLE OF AUTHORITIES

**Cases**

*Accretive Tech. Group, Inc. v. Adobe Sys., Inc.*, No. C15-309RSM,
 2015 WL 4920079 (W.D. Wash. Aug. 17, 2015) ............................................................... 11

*Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868 (N.D. Cal. 2018) ............................ 8

*Arthur J. Gallagher & Co. v. O'Neill*, No. CV 17-2825,
 2017 WL 2574006 (E.D. La. June 14, 2017) .................................................................... 8

*Belcher Pharms., LLC v. Hospira, Inc.*, No. 17-775-LPS,
 2019 WL 2503159 (D. Del. June 5, 2019) ........................................................................ 6

*BP W. Coast Products, LLC v. Shalabi*, No. C11-1341MJP,
 2012 WL 441155 (W.D. Wash. Feb.10, 2012) ................................................................ 11

*CaseExperts, LLC v. CompStar Systems, Inc.*, No. CIV.A. 09-1903,
 2010 WL 4553926 (W.D. La. Nov. 3, 2010) ................................................................... 12

*Chou v. Univ. of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001) ........................................................ 7

*Companelli v. Brockrath*, 100 F.3d 1476 (9th Cir. 1996) .......................................................... 1

*Cook, Perkiss & Liehe v. N. Cal. Collection Service*, 911 F.2d 242 (9th Cir.1990) .............. 13

*Doe v. United States*, 58 F.3d 494 (9th Cir. 1995) .................................................................. 13

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009) ........................ 2, 3, 4

*Polaris PowerLED Techs., LLC v. Nintendo Co., Ltd.*,
 623 F. Supp. 3d 1132 (W.D. Wash. 2022) ........................................................................ 6

*Reingold v. Swiftships, Inc.*, 126 F. 3d 645 (5th Cir. 1997) ..................................................... 11

*Swivel Rental & Supply, LLC v. Petro Pull, LLC*, No. 6:18-CV-1141,
 2019 WL 3242716 (W.D. La. May 15, 2019) ................................................................. 12

*T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, 115 F.Supp.3d 1184 (W.D. Wash. 2015) .. 10

*TwinStrand Biosciences, Inc. v. Guardant Health, Inc.*, No. CV 21-1126-GBW-SRF,
 2023 WL 1860186 (D. Del. Feb. 9, 2023) ........................................................................ 5

**Statutes**

35 U.S.C. § 101 ............................................................................................................................ 5

35 U.S.C. § 115 ............................................................................................................................ 5

35 U.S.C. § 116 ............................................................................................................................ 5

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - iii

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

35 U.S.C. § 256 ................................................................................................................ 7

37 C.F.R. § 1.56 ........................................................................................................... 2, 4

**Other Authorities**

Camilla A. Hrdy, *The Value in Secrecy*, 91 Fordham L. Rev. 557 (2022) ............................... 8

**Rules**

Fed. R. Civ. P. 9(b) .................................................................................................... 2, 4, 5

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - iv

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

I.  INTRODUCTION

Plaintiff, Mezzo Technologies, Inc. ("Mezzo") filed its Complaint against Defendant Airborne ECS, LLC ("Airborne") on November 21, 2023, over eighteen months ago. Yet, now, after discovery is well underway and after Mezzo served its Invalidity Contentions, Airborne now asserts that Mezzo's Complaint is so deficient that the Court must dismiss many of the counts. Not only is Airborne's Motion unquestionably delayed and improperly cites pleadings and discovery responses other than the Complaint at issue[1], but Airborne's Motion is also fatally flawed because Mezzo's Complaint plainly pleads that:

- Mezzo has a long history of designing and manufacturing laser welded microtube heat exchangers, including those for aircraft environmental control systems (Complaint (Dkt. 1 ("Complaint"), ¶¶ 6-11, 14-16);

- Mezzo's laser welding process and heat exchanger designs are confidential trade secrets that Mezzo protects by, *inter alia*, requiring Non-Disclosure Agreements to be signed by any party (including Airborne) seeking information about Mezzo's laser welding process and designs (*id.* ¶¶ 15, 17, 44-49);

- Mezzo sold laser welded microtube heat exchangers for an aircraft environmental control system to Ametek Hughes-Treitler ("Ametek") in 2015 and 2016 (*id*. ¶¶ 14-16);

- At least one of the Ametek employees (Brandon Carle) who had intimate knowledge of this sale went on to become an Airborne employee (*id*. ¶¶ 13-17);

- In 2017 Brandon Carle, while employed by Airborne, sought to purchase a laser welded microtube heat exchanger from Mezzo (*id*. ¶¶ 13 and 17);

---

[1] Airborne references Mezzo's interrogatory responses in footnotes 2 and 3 of its Motion. However, such information is irrelevant to Airborne's Motion and should be disregarded by this Court. *See Companelli v. Brockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996) (court's review in deciding a motion to dismiss for failure to state a claim is generally limited to the complaint's contents). With regards to Mezzo's specific identification of its trade secrets, such an identification was made by Mezzo on June 13, 2025 under the highest level of confidentiality pursuant to the Court's Protective Order. Airborne has not objected to the sufficiency of that June 13th identification made by Mezzo.

PLAINTIFF'S OPPOSITION TO MOTION FOR
JUDGMENT ON THE PLEADINGS
(2:24-cv-01368-JNW) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

- Airborne's employees, including Brandon Carle and Nicholas Herick-Kaiser (who is a named inventor on Airborne's patent), sought detailed information regarding Mezzo's manufacturing process from Mezzo, and Mezzo shared such detailed information pursuant to a Non-Disclosure Agreement (*id*. ¶¶ 17-19);

- Airborne abruptly ended the relationship with Mezzo without purchasing Mezzo's laser welded microtube heat exchanger (*id*. ¶ 20);

- Airborne went on to file a patent application that covered what Mezzo has long been manufacturing for customers, including for Ametek, and covering what Mezzo had previously disclosed to Airborne (*id*. ¶ 21);

- Nicholas Herick-Kaiser, the same Airborne employee who learned of Mezzo's microtube laser welded heat exchangers for aircraft environmental control systems from Mezzo pursuant to a Non-Disclosure Agreement, was named as an inventor on Airborne's patent application that ultimately issued as U.S. Pat. No. 11,519,670 (the "'670 Patent") (*id*. ¶ 22); and

- The named inventors (including Nicholas Herick-Kaiser) failed to disclose the fact that Mezzo previously manufactured and sold laser welded microtube heat exchangers for aircraft environmental control systems to the United States Patent & Trademark Office ("USPTO"), in violation of their duty of candor pursuant to 37 C.F.R. § 1.56 (*id*. at ¶ 23).

As discussed in more detail herein, these facts sufficiently state Mezzo's claims.

## II. ARGUMENT

### A. Mezzo Adequately Pleaded its Inequitable Conduct (Count II) Claim

Mezzo's Complaint satisfies Rule 9(b)'s pleading requirements for allegations of inequitable conduct because, despite Airborne's argument, it plainly states "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Regarding the "who" - the Complaint straightforwardly states that Mr. Herrick-Kaiser knew that Mezzo "previously designed and manufactured laser welded microtube heat exchangers for aircrafts" and that he and Mr. Fausett "failed to disclose to the USPTO that Mezzo was the true inventor of a laser welded microtube heat exchanger for aircraft systems." Complaint ¶¶ 22-23. Airborne also argues that the Complaint attributes misconduct only to "Airborne" and not to specific individuals, but this is plainly not true. The Complaint clearly identifies specific individuals, alleging that Mr. Fausett and Mr. Herrick-Kaiser did not disclose information they knew to the USPTO and that they unlawfully claimed to be inventors of, for example, Claim 1 of the application resulting in the '670 Patent – despite knowing they were not. *Id*. These allegations are sufficient under Rule 9(b) to plead the "who" required by *Exergen* and to allow the claim to proceed.[2]

Regarding the "what" - the Complaint goes on to point out that Claim 1 of the '670 Patent covers exactly what Mr. Herrick-Kaiser knew that Mezzo had previously designed and manufactured for Ametek – "(1) a microtube heat exchanger; (2) for an environmental control system of an aircraft; (3) including laser welds for coupling the microtubes to heat exchanger end plates." Complaint ¶ 26. Moreover, the Complaint specifically links the knowing failure to disclose information about Mezzo to the USPTO's improper granting of Airborne's patent. *See id.* In other words, Claim 1 of the '670 Patent is an incredibly broad claim for the heat exchanger market, as it purports to cover most heat exchangers so long as they have microtubes that are laser welded. The '670 Patent, if upheld, potentially reads on products that Mezzo has sold for years. Simply put, the USPTO would not have granted the '670 Patent had it known about Mezzo's prior manufacture and sale of laser welded microtube heat exchangers.

---

[2] The Complaint also alleges that attorneys and other persons who were substantively involved in the patent application also have a duty to disclose information and states that other individuals had knowledge of Mezzo's prior development and manufacture of laser welded microtube heat exchangers. Whether those additional individuals may also have violated a duty to disclose information is information currently held by Airborne and will be pursued in discovery.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Airborne also contends that the Complaint fails to identify "where" the alleged omission or misrepresentation occurred. This argument lacks merit for two reasons. <u>First</u>, the Complaint specifically identifies the inventors' declarations signed by Mr. Fausett and Mr. Herrick-Kaiser as well as the dates thereof, each asserting inventorship over subject matter they knew they did not invent. *See* Complaint ¶24. These affirmative misrepresentations are sufficiently identified to meet Rule 9(b)'s particularity requirement. <u>Second</u>, the Complaint alleges a failure to disclose material information in violation of the duty of candor under 37 C.F.R. § 1.56, which imposes an ongoing obligation *throughout patent prosecution*. *See* Complaint ¶ 23. In the context of an omission, the "where" is properly understood as the relevant stage or stages of prosecution when the information should have been disclosed, which, in this case, is the entire duration of prosecution of the '670 Patent. By identifying the individuals involved and asserting that they omitted sending required information to the USPTO, the Complaint asserts "when" and certainly provides notice sufficient to satisfy Rule 9(b)'s particularity standard.

Regarding the "how" - Airborne argues that the Complaint fails to meet the pleading standard by failing to properly allege that a specific intent to deceive the USPTO. But at this stage, the law requires only a reasonable inference that is "plausible and that flows logically from the facts alleged," not that it is the single most compelling inference possible. *See Exergen*, 575 F.3d at 1328, n.5. Here, the Complaint affirmatively states that "Messrs. Herrick-Kaiser and Fausett made these declarations knowing them to be false, ***with the intent of deceiving the USPTO***." Complaint ¶ 24 (emphasis added). Moreover, the Complaint alleges that individuals at Ametek became aware of Mezzo's proprietary laser-welded microtube heat exchanger technology, later joined Airborne, and then obtained confidential information from Mezzo under the guise of a non-disclosure agreement. Armed with that information, Airborne developed a directly competing product, filed a patent application on technology Mezzo had already been marketing for years, and then asserted that patent against Mezzo.

**These are not the actions of an innocent competitor.** They support a strong and plausible inference that Airborne deliberately misappropriated Mezzo's confidential

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

information to obtain a patent with the intent to weaponize it against Mezzo and block it from the market. At the pleading stage, this inference of deceptive intent is more than sufficient to support a claim of inequitable conduct.

### B. Mezzo Adequately Pleaded its Invalidity for Failure to Name the Correct Inventor (Count III) Claim

Mezzo asserts two distinct claims involving Airborne's failure to comply with the requirements of the United States patent laws: (a) Count II (addressed above) alleges inequitable conduct, which includes the intentional misrepresentation of inventorship and is properly pleaded under Rule 9(b); and (b) Count III seeks a declaratory judgment of invalidity based on statutory improper inventorship under 35 U.S.C. §§ 101, 115, and 116. While the language in Count III refers to the patent being "invalid and/or unenforceable," Airborne's effort to treat that as a second inequitable conduct claim is misplaced. Mezzo's position is straightforward: Count II alleges unenforceability due to deceptive intent, including the failure to name the correct inventors as one basis for inequitable conduct. Count III, by contrast, asserts that the '670 Patent is invalid under § 101 due to a failure to meet statutory inventorship requirements, a defect that renders the patent invalid **regardless of intent**. *See TwinStrand Biosciences, Inc. v. Guardant Health, Inc.,* No. CV 21-1126-GBW-SRF, 2023 WL 1860186, at *3 (D. Del. Feb. 9, 2023) (citing *Belcher Pharms., LLC v. Hospira, Inc.*, No. 17-775-LPS, 2019 WL 2503159, at *1 (D. Del. June 5, 2019)).

Mezzo does not allege inequitable conduct in Count III, nor is it required to. The reference to "unenforceable" in Count III is incidental, superfluous and does not transform the statutory invalidity claim into a fraud-based claim. To the extent that Airborne argues Count III is "unclear," Mezzo clarifies that Count III seeks statutory invalidity. Complaint ¶ 40 ("Mezzo is entitled to declaration that the '670 Patent is invalid.").

Additionally, a careful read of Airborne's Motion shows that the Motion does not argue that the invalidity allegations in Count III fail to meet Rule 8's pleading standard. Aside from attempting to distract the Court into believing that Count III is really an inequitable conduct

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

claim, Airborne makes no argument. Moreover, this Court has held that, due to this Court's Local Patent Rules, even a minimally pleaded invalidity claim that asserts only a statutory basis for invalidity meets the applicable pleading standards. *See Polaris PowerLED Techs., LLC v. Nintendo Co., Ltd.*, 623 F. Supp. 3d 1132, 1139-40 (W.D. Wash. 2022) (noting that "local patent rules fulfill the Supreme Court's pleading standard '[b]y requiring the party claiming invalidity to flesh out and support its invalidity contentions early on.'") (citation omitted). For these reasons, the Court should deny Airborne's Motion.

### C. Mezzo Adequately Pleaded its Claim for Correction of Inventorship (Count IV)

Airborne contends that Mezzo must allege either an expected ownership right in the patent, a concrete financial interest in the patent itself, or a concrete and particularized reputational injury in order to establish standing. While Mezzo does not specifically assert the existence of a document signed by its employees that transfers ownership of their inventions to Mezzo, the Complaint clearly asserts that Mezzo, who can only act through its personnel, developed the laser-welded microtube heat exchanger technology and that Mezzo is the owner of the invention that Airborne later claimed in its patent. *See* Complaint at 1. In that context, Mezzo's allegation that it is the rightful owner of the claimed invention can only be read as asserting the substance of an ownership interest, namely, that the invention originated with Mezzo's personnel and rightfully belongs to Mezzo.

Requiring corporate entities to use the precise term "assignment" or cite specific contractual language, rather than simply alleging "ownership," would elevate form over substance. Where, as here, ownership could only arise through an assignment and there is a reasonable basis to assume such an assignment exists, Mezzo's allegation of ownership can only be understood as asserting an assignment-based interest sufficient to confer standing.

Moreover, at a minimum, Mezzo faces the concrete harm of being excluded from selling products it developed and has long marketed, and therefore Mezzo has a concrete financial interest in the Airborne patent. This is a real and particularized commercial injury. Additionally, as the Federal Circuit recognized in *Chou v. Univ. of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001),

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

reputational harm alone can be sufficient to establish standing in a 35 U.S.C. § 256 action. If reputational interests can confer standing, then surely the direct commercial harm alleged here, stemming from the misappropriation and assertion of Mezzo's own technology, also supports standing under § 256.

**D. Mezzo Adequately Pleaded its Trade Secret Misappropriation (Counts V-VI) Claim**

Airborne argues that Mezzo failed to adequately plead its trade secret claims, but both the DTSA and the Louisiana Uniform Trade Secrets Act require only that a plaintiff describe the asserted trade secret with sufficient particularity to give the defendant fair notice of what is alleged, *not* to disclose the trade secret itself in a complaint. Courts recognize the inherent tension between protecting trade secrets and pleading misappropriation, and consistently hold that plaintiffs need only describe the general nature or category of the trade secret and the context in which it was disclosed. *See Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 880 (N.D. Cal. 2018); *see also Arthur J. Gallagher & Co. v. O'Neill*, No. CV 17-2825, 2017 WL 2574006, at *4 (E.D. La. June 14, 2017) (allegation that "trade secrets existed, [defendant] misappropriated the trade secrets in violation of certain employment contracts, and [plaintiff] has suffered and will continue to suffer damages as a result of [defendant's] misappropriation … sufficiently states a claim for misappropriation of trade secrets under the Federal Rules of Civil Procedure's generous pleading standards") (applying the Louisiana Uniform Trade Secrets Act).

Here, Mezzo alleges that, while bound by a non-disclosure agreement relating to a "*Potential Arrangement*" (i.e., with Raytheon), Mezzo provided employees of Airborne a tour of its design and manufacturing facilities. *See* Complaint ¶ 17. Mezzo also alleges that Mr. Herrick-Kaiser requested "additional information regarding a *laser welded microtube heat exchanger for Raytheon Technologies*" and that Mezzo provided information in response. *See id.* ¶18 (emphasis added). Mezzo also alleges that it provided Mr. Herrick-Kaiser with another tour of its facilities, with Raytheon (thus, relating to the Potential Arrangement referenced by

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

the non-disclosure agreement) this time showing "how Mezzo[] manufactures its laser welded heat exchangers." *Id.* ¶ 19. While the Complaint does not include the specific trade secret content provided to Airborne (a level of detail that would undermine the very secrecy at issue) it references a specific transaction (a potential manufacturing deal for Raytheon) regarding a specific technology (laser welded microtube heat exchangers) that coincided with a concrete exchange of information (details of how Mezzo manufactures its laser welded heat exchangers). These factual allegations, tied to specific events and participants, are more than sufficient to put Airborne on notice. As courts have repeatedly held, including in *Alta Devices*, factual context surrounding the disclosure is enough at the pleading stage; and full disclosure of the trade secret itself is neither required nor appropriate.

Airborne further alleges that Mezzo fails to properly allege that its trade secrets have independent economic value. This is not true. In addition to asserting independent economic value (*see* Complaint ¶¶ 47, 58), Mezzo also asserts: (a) that Mezzo and Airborne are competitors (*see id.* ¶12); (b) that Mezzo disclosed those trade secrets to Airborne resulting in Mezzo losing out on a contract to manufacture microtube heat exchangers for Raytheon (*see id.* ¶¶ 18-20); (c) Airborne using Mezzo's trade secrets to develop technology resulting in a United States patent (*see id.* ¶¶ 21-26), and (d) Airborne asserting that patent against Mezzo. *See id.* ¶ 27. Competitors using misappropriated trade secrets to win contracts, secure patents, and assert those patents against the rightful owner is the *clearest possible demonstration* of independent economic value. However, regardless of exactly how much independent economic value Mezzo alleged, "courts sitting in trade secret litigation have not closely scrutinized plaintiffs' assertions of independent economic value … because any information that ends up in court as the plausible subject of trade secret litigation has at least potential economic value sufficient to satisfy the statute." Camilla A. Hrdy, *The Value in Secrecy*, 91 Fordham L. Rev. 557, 559-60 (2022) ("Why else would the plaintiff have bothered to take secrecy precautions? Why else would the plaintiff be going to court to defend the secret?").

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (2:24-cv-01368-JNW) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Airborne further alleges that Mezzo fails to assert that Airborne actually uses its trade secrets. This is false. At a minimum, Mezzo alleges that Airborne misappropriated Mezzo's trade secrets at least for the purpose of securing the Airborne patent. *See* Complaint ¶¶ 21-26. In addition, Mezzo asserts that Airborne manufactures laser welded microtube heat exchangers. *See id.* ¶¶ 6-11. Moreover, Mezzo asserts that Mezzo disclosed the trade secrets to Airborne in an in-person meeting at its facilities, where Mezzo demonstrated its laser welding process to Airborne personnel, and that Airborne is competing against Mezzo. *See id.* ¶ 19.

In addition to the above reasons why the Court should deny Airborne's Motion, Mezzo notes that it has already provided Airborne with extensive additional detail regarding its trade secrets through discovery. Mezzo first identified its trade secrets with additional detail through its responses to Airborne's First Set of Interrogatories. Then, by agreement, Mezzo prepared an additional spreadsheet showing specific details disclosed to Airborne for the potential deal with Raytheon. Airborne has not objected to the sufficiency of Mezzo's trade secret identifications most recently made via the spreadsheet produced on June 13, 2025.

**E. Mezzo Adequately Pleaded its Breach of Contract Claim (Count VII)**

Airborne further argues that Mezzo fails to state a claim for breach of contract. But this too is incorrect. In the Complaint Mezzo describes the contract in detail (Complaint ¶ 17). Airborne obviously knows the contract at issue and its terms, as Airborne relied on the terms of the contract to transfer this litigation from the Middle District of Louisiana to this Court. Airborne's Motion to Transfer and Supporting Memorandum (Dkt. 8). Moreover, the Complaint also specifically quotes the relevant contractual language: that Airborne agreed to "not, directly or indirectly, disclose Confidential Information to a third party, or use the Confidential Information except in furtherance of the Potential Arrangement or as authorized by [Mezzo]." Complaint ¶ 17. This is more than enough. For example, in *T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, the Western District of Washington denied a motion to dismiss on the grounds that T-Mobile alleged, just as in the present case, that agreements protected confidential information and that Huawei breached all of those agreements. *See* 115 F.Supp.3d

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - 9

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1184, 1193. Moreover, Mezzo "need not cite to specific terms of the [c]ontract … as long as the Court can understand the provisions [Mezzo] is referring to." *Accretive Tech. Group, Inc. v. Adobe Sys., Inc.*, No. C15-309RSM, 2015 WL 4920079, at *6 (W.D. Wash. Aug. 17, 2015) (citing *BP W. Coast Products, LLC v. Shalabi*, No. C11-1341MJP, 2012 WL 441155, at *4 (W.D. Wash. Feb.10, 2012)). Mezzo's identification of language in the agreement is more than sufficient to identify the contract and the specific provision at issue. This is not a complex commercial arrangement, it is a straightforward nondisclosure agreement for which the Complaint provides adequate notice of the claim. As *Accretive* confirms, a plaintiff need not spell out every contractual detail so long as the Court can understand the provisions at issue. Here, the Court can readily understand that Mezzo's allegation is that Airborne used Mezzo's confidential information in violation of the nondisclosure agreement.

Airborne also contends that the Complaint does not explain how Airborne breached the nondisclosure agreement. Again, that is incorrect. Mezzo alleges that Airborne used the confidential information it received from Mezzo to "for the purposes of directly competing with Mezzo" to create competing laser welded microtube heat exchangers (Complaint ¶¶ 12, 48, 59) and to assert a patent based on that misappropriated technology. *See id.* ¶ 27. These are clear allegations of breach of the nondisclosure agreement.

Finally, Airborne argues that Mezzo has not alleged damages. But the Complaint states that Airborne's conduct has harmed Mezzo by causing Mezzo to lose expected business (*see id.* ¶ 20) and through Airborne's assertion of broad patent rights against Mezzo. *See id.* ¶ 27. The precise amount of that harm will be established in discovery, but at the pleading stage, Mezzo has more than met its burden. *See Reingold v. Swiftships, Inc.*, 126 F. 3d 645, 651 (5th Cir. 1997) and *CaseExperts, LLC v. CompStar Systems, Inc.*, No. CIV.A. 09-1903, 2010 WL 4553926, at *5 (W.D. La. Nov. 3, 2010) (both finding that a loss of compensation due to the misappropriation of a trade secret constitutes "actual loss" within the meaning of the LUTSA.).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - 10

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

### F. Mezzo's Conversion Claim (Count VIII) is No Longer at Issue

By agreement of the parties, Mezzo will not pursue its claim of conversion. If the Court finds it so necessary, Mezzo consents to dismissal without prejudice of this count.

### G. Mezzo Adequately Pleaded its Unfair Trade Practices Claim (Count IX)

Airborne contends that Mezzo has failed to allege unlawful or egregious conduct sufficient to support a LUTPA claim. But the conduct described in the Complaint is both. Mezzo alleges that Airborne obtained confidential and proprietary information, including technical details about Mezzo's laser-welded microtube heat exchanger technology, under the guise of a potential business relationship governed by a nondisclosure agreement. Rather than honoring that agreement, Airborne used Mezzo's information to develop its own competing products and to file its own patent application, which Airborne then asserted against Mezzo in an effort to exclude Mezzo from the market. That conduct is not merely a breach of contract, it is a calculated abuse of confidential information to gain an unfair competitive advantage. Misappropriating trade secrets and turning them into legal weapons against the source of those secrets is the very type of deceptive, unethical, and unfair behavior LUTPA is meant to prohibit and when alleged courts have denied motions to dismiss. *See, e.g., Swivel Rental & Supply, LLC v. Petro Pull, LLC*, No. 6:18-CV-1141, 2019 WL 3242716, at *5 (W.D. La. May 15, 2019), *report and recommendation adopted in part*, No. CV 18-1141, 2019 WL 3242444 (W.D. La. July 17, 2019) (denying motion to dismiss LUTPA claim based on *highly analogous* allegations that the patent owner plaintiff toured the defendant/counterclaim plaintiff's facility, misappropriated information that was then used to compete and obtain patents which were then asserted against the defendant/counterclaim plaintiff). The conduct alleged here easily meets Louisiana law's standards for egregious conduct, and the Court should deny Airborne's motion for this additional reason.

### III.    CONCLUSION

For the aforementioned reasons, Mezzo requests that Airborne's Motion be denied in its entirety. If the Court finds any aspect of the Complaint lacking, Mezzo respectfully requests

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - 11

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

leave to amend to incorporate those additional details. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("In dismissing for failure to state a claim, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'") (*quoting Cook, Perkiss & Liehe v. N. Cal. Collection Service*, 911 F.2d 242, 247 (9th Cir.1990)).

### LCR 7(e) CERTIFICATION

I certify that this memorandum contains 3,915 words, in compliance with the Local Civil Rules.

Dated June 24, 2025

CARVER DARDEN KORETZKY TESSIER
FINN BLOSSMAN & AREAUX

s/Emily Lippold Gummer
Emily Gummer (admitted *pro hac vice*)
David Scotton (admitted *pro hac vice*)
J. Matthew Miller (admitted pro hac vice)
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: 504.585.3821
E-mail: scotton@carverdarden.com,
gummer@carverdarden.com

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS[PLLC]
s/John Whitaker
John D. Denkenberger, WSBA No. 25,907
John Whitaker, WSBA No. 28,868
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
E-mail: john.denkenberger@cojk.com,
john.whitaker@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff International Mezzo Technologies, Inc.*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS (2:24-cv-01368-JNW) - 12

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100