Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| INTERNATIONAL MEZZO TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIRBORNE ECS LLC, <br><br> Defendants. | No. 2:24-cv-01368-JNW <br><br> **PLAINTIFF INTERNATIONAL MEZZO TECHNOLOGIES, INC.'S OPPOSITION TO DEFENDANT AIRBORNE ECS, LLC'S MOTION FOR LEAVE TO AMEND ANSWER** <br><br> **NOTE ON MOTION CALENDAR:** <br> **July 22, 2025** |

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - i

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND .............................................................................................................. 2

III. LEGAL STANDARD ...................................................................................................... 3

    A. Rule 16 .................................................................................................................. 3

    B. Rule 15 .................................................................................................................. 5

IV. ARGUMENT ................................................................................................................... 6

    A. Rule 16 Analysis ................................................................................................... 6

        1. *The Rule 16 "Good Cause" Standard Applies* ......................................... 6

        2. *Airborne Does Not Have Good Cause to Amend* .................................... 6

        3. *It Does Not Matter Whether Airborne's Claim is Compulsory* .............. 8

    B. Rule 15 Analysis ................................................................................................... 9

        1. *Prejudice and Undue Delay Warrant Denial Under Rule 15* ................. 9

        2. *Airborne's Claim is Futile because its Patent is Invalid and Unenforceable.* ........................................................................................ 10

        3. *Airborne's Conduct Raises Concerns of Potential Bad Faith* .............. 11

V. AIRBORNE'S PREJUDICE NOT PART OF EITHER ANALYSIS ............................ 11

VI. CONCLUSION .............................................................................................................. 12

LCR 7(e) CERTIFICATION ..................................................................................................... 13

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - ii

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# TABLE OF AUTHORITIES

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946 (9th Cir. 2006) ...................... 4, 5

*Chodos v. West Publishing Co.*, 292 F.3d 992 (9th Cir.2002) ....................................... 4

*Coalview Centralia, LLC v. TransAlta Centralia Mining LLC*,
  No. C18-5639-RSM, 2021 WL 2290842 (W.D. Wash. June 4, 2021) ............................ 4, 6

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ................................ 12

*Essential Hous. Mgmt., Inc. v. Walker*, No. 97-2150,
  1998 WL 559349 (4th Cir. June 9, 1998) (unpublished) ....................................... 5

*Fox v. State Farm Ins. Co.*, No. C15-535RAJ, 2016 WL 304784 (W.D. Wash. Jan. 26, 2016) 8

*High Performance Properties No. 3, LLC v. Educ. Mgt., Inc.*,
  No. CV 24-1821, 2025 WL 903134 (E.D. La. Mar. 25, 2025) .......................................... 4, 8

*Interstate Narrow Fabrics, Inc. v. Cent. USA, Inc.*, 218 F.R.D. 455 (M.D.N.C. 2003) ......... 5, 8

*Irise v. Axure Software Sols., Inc.*, No. CV08-03601SJO JWJX,
  2009 WL 3615973 (C.D. Cal. July 30, 2009) ........................................................ 8

*Jackson v. Bank of Hawaii*, 902 F.2d 1385  (9th Cir. 1990) ....................................... 4

*Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604 (9th Cir. 1992) ............................. passim

*Karr v. Ford Motor Co.*, No. 24-CV-2406-RSH, KSC,
  2025 WL 1019138 (S.D. Cal. Apr. 4, 2025) ........................................................ 13

*Lehman Bros. Holdings v. Golden Empire Mortg., Inc.*,
  No. 1:09-CV-01018LJOJLT, 2010 WL 2679907 (E.D. Cal. July 2, 2010) ........................ 8

*Lochridge v. City of Tacoma*, 315 F.R.D. 596 (W.D. Wash 2024) ........................................ 4, 6

*Medimpact Healthcare Sys., Inc. v. IQVIA Holdings Inc.*,
  No. 19CV1865-GPC(LL), 2021 WL 5332551 (S.D. Cal. Nov. 16, 2021) ......................... 12

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990) ............................. 5

*NXP USA, Inc. v. Impinj, Inc.*, No. 2:20-CV-01503-JHC,
  2022 WL 3290653 (W.D. Wash. Aug. 11, 2022) ............................................... 5, 10

*Rybski v. Home Depot USA, Inc.*, No. CV-12-751-PHX-LOA,
  2012 WL 5416586 (D. Ariz. Oct. 17, 2012) ........................................................ 8

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - iii

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

*Spearman Corp. Marysville Div. v. Boeing Co.*,
   No. C20-13RSM, 2022 WL 507997 (W.D. Wash. Feb. 18, 2022) ................................... 4, 6

*VP Sales & Mfg., L.P. v. Guerra*, No. 2:22-CV-00224,
   2023 WL 8000316 (S.D. Tex. Sept. 8, 2023) ..................................................................... 4, 8

*Wizards of the Coast LLC v. Cryptozoic Ent. LLC*,
   309 F.R.D. 645 (W.D. Wash. 2015) .............................................................................. 5, 9, 10

*Xyratex Tech., Ltd. v. Teradyne, Inc.*, No. CV0804545SJOPLAX,
   2009 WL 10702551 (C.D. Cal. Apr. 10, 2009) ................................................................. 5, 12

**Statutes**

35 U.S.C. § 287 ............................................................................................................................. 7

37 C.F.R. § 1.56 ........................................................................................................................... 11

**Other Authorities**

Manual for Complex Litigation, Fourth, § 33.21 ....................................................................... 10

**Rules**

Fed. R. Civ. P. 1 .......................................................................................................................... 11

Fed. R. Civ. P. 15 ................................................................................................................ 4, 5, 12

Fed. R. Civ. P. 16 ................................................................................................................. passim

Fed. R. Civ. P. 37 ........................................................................................................................ 13

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - iv

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## I. INTRODUCTION

Plaintiff Mezzo Technologies, Inc. ("Mezzo") hereby opposes Defendant Airborne ECS, LLC's ("Airborne") Motion for Leave to Amend Answer (Dkt. 65 (the "Motion")). Airborne seeks to amend its Answer to newly assert a counterclaim for patent infringement *five* months after the Court's deadline for infringement contentions, over *nineteen* months after Mezzo filed its complaint, and nearly *twenty-three* months since Airborne first asserted infringement in a cease and desist letter to Mezzo. *See* Dkt. 1 (filed Nov. 21, 2023). Airborne offers no new facts and cannot show the diligence required by Rule 16.

This case has always been about Airborne's unlawful conduct, not Mezzo's alleged infringement. Mezzo asserts claims for trade secret misappropriation, breach of a nondisclosure agreement, and unfair trade practices, all arising from Airborne's exploitation of Mezzo's proprietary technology to develop competing laser-welded microtube heat exchangers and to obtain a patent. In response, *despite* knowing about Mezzo's products for many years, *despite* asserting infringement in a letter dated August 7, 2023 (*see* Dkt. 1-1, the "August 2023 Letter), and *despite* warning that it might assert infringement in the parties' Joint Status Report and Discovery Plan (Dkt. 41), Airborne *instead* made the strategic decision not to file an infringement counterclaim. Airborne now seeks to reverse course.

Allowing amendment now would upend the Court's schedule causing substantial delays, significant litigation strategy prejudice to Mezzo, and Mezzo expending significant resources re-litigating past issues. Moreover, it would serve no legitimate purpose because allowing Airborne to assert a plainly invalid patent would be futile. The products Airborne now accuses of infringement are the very same products Mezzo has sold since well before Airborne filed its patent application; and it is black-letter patent law that one cannot patent something that has long been sold to the public, like Mezzo's products were.

The Court should deny Airborne's long delayed, unduly prejudicial, and futile motion.

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## II.     BACKGROUND

In 2015 and 2016, Airborne personnel sourced laser-welded heat exchangers for their then-current employer, Ametek. *See* Dkt. 1, ¶¶14-16. In 2017, Airborne personnel again sought to source Mezzo's laser-welded heat exchangers, this time for Airborne to supply Mezzo's heat exchangers to Raytheon. *See id.* ¶¶17-19. Around then, Mezzo provided multiple tours of its manufacturing facilities to Airborne for the purpose of demonstrating Mezzo's ability to reliably manufacture laser-welded microtube heat exchangers for Raytheon. *See id.*

Airborne subsequently used the information it learned from Mezzo to develop its own competing laser-welded microtube heat exchangers and improperly obtain U.S. Patent No. 11,519,670 (the "'670 Patent"). Then, through the August 2023 Letter, sent by a registered patent attorney representing Airborne,[1] Airborne asserted that Claim 1 of the '670 Patent "covers (1) a microtube heat exchanger; (2) for an environmental control system of an aircraft; (3) including laser welds for coupling the microtubes to heat exchanger end plates." Dkt. 1-1. Airborne threatened, "[w]e believe that [Mezzo's] products would infringe [Airborne's] U.S. Patent No. 11,519,670" citing Mezzo products listed in a press release attached to the August 2023 Letter. *See id.*

Partially in response to this letter, Mezzo filed the present action on November 21, 2023, asserting claims for trade secret misappropriation, breach of a nondisclosure agreement, unfair trade practices, and a declaratory judgment that the '670 Patent is invalid and unenforceable. *See* Dkt. 1.

On January 27, 2025, more than one year after Mezzo filed this case and nearly eighteen months after the August 2023 Letter, the parties filed a Joint Status Report and Discovery Plan, in which Airborne stated that it "has not presently filed patent infringement claims … because it is not fully informed … [and] reserves the right to appropriately amend its pleadings as discovery progresses and relevant information is obtained." Dkt. 41, at 2-3.

---

[1] William Quirk is listed as counsel of record on the '670 Patent. *See* Dkt. 1-8 at p.1.

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

The next day, this Court entered a Scheduling Order (Dkt. 42), including deadlines aligned with this District's Patent Rules. Among other things, it set February 14, 2025 as its deadline to serve a statement of asserted claims and preliminary infringement contentions, March 28, 2025 as its deadline to serve non-infringement and invalidity contentions, and July 14, 2025 as its deadline to file a Joint Claim Construction and Prehearing Statement, all in preparation for claim construction briefing in September 2025 and a *Markman* hearing on October 20, 2025.

Airborne's counsel suggested that including infringement deadlines was a "ministerial error" because "there currently is no claim for patent infringement" and raised the possibility of seeking clarification. However, Mezzo's counsel stated, "[a]s to the infringement contention deadline, we do not see a need to ask the Court to remove that deadline since, as you correctly point out, neither party has infringement contentions, so the parties can simply not submit anything regarding infringement contentions." Motion Ex. 2. Yet, *Airborne never moved the Court to amend the Order*. Instead, it allowed the infringement contention deadline to pass without filing a counterclaim or serving contentions.

Then, on June 6, 2025, more than eighteen months after this case was filed and nearly four months after the infringement contentions deadline, Airborne first contacted Mezzo for consent to assert a counterclaim for patent infringement. After having long operated under the shared understanding that infringement was not at issue, Mezzo refused consent. Then, instead of promptly requesting relief, Airborne delayed almost another entire month before filing the present Motion.

### III.    LEGAL STANDARD

#### A. Rule 16

Federal Rule of Civil Procedure 16(b) governs motions for leave to amend where amendment would require modification of the Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4). This includes situations where, as here, amending a complaint would require amending a scheduling order. *See Spearman Corp. Marysville Div. v. Boeing Co.*, No. C20-13RSM, 2022

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

WL 507997, at *1 (W.D. Wash. Feb. 18, 2022) (even where no deadline to amend set, Rule 16 applies where schedule requires modification); *Coalview Centralia, LLC v. TransAlta Centralia Mining LLC*, No. C18-5639-RSM, 2021 WL 2290842, at *2 (W.D. Wash. June 4, 2021); *Lochridge v. City of Tacoma*, 315 F.R.D. 596, 599 (W.D. Wash 2024) ("Lochridge's motion, if granted, necessarily requires modification of the scheduling order.… Good cause must be shown to justify any modification of the scheduling order.").

Unlike Rule 15's liberal amendment policy, Rule 16's "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In assessing diligence, courts "do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Instead, diligence turns on "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Id.* (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). Where a party had the relevant facts but delayed asserting a claim, courts routinely find lack of diligence. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir.2002). Importantly, without diligence,[2] "***the inquiry should end***." *Johnson*, 975 F.2d at 609. (emphasis added).

To be clear, the "good cause" standard is primarily focused on diligence and does not consider any alleged prejudice to the *moving* party for not asserting what may or may not be a compulsory counterclaim. *See VP Sales & Mfg., L.P. v. Guerra*, No. 2:22-CV-00224, 2023 WL 8000316, at *8 (S.D. Tex. Sept. 8, 2023) ("the fact that a counterclaim might be compulsory does not itself constitute good cause to permit amendment of a scheduling order to raise that counterclaim. The requirement for diligence still applies, and predominates."); *see also High Performance Properties No. 3, LLC v. Educ. Mgt., Inc.*, No. CV 24-1821, 2025 WL 903134, at *4 (E.D. La. Mar. 25, 2025) (applying Rule 16 to deny motion to add compulsory counterclaim

---

[2] While the **non-moving party's** prejudice can form part of the Rule 16 analysis, the movant's reasons are emphasized. *Johnson*, 975 F.2d at 609.

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

without good explanation for delay); *Interstate Narrow Fabrics, Inc. v. Cent. USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C. 2003) (noting compulsory counterclaims must meet the Rule 16 standard and considering diligence in denying motion to amend answer) (citing *Essential Hous. Mgmt., Inc. v. Walker*, No. 97-2150, 1998 WL 559349, *4 (4th Cir. June 9, 1998) (unpublished)).

Federal Rule 16 is reiterated in this District's Local Rule 16, which also provides that "[a] schedule may be modified only for good cause" and "the provisions of [Rule 16] will be ***strictly enforced***." LCR 16(b), (m) (emphasis added).

### B. Rule 15

Only if the moving party demonstrates good cause under Rule 16 does the Court analyze the amendment under Rule 15. *Johnson*, 975 F.2d at 608. Under Rule 15, leave to amend shall be "freely give[n]" but only "when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court need not grant leave to amend where the amendment: (1) prejudices the **opposing** party; (2) is sought in bad faith; (3) produces an undue delay; or (4) is futile. *AmerisourceBergen*, 465 F.3d at 951.

In this context, "prejudice" means "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *NXP USA, Inc. v. Impinj, Inc.*, No. 2:20-CV-01503-JHC, 2022 WL 3290653, at *2 (W.D. Wash. Aug. 11, 2022) (quoting *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015). Moreover, "the Ninth Circuit has held that permitting a party to amend a pleading to add new claims would unduly prejudice the other party where the new claims would have greatly altered the nature of the litigation." *Id.* (citing *Xyratex Tech., Ltd. v. Teradyne, Inc.*, No. CV0804545SJOPLAX, 2009 WL 10702551, at *5 (C.D. Cal. Apr. 10, 2009) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990))).

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## IV. ARGUMENT

### A. Rule 16 Analysis

#### 1. *The Rule 16 "Good Cause" Standard Applies*

Although the deadline to amend pleadings has not passed, Rule 16 still governs Airborne's request because its proposed amendment would require changes to the Scheduling Order. The Court ordered deadlines under the Local Patent Rules for serving infringement, non-infringement, and invalidity contentions. Airborne ***chose*** not to assert a patent infringement claim before those deadlines expired. Adding an infringement claim now would necessitate reopening and revising those deadlines, along with others that follow, for the orderly management of the case. Because allowing Airborne's counterclaim necessarily involves modification of the Scheduling Order, Airborne must show good cause under Rule 16. *See Spearman*, 2022 WL 507997, at *1; *Coalview*, 2021 WL 2290842, at *2; *Lochridge*, 315 F.R.D. at 599.

#### 2. *Airborne Does Not Have Good Cause to Amend*

Courts have routinely held that the most important part of the "good cause" analysis is whether a party has exercised diligence in asserting its claim. While the *non-moving party's prejudice* can also be a factor, and Mezzo will certainly suffer prejudice if the Court grants Airborne's Motion (*see* Section IV.B.1, below), the Court need not consider Mezzo's prejudice to justify denying Airborne's Motion. Instead, if Airborne "was not diligent, **the inquiry should end**." *Johnson*, 975 F.2d at 609 (emphasis added). To reach this conclusion and to deny Airborne's Motion, the Court need only look to Airborne's long history of sitting on its claim.

As discussed in more detail above in the Background, Airborne has long known of Mezzo and its products. **Not only** has Airborne known of Mezzo's products, and **not only** has Airborne been led through Mezzo's manufacturing facility to see its products, **but also** Airborne, through patent counsel, *nearly twenty-three months ago*, performed an analysis of Mezzo's products sufficient to allege that specific Mezzo products shown on a press release infringed at least Claim 1 of the '670 Patent.

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

The August 2023 Letter is **critical** because it met the standard for notice under 35 U.S.C. § 287, meaning Airborne believed it had a complete and actionable infringement claim at that time, sufficient to start the clock on damages in the event that Airborne promptly asserted and then succeeded on an infringement claim. Those same facts underlie the Rule 16 analysis to determine whether Airborne was diligent in seeking amendment. By sending the letter, Airborne signaled it had all the facts needed to sue for patent infringement, but then waited *nearly twenty-three months* from the date of the letter to seek amendment. That undermines any argument that the delay was due to newly discovered facts and weighs strongly against finding diligence under Rule 16. Moreover, if granted leave, Airborne would undoubtedly seek to use the August 2023 Letter to its benefit to "start the clock" on its damages calculations. **Airborne cannot have it both ways**.

Moreover, Airborne raised the issue that the infringement contention deadline was a "ministerial error" because "there currently is no claim for patent infringement." Motion Ex. 2, at 3. In fact, Airborne went so far as to prepare a motion to be filed with the Court regarding the Scheduling Order. *See id.* Yet, despite knowing about the deadline, despite knowing about potentially asserting infringement, and despite the fact that the Court may have inserted the deadline specifically to elicit early disclosure of any potential infringement claim, **Airborne took no action for months**.

Nothing shows Airborne's diligence. In fact, Airborne's proposed Claim Chart Showing Infringement of U.S. Patent No. 11,519,670 (Dkt. 65, Ex. 1-B), relies solely on information that has been publicly available on Mezzo's website for years and information learned by Airborne as far back as the July 2023 Paris Air Show. Notably, the information (including the exact photos) Airborne now relies on to support its infringement claim has been publicly available on Mezzo's website throughout 2024 and has not substantially changed since Airborne filed its answer. *See* Declaration of Dr. Kevin Kelly, Exhibit 1.

Additionally, Airborne's suggestion that its delay was justified by ongoing settlement discussions is not a valid excuse under Rule 16. Courts have repeatedly held that a party's

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

choice to pursue settlement does not relieve its obligation to timely assert claims or comply with scheduling deadlines. *See e.g.*, *Fox v. State Farm Ins. Co.*, No. C15-535RAJ, 2016 WL 304784, at *4 (W.D. Wash. Jan. 26, 2016) ("Plaintiffs … cannot blame unsuccessful settlement negotiations for their lack of diligence"); *Rybski v. Home Depot USA, Inc.*, No. CV-12-751-PHX-LOA, 2012 WL 5416586, at *2 (D. Ariz. Oct. 17, 2012) ("settlement negotiations … do not constitute good cause to continue the Rule 16 deadlines."); *Lehman Bros. Holdings v. Golden Empire Mortg., Inc.*, No. 1:09-CV-01018LJOJLT, 2010 WL 2679907, at *2 (E.D. Cal. July 2, 2010) (settlement discussions do not justify good cause); *Irise v. Axure Software Sols., Inc.*, No. CV08-03601SJO JWJX, 2009 WL 3615973, at *3 (C.D. Cal. July 30, 2009) (unsuccessful settlement negotiations no excuse for lack of diligence).

Simply put, Airborne made a *deliberate strategic choice* not to assert infringement, despite having the necessary facts long ago. Settlement efforts and new counsel do not erase its obligation to comply with the Court's schedule, particularly when Airborne let the infringement contention deadline pass without action, waited *nineteen months* after Mezzo filed its complaint, and *nearly twenty-three months* after the August 2023 Letter to seek amendment. This is not diligence, it is gamesmanship. The Court should reject Airborne's eleventh-hour pivot and deny its Motion.

### 3. It Does Not Matter Whether Airborne's Claim is Compulsory

Airborne argues that: (a) patent infringement is so intertwined with the case facts that it is a compulsory counterclaim; (b) denying Airborne's Motion would cause Airborne prejudice; and (c) this prejudice supports granting the Motion. This line of reasoning is incorrect because, separate from any Rule 15 analysis, Airborne's Motion must also meet the requirements of Rule 16. And, under Rule 16, whether its counterclaim is compulsory *does not matter*. *See VP Sales*, 2023 WL 8000316, at *8 ("diligence still … predominates"); *High Performance*, 2025 WL 903134, at *4 (applying Rule 16 to deny motion to add compulsory counterclaim without good explanation for delay); *Interstate Narrow Fabrics*, 218 F.R.D. at 460 (noting compulsory counterclaims must meet the Rule 16 standard and thereafter considering diligence in denying

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

motion). Instead, the Court must focus on *Airborne's lack of diligence*. While prejudice to *Mezzo* might *also* serve as a basis for denying the Motion, the Court does not need to decide whether Airborne's counterclaim is compulsory, *or even consider the issue*, because **Airborne's prejudice is not part of the Rule 16 analysis**. *Johnson*, 975 F.2d at 609. Because Airborne was not diligent, the "inquiry should end" and the Court must deny Airborne's Motion.

### B. Rule 15 Analysis

#### 1. Prejudice and Undue Delay Warrant Denial Under Rule 15

Airborne's late attempt to inject patent infringement into this case causes significant and concrete prejudice to Mezzo. Most critically, it disrupts the structured and orderly process set forth in this District's Local Patent Rules, which are designed to promote early disclosure of infringement and invalidity positions. Mezzo has already served invalidity contentions, the parties have expended substantial resources preparing for the *Markman* hearing, and have jointly filed the Joint Claim Construction and Prehearing Statement. *See* Dkt. 66. Allowing Airborne to assert infringement now turns the process upside down, granting Airborne the **unfair tactical benefit** of crafting its infringement theory after seeing Mezzo's invalidity defenses and claim construction positions, amendment of which may only be made upon a showing of good cause. *See, e.g.*, *Wizards*, 309 F.R.D. at 650.

This asymmetry is especially prejudicial given the strategic interplay between claim construction and the issues of infringement and validity. Claim terms that are central to invalidity may be irrelevant to infringement and vice versa, and the presence or absence of infringement allegations significantly affects how a party approaches its constructions. For example, when infringement is not at issue, a party may be more inclined to advocate for broader constructions to bolster invalidity arguments, unconcerned with how that breadth may affect potential infringement exposure. Introducing infringement claims after that process is underway manipulates the strategic calculus and creates prejudice that cannot be fully undone. This is exactly the type of "undue difficulty in prosecuting a lawsuit as a result of a change of

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 9

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

tactics" that supports denial of Airborne's Motion. *NXP*, 2022 WL 3290653, at *2 (citing *Wizards*, 309 F.R.D. at 652).

Moreover, permitting Airborne's late claim would require a full reset of the case, resulting in major delays. The Court's Scheduling Order (Dkt. 42) would need to be restructured to establish new deadlines for infringement contentions, non-infringement contentions, claim construction, fact and expert discovery, and dispositive motions. This would impose significant additional costs on Mezzo and burden the Court with restarting a case that had been proceeding efficiently under the existing framework.

While discovery is ongoing, Mezzo has already served and responded to discovery based on the current pleadings. A new infringement claim could necessitate identifying new custodians, developing new search terms, collecting, reviewing, and producing additional documents, serving further interrogatories, potentially issuing new third-party discovery, and would require additional depositions to be taken. These are not speculative harms, they are the predictable and inevitable consequences of allowing a party to fundamentally alter its litigation posture midstream.

### 2. Airborne's Claim is Futile because its Patent is Invalid and Unenforceable.

Mezzo again notes that Airborne's patent reads on the very same laser-welded microtube heat exchangers that Mezzo sold to Ametek in 2015 and 2016. It is without question black-letter patent law that a patent cannot stop a party from selling a product that it has sold for many years prior to that patent's filing.[3] The USPTO would not have issued the '670 Patent if Airborne had disclosed these sales to the USPTO, making the sales highly material to patentability. Airborne personnel involved in prosecuting the '670 Patent knew about those and other sales, and yet Airborne did not submit such material information to the USPTO in

---

[3] *See* Manual for Complex Litigation, Fourth, § 33.21, p.600, n.2113 ("In order to satisfy the requirement of novelty, the invention cannot be anticipated by a product or process that is already in the public domain, or cannot have an insignificant enough difference from that existing in the public domain that it would have been obvious to a person skilled in the art of the invention.")

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 10

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

violation of its duty of candor and good faith pursuant to 37 C.F.R. § 1.56. Thus, not only is the '670 Patent *invalid* at least in view of Mezzo's sales; but the '670 Patent is also *unenforceable* due to Airborne's inequitable conduct prosecuting the '670 Patent. Put simply, the '670 Patent is so fatally flawed that allowing Airborne to amend its claim is futile. For this additional reason, the Court should deny Airborne's Motion.

### 3. *Airborne's Conduct Raises Concerns of Potential Bad Faith*

Mezzo does not lightly raise concerns of bad faith, and it has no direct evidence that Airborne's conduct was motivated by improper intent. Nonetheless, the circumstances raise serious questions. After many months of litigation, Airborne suddenly decided to assert patent infringement that it first alleged nearly *twenty-three* months prior. Moreover, it does so *after* Mezzo presented its invalidity contentions and *after* the parties have settled on claim construction terms. The whole time, Airborne clearly believed that Mezzo's products infringed the '670 Patent. Airborne *must have known* that waiting to assert a counterclaim would require re-doing the patent contentions and claim construction processes, upend the Court's Scheduling Order, cause unwarranted case delays, and result in significant additional expense to Mezzo. Yet, month after month, Airborne did not go to the Court and instead allowed Mezzo to unveil its litigation and claim construction positions and incur unnecessary expense. Such tactics are contrary to the spirit of Rule 1 of the Federal Rules of Civil Procedure, which requires that the rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Mezzo respectfully submits that this litigation conduct does not align with this mandate. Moreover, granting Airborne's Motion would be fundamentally **unfair**. Mezzo requests that the Court give due consideration to the circumstances.

### V.    AIRBORNE'S PREJUDICE NOT PART OF EITHER ANALYSIS

Airborne argues that it will suffer prejudice if its motion is denied, but that argument misses the mark. Under Rule 16, the focus is solely on whether the movant, Airborne, acted with diligence; if it did not, **the inquiry ends**. *See Johnson*, 975 F.2d at 609; *see also Medimpact*

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 11

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

*Healthcare Sys., Inc. v. IQVIA Holdings Inc.*, No. 19CV1865-GPC(LL), 2021 WL 5332551, at *4 n.6 (S.D. Cal. Nov. 16, 2021) ("Counter-Plaintiffs raise … arguments not relevant on a Rule 16(b) analysis such as prejudice to them as the moving party."). And under Rule 15, it is "prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). While some courts have noted a lack of prejudice to the moving party when *denying* leave to amend, such observations are typically ancillary and do not displace the well-established rule that **diligence under Rule 16 and prejudice to the non-moving party under Rule 15 are controlling**. *See, e.g.*, *Xyratex,* 2009 WL 10702551, at *6. Therefore, Airborne's claimed hardship, even if true, does not support granting leave to amend under either rule.

## VI.     CONCLUSION

Airborne's motion for leave must satisfy both Rule 16 and Rule 15, but it fails under both standards. Under Rule 16, Airborne must show diligence in seeking to amend. It did not. *Despite* knowing about Mezzo's products for many years, *despite* asserting infringement in August 2023 Letter, *despite* warning that it might assert infringement in the parties' Joint Status Report (Dkt. 41), and *despite* discussing the infringement contention deadline with Mezzo's counsel, Airborne *instead* made the strategic decision not to file a counterclaim or take any action on this issue whatsoever.

That lack of diligence alone provides *ample grounds* to deny the Motion. While Mezzo will also be prejudiced, and the Court may properly consider that prejudice, it is not necessary to reach that issue if the Court finds that Airborne failed to exercise diligence.

Even if the Court were to conclude that Airborne acted diligently, the Motion must still be denied under Rule 15. Allowing amendment now would result in significant and unfair prejudice to Mezzo, cause undue delay, and inject claims that are futile. It also raises concerns about Airborne's motives in shifting litigation strategy.

However, if the Court is inclined to grant leave, it should not do so without ordering a full reset of the case schedule, including new deadlines for patent disclosures, discovery, claim

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 12

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

construction, and dispositive motions. Mezzo also respectfully requests that Airborne be required to bear the costs and expenses caused by its delay, including those related to duplicative discovery, revised patent contentions, and re-litigation of issues that had already been addressed under the prior schedule. Such cost shifting is warranted. *See, e.g., Karr v. Ford Motor Co.*, No. 24-CV-2406-RSH, KSC, 2025 WL 1019138, at *1 (S.D. Cal. Apr. 4, 2025) (Rule 16 remedies include all Rule 37 fee and cost shifting remedies).

## LCR 7(e) CERTIFICATION

I certify that this memorandum contains 4,180 words, in compliance with the Local Civil Rules.

Dated July 16, 2025.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS<sup>PLLC</sup>

s/John D. Denkenberger
John D. Denkenberger, WSBA No. 25,907
John Whitaker, WSBA No. 28,868
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
E-mail: john.denkenberger@cojk.com,
john.whitaker@cojk.com, litdoc@cojk.com

CARVER DARDEN KORETZKY TESSIER
FINN BLOSSMAN & AREAUX

s/Emily Gummer
David Scotton (admitted *pro hac vice*)
Emily Gummer (admitted *pro hac vice*)
J. Matthew Miller (admitted *pro hac vice*)
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: 504.585.3821
E-mail: scotton@carverdarden.com,
gummer@carverdarden.com,
miller@carverdarden.com

*Attorneys for Plaintiff International Mezzo Technologies, Inc.*

MEZZO OPPOSITION TO AIRBORNE'S
MOTION FOR LEAVE TO AMEND ANSWER
(2:24-cv-01368-JNW) - 13

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100