THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTERNATIONAL MEZZO TECHNOLOGIES, INC.,

Plaintiff,

v.

AIRBORNE ECS, LLC,

Defendant.

No. 2:24-cv-01368-JNW

**AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER**

NOTE ON MOTION CALENDAR:
July 22, 2025

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. Rule 16 Does Not Apply ........ 1

B. Under Rule 15, Leave Should Be Granted ........ 3

C. The Compulsory Nature Further Supports Amendment ........ 6

D. Even If Rule 16 Applies, It Is Met ........ 6

III. CONCLUSION ........ 6

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER - i
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

# TABLE OF AUTHORITIES

Page

**CASES**

*CoalView Centralia, LLC v. TransAlta Centralia Mining LLC*,
No. C18-5639-RSM, 2021 WL 2290842 (W.D. Wash. June 4, 2021) .................................... 2

*Datanet LLC v. Microsoft Corp.*,
No. 2:22-cv-1545, 2024 WL 402876 (W.D. Wash. Feb. 2, 2024)................................... 2, 5, 6

*Fifer Support Servs. LLC v. Lyndon S. Insurance Co.*,
No. 2:23-cv-1260, 2024 WL 4839387 (W.D. Wash. Nov. 20, 2024)...................................... 1

*High Performance Properties No. 3, LLC v. Educ. Mgt., Inc.*,
No. CV 24-1821, 2025 WL 903134 (E.D. La. Mar. 25, 2025)................................................ 6

*Interstate Narrow Fabrics, Inc. v. Cent. USA, Inc.*,
218 F.R.D. 455 (M.D.N.C. 2003) ........................................................................................... 6

*Lochridge v. City of Tacoma*,
315 F.R.D. 596 (W.D. Wash. 2014) ........................................................................................ 2

*MidMountain Contrs., Inc. v. Am. Safety Indem. Co.*,
No. C10-1239JLR, 2013 U.S. Dist. LEXIS 194233 (W.D. Wash. May 7, 2013) .................... 3

*Pac. Point Condo. Ass'n v. HDI Glob. Ins. Co.*,
No. 2:23-cv-01518-LK, 2024 WL 4765227 (W.D. Wash. Nov. 13, 2024) ............................. 1

*Roach v. Wal-Mart Stores, Inc.*,
No. 5:18-cv-02536-AB-KK, 2020 WL 12811646 (C.D. Cal. Oct. 2, 2020) ........................... 4

*VP Sales & Mfg., L.P. v. Guerra*,
No. 2:22-CV-00224, 2023 WL 8000316 (S.D. Tex. Sept. 8, 2023) ........................................ 6

*Wizards of the Coast LLC v. Cryptozoic Ent. LLC*,
309 F.R.D. 645 (W.D. Wash. 2015) .................................................................................... 3, 4

**RULES**

Federal Rule of Civil Procedure Rule 16 .................................................................... 1, 2, 6

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER - ii
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

Federal Rule of Civil Procedure Rule 11 .......... 4

Federal Rule of Civil Procedure Rule 15 .......... passim

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER - iii
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

## I. INTRODUCTION

Intergalactic filed its motion for leave to add an infringement counterclaim—on the patent that is at the heart of Mezzo's complaint—well before the deadline for amending pleadings. In opposing, Mezzo invokes Federal Rule of Civil Procedure 16. But Intergalactic's proposed counterclaim requires no change to the pleading amendment deadline, so Rule 15, not Rule 16, governs. The law is clear on this.

Regardless, Mezzo fails to show why, whether under Rule 15 or Rule 16, leave should not be granted. Mezzo repeatedly invokes the time since it filed its complaint in 2023, but it ignores key facts. First, Mezzo filed this case in the wrong court, so merits work was delayed while the case was transferred to this Court. Discovery only began months ago (late January 2025), and Mezzo does not dispute that discovery is still in the early stages, and that numerous of Mezzo's discovery responses thus far have been deficient. Mezzo also fails to contend with the fact that, in March 2025, Intergalactic was acquired by General Electric Company, which thereafter engaged new counsel. Mezzo cannot show that any other factor under Rule 15 (or Rule 16) disfavors amendment. Meanwhile, the compulsory nature of Intergalactic's counterclaim further favors amendment.

The Court should grant Intergalactic's motion.

## II. ARGUMENT

### A. Rule 16 Does Not Apply

Mezzo erroneously asserts that Rule 16 applies. Dkt. 67 at 3-6. But Mezzo does not and cannot dispute that Intergalactic filed its motion well before the September 2, 2025 deadline for pleading amendments. Dkt. 42 at 2. Accordingly, Rule 15 governs. As this Court has held, when a party seeks to amend a pleading *before* the pleading amendment deadline, "the Court must decide under Rule 15 whether leave to amend should be permitted." *Fifer Support Servs. LLC v. Lyndon S. Insurance Co.*, No. 2:23-cv-1260, 2024 WL 4839387, at *2 (W.D. Wash. Nov. 20, 2024) (Whitehead, J.); *accord Pac. Point Condo. Ass'n v. HDI Glob. Ins. Co.*, No. 2:23-cv-01518-LK,

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

2024 WL 4765227, at *1 (W.D. Wash. Nov. 13, 2024) (Because the motion was filed before the deadline, "the liberal amendment procedures afforded by Rule 15 govern."). Rule 15 likewise applies where the amendment warrants changes to other dates in the schedule. *See Datanet LLC v. Microsoft Corp.*, No. 2:22-cv-1545, 2024 WL 402876, at *2-5 (W.D. Wash. Feb. 2, 2024) (Whitehead, J.) (allowing amendment under Rule 15 and directing the parties to revise the case schedule as a result); *id.* at Dkt. 40, 56 (scheduling order and motion to amend).

Mezzo cites no contrary authority. Even its own case law, *see* Dkt. 67 at 3-5, reinforces that Rule 16 does not apply here. In *AmerisourceBergen Corp. v. Dialysis West, Inc.*, the Ninth Circuit was clear that Rule 16 "has no effect on the operation of [Rule] 15(a) principles" when the motion is filed before the pleading amendment deadline. 465 F.3d 946, 952 (9th Cir. 2006). Because the movant "filed its motion for leave to amend within the deadline set by the district court," the "motion is subject to the limited constraints placed on motions for leave to amend under Rule 15(a)." *Id.*

Mezzo's other authorities are inapt. In *Spearman Corp. Marysville Division v. Boeing Co.*, the plaintiff sought leave almost two years *after* the pleading amendment deadline. No. C20-13RSM, 2022 WL 507997, at *1 (W.D. Wash. Feb. 18, 2022). And in other cases, there was no pleading amendment deadline. *See CoalView Centralia, LLC v. TransAlta Centralia Mining LLC*, No. C18-5639-RSM, 2021 WL 2290842, at *1 (W.D. Wash. June 4, 2021); *Lochridge v. City of Tacoma*, 315 F.R.D. 596, 599 (W.D. Wash. 2014). Even setting that aside, those motions, unlike here, were filed late in the case, such as after discovery closed and after the dispositive motions deadline, *see CoalView*, 2021 WL 2290842, at *1, or on the eve of discovery closing, *see Lochridge*, 315 F.R.D. at 598. Here, Intergalactic filed its motion not only before the pleading amendment deadline, but also well before the close of claim construction and fact discovery (September 2 and December 19, 2025), opening claim construction briefing (September 5, 2025), and the dispositive motions deadline (March 9, 2026). Dkt. 42 at 2-3.

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

**B. Under Rule 15, Leave Should Be Granted**

The five factors governing leave to amend under Rule 15—for which Mezzo bears the burden—all favor amendment. Dkt. 65 at 4-8. There is no bad faith, undue delay, or prejudice to Mezzo (much less substantial prejudice), the amendment is not futile, and this is Intergalactic's first amendment.

***No Undue Delay or Bad Faith.*** Mezzo's narrative that Intergalactic has unduly delayed and that "the circumstances raise serious questions" of "improper intent," "gamesmanship," and "bad faith" is unsupported and unfounded. Dkt. 67 at 6-11.

Mezzo repeatedly counts the "over *nineteen* months after Mezzo filed its complaint" in November 2023, but this is a red herring. *E.g.*, Dkt. 67 at 1, 8. Mezzo ignores numerous relevant facts that Intergalactic's motion already addressed.[1] Dkt. 65 at 2-3, 7-8.

To start, Mezzo filed in the wrong venue, so the beginning of this case—through late August 2024—required proceedings on Intergalactic's motion to transfer. Dkt. 8, 21. Even after transfer, the case did not begin in earnest until late January 2025 (after assignment to this Court), and there is abundant time to address infringement. Dkt. 65 at 2; Dkt. 42. Limited discovery has occurred, and neither party has filed a notice for deposition. The *Markman* hearing will not take place until late October 2025, fact discovery does not close until December 2025, and trial is a year from now (June 2026). Dkt. 42 at 2-3; Dkt. 65 at 3. Courts have found no undue delay in similar circumstances. *See Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (no undue delay where motion was filed three months before close of discovery and eight months before trial); *MidMountain Contrs., Inc. v. Am. Safety Indem. Co.*, No. C10-1239JLR, 2013 U.S. Dist. LEXIS 194233, at *6 (W.D. Wash. May 7, 2013) (same, for motion filed before the deadlines for pleading amendment, fact discovery, and dispositive motions). Besides, "the fact

[1] Mezzo's counting back to Intergalactic's August 2023 letter is equally misguided, for similar reasons as discussed above. *See* Dkt. 67 at 6-7. Moreover, Intergalactic's letter sought an amicable resolution, not litigation. Dkt. 1-1. And instead of responding, Mezzo filed this case.

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

that a party could have amended a [pleading] earlier does not in itself constitute an adequate basis for denying leave to amend." *Wizards*, 309 F.R.D. at 652.

Mezzo also ignores Intergalactic's acquisition in 2025, after which it obtained new counsel, who first appeared in April 2025. Dkt. 44-46; Dkt. 65 at 3. Courts have found that entry of new counsel demonstrates no undue delay. *See Roach v. Wal-Mart Stores, Inc.*, No. 5:18-cv-02536-AB-KK, 2020 WL 12811646, at *2 (C.D. Cal. Oct. 2, 2020). Intergalactic's new counsel has been diligent in investigating Mezzo's complaint and relevant facts to bring the infringement counterclaim so that all issues arising from Mezzo's complaint can be addressed together.

As part of that effort, Intergalactic's new counsel engaged Mezzo in settlement discussions, during which Mezzo was adamant that the '670 patent was invalid because of Mezzo's own prior sales. After confirming a good-faith belief that Mezzo's current products infringe and differ from its asserted prior-art products, Intergalactic timely sought leave to assert infringement. That compliance with Rule 11 was not "gamesmanship" nor "an unfair tactical benefit." Dkt. 65 at 8-9. Mezzo itself invokes the "black-letter patent law" that a patent is invalid if the accused products were sold prior to the patent and thereby anticipate the patent. Dkt. 67 at 1. Intergalactic and its new owner needed time to assure Intergalactic could proceed with its counterclaim.

Finally, Mezzo complains that Intergalactic's motion came "after the Court's deadline for infringement contentions." Dkt. 67 at 1, 7. But the record is clear that such deadline was a mistake. The parties' proposed schedule did not include a date for infringement contentions because there were no pending infringement claims at the time. Dkt. 41 & 41-1. In fact, in that joint filing, Intergalactic noted that it "has not presently filed patent infringement claims" but "*reserves the right to appropriately amend its pleadings as discovery progresses and relevant information is obtained*," and Mezzo did not dispute this. Dkt. 41 at 2-3 (emphasis added); *see also* Dkt. 67 at 16 (acknowledging Intergalactic's reservation of right). Yet, in its opposition, Mezzo inexplicably criticizes Intergalactic because it "never moved the Court to amend" the contentions deadline. Dkt. 67 at 3 (emphasis omitted). But at the time, Mezzo said the opposite: There was no "need to ask

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

the Court to remove that deadline" and "the parties can simply not submit anything regarding infringement contentions." *Id.* Thus, Intergalactic understood that both parties—having conferred on this issue—recognized the dates for infringement and non-infringement contentions were inadvertent. Dkt. 65-2. If any party is now guilty of "gamesmanship," it is Mezzo.

***No Prejudice.*** Mezzo cannot show prejudice, much less substantial prejudice—the Rule 15(a) "touchstone." *Datanet*, 2024 WL 402876, at *2.

Mezzo's view that amendment requires a "full reset of the case," Dkt. 67 at 10, is pure hyperbole. As Intergalactic has detailed, amendment will not meaningfully affect the schedule. Dkt. 65 at 5-6. This includes claim construction because "claim terms must be 'construed the same way for both invalidity and infringement," and Mezzo already proposed that nearly all claim terms be construed. Dkt. 65 at 6 (citation omitted). Remarkably, Mezzo suggests it would offer different constructions for invalidity and infringement. Dkt. 67 at 9. Such erroneous approach cannot show prejudice. Nor is a need for additional discovery, Dkt. 67 at 10, "sufficient to establish prejudice." *Datanet*, 2024 WL 402876, at *4. Besides, there remains plenty of time to prosecute Intergalactic's counterclaim. Indeed, the majority of discovery to date has already focused on the '670 patent—substantially overlapping with the infringement issues. In addition, Mezzo does not dispute its lack of diligence in prosecuting this case. *See* Dkt. 65 at 3, 7.

Finally, even assuming *arguendo* that some case deadlines warrant revision, that does not establish prejudice. In *Datanet*, the defendant moved for leave to amend its invalidity contentions, affirmative defenses, and counterclaim after claim construction discovery closed and shortly before the *Markman* hearing. 2024 WL 402876, at *4. This Court found that "any alleged prejudice can be cured by amending the case schedule[,]" and ordered the parties to "propos[e] a new case schedule[.]." *Id.* at *4-5. If needed, the same can be done here.

***No Futility.*** Mezzo makes a throwaway argument on futility, baldly asserting the patent is invalid and unenforceable. Dkt. 67 at 10-11. But just as Mezzo can pursue its challenges to the patent, Intergalactic is entitled to assert its duly issued patent against Mezzo's infringement.

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

**C. The Compulsory Nature Further Supports Amendment**

Mezzo wrongly argues that the compulsory nature of Intergalactic's counterclaim "*does not matter*." Dkt. 67 at 8. But Mezzo's cited cases are distinguishable—those movants all sought leave *after* the pleading amendment deadline, so Rule 16 governed. *See VP Sales & Mfg., L.P. v. Guerra*, No. 2:22-CV-00224, 2023 WL 8000316, at *5 (S.D. Tex. Sept. 8, 2023); *High Performance Properties No. 3, LLC v. Educ. Mgt., Inc.*, No. CV 24-1821, 2025 WL 903134, at *2 (E.D. La. Mar. 25, 2025); *Interstate Narrow Fabrics, Inc. v. Cent. USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C. 2003). Under Rule 15, which applies here, leave to amend should be "freely give[n]" "when justice so requires." Courts have routinely recognized that justice warrants amendment to add compulsory counterclaims. Dkt. 65 at 9-11.

**D. Even If Rule 16 Applies, It Is Met**

As noted, Rule 16 does not apply—Intergalactic filed its motion well before the applicable deadline. Nor, as also discussed, does Intergalactic otherwise seek to amend the Scheduling Order, but even if it did, Rule 15, not Rule 16, would still govern.

Regardless, Mezzo's arguments about schedule changes are a sideshow. For one, the Court has inherent authority to revise deadlines as it sees fit. *See Datanet*, 2024 WL 402876, at *5. For another, an amended pleading necessarily provides good cause for concomitant schedule changes. *See id.* at *5 (explaining that "leave to amend under Rule 15 constitutes good cause under Local Patent Rule 124" to amend invalidity contentions). Thus, to the extent Rule 16 applies in any respect, good cause exists for this reason and all the reasons stated above pursuant to Rule 15.

**III. CONCLUSION**

This Court should grant Intergalactic leave to assert a counterclaim for infringement of the '670 patent.

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

DATED this 22nd day of July, 2025.

RESPECTFULLY SUBMITTED,

MARTINEZ & FARMER LLP

By: */s/ Tyler L. Farmer*

Tyler L. Farmer, WSBA #39912
Ariel A. Martinez, WSBA #54869
4020 East Madison, St., Suite 300
Seattle, WA 98112
T: 206.208.2270
tyler@mfseattle.com
ariel@mfseattle.com

William E. Devitt*
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Phone: (312) 269-4240
wdevitt@jonesday.com

Laura Kanouse Vining*
JONES DAY
1221 Peachtree Street N.E., Suite 400
Atlanta, GA 30361
Phone: (404) 581-8352
lkvining@jonesday.com

Yury Kalish*
Jennifer L. Swize*
Nathaniel C. Sutton*
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
Phone: (202) 879-3939
jswize@jonesday.com
nsutton@jonesday.com

Randall E. Kay*
JONES DAY
4655 Executive Drive
San Diego, CA 92121-3134
Tel: (858) 314-1200
rekay@jonesday.com

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER - 7
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

*Admitted *pro hac vice*

I certify that this memorandum contains 2,099 words, in compliance with the Local Civil Rules.
.

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR
LEAVE TO AMEND ANSWER - 8
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270