THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTERNATIONAL MEZZO
TECHNOLOGIES, INC.,

    Plaintiff,

  v.

AIRBORNE ECS, LLC,

    Defendant.

No. 2:24-cv-01368-JNW

**INTERGALACTIC'S MOTION TO STRIKE OR DISMISS MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH AFFIRMATIVE DEFENSE**

Noted for Consideration:
December 10, 2025

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS MEZZO'S
COUNTERCLAIM IN REPLY AND ITS SEVENTH AFFIRMATIVE
DEFENSE
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................................. 1

II.     PROCEDURAL HISTORY ............................................................................................. 1

    A.      Mezzo's Complaint ............................................................................................. 1

    B.      Intergalactic's Motion for Judgment on the Pleadings ........................................ 2

    C.      Intergalactic's First Amended Answer and Counterclaim, and Mezzo's Pleading in Response ......................................................................................... 2

III.    LEGAL STANDARD ..................................................................................................... 3

IV.     ARGUMENT ................................................................................................................. 4

    A.      Mezzo's Counterclaim in Reply is Redundant of Mezzo's Complaint and Should be Stricken Under Rule 12(f) ................................................................. 5

    B.      Mezzo's Counterclaim in Reply Should be Dismissed Under Rule 12(b)(6) for Failure to State a Claim ............................................................................... 8

        1.      Mezzo Fails to State a Claim that the '670 Patent Does Not Name the Correct Inventors Or that the Inventors Breached Their Duty Under 37 C.F.R. § 1.56 ............................................................................. 8

        2.      Mezzo Lacks Standing to Bring a Claim for Correction of Inventorship ...................................................................................... 11

    C.      Mezzo's Seventh Affirmative Defense Should Also be Stricken ........................ 12

V.      CONCLUSION ............................................................................................................. 12

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                          - i -
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Apple Inc. v. Samsung Elecs. Co.*,
No. 11-CV-01846, 2011 WL 4948567 (N.D. Cal. Oct. 18, 2011)......................................... 3, 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................................ 4, 10

*Belcher Pharms., LLC v. Hospira, Inc.*,
No. 17-775, 2019 WL 2503159 (D. Del. June 5, 2019)............................................................ 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................................ 4

*California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*,
217 F. Supp. 2d 1028 (C.D. Cal., 2002).................................................................................. 3

*Chavez v. United States*,
683 F.3d 1102 (9th Cir. 2012).................................................................................................. 8

*Chou v. Univ. of Chicago*,
254 F.3d 1347 (Fed. Cir. 2001).............................................................................................. 11

*E&E Co. v. London Luxury LLC*,
571 F. Supp. 3d 64 (S.D.N.Y. 2021)........................................................................................ 9

*Equine Legal Solutions, Inc. v. Buntrock*,
C 07-04976, 2008 WL 111237 (N.D. Cal. Jan. 9, 2008) .......................................................... 4

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
575 F.3d 1312 (Fed. Cir. 2009)..................................................................................... 9, 10, 11

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)......................... 3

*Johnson v. Johnson*,
No. 1:15-CV-01793, 2016 WL 5235047 (E.D. Cal. Sept. 21, 2016)......................................... 7

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                                    - ii -
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008)..................................................................................... 4

*Perez v. Roofing*,
   No. 3:15-CV-05623, 2016 WL 898545 (W.D. Wash. Mar. 9, 2016) ..................................... 5

*Shukh v. Seagate Tech., LLC*,
   803 F.3d 659 (Fed. Cir. 2015)..................................................................................... 11

*Spigen Korea Co LTD v. Lijun Liu*,
   No. CV 16-9185, 2018 WL 6038283 (C.D. Cal. Feb. 12, 2018) ................................... 4

*Stickrath v. Globalstar, Inc.*,
   No. C07–1941, 2008 WL 2050990 (N.D. Cal. May 13, 2008).............................................. 4, 5

*Wailua Assocs. v. Aetna Cas. & Sur. Co.*,
   183 F.R.D. 550 (D. Haw. 1998)..................................................................................... 8

STATUTES

35 U.S.C. § 101 ........................................................................................................... 12

35 U.S.C. § 115 ...................................................................................................... 11, 12

35 U.S.C.§ 116 ........................................................................................................... 12

35 U.S.C. § 256 ................................................................................................ 6, 7, 8, 11

Louisiana Unfair Trade Practices and Consumer Protection Act .................................... 2

OTHER AUTHORITIES

37 C.F.R. § 1.56 ....................................................................................................... 8, 10

Federal Rule of Civil Procedure Rule 9(b) .......................................................... 9, 10,11

Federal Rule of Civil Procedure 12(b)(6) .......................................................... 1, 3, 4, 8

Federal Rule of Civil Procedure 12(c) ...................................................................... 8, 9

Federal Rule of Civil Procedure 12(f).................................................................... passim

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                        - iii -
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

Federal Rule of Civil Procedure 15(a) ............................................................................ 7

U.S. Constitution Article 1, § 8...................................................................................... 12

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                           - iv -
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6), Defendant-Counterclaim Plaintiff Intergalactic Spaceworx, LLC's ("Intergalactic"), formerly known as Airborne ECS, LLC, moves to strike or dismiss portions of Plaintiff-Counterclaim Defendant International Mezzo Technologies, Inc.'s ("Mezzo") Answer to Counterclaims (Dkt. 83). Mezzo adds redundant claims and defenses covering the same issues regarding the validity and inventorship of the patent at issue in its Complaint. But there is no need to multiply the proceedings with redundant pleadings. Mezzo's pleadings should be streamlined, whether under Rule 12(f) or Rule 12(b)(6).

*First*, the Counterclaim in Reply is duplicative of Counts II–IV in Mezzo's Complaint (Dkt. 1). Accordingly, pursuant to Rule 12(f), the Court should strike Mezzo's Counterclaim in Reply.

*Second*, Intergalactic's Motion for Judgment on the Pleadings of Counts II–IX in Mezzo's Complaint (Dkt. 60) is currently pending before the Court. Because Mezzo's Counterclaim in Reply is redundant of Mezzo's Counts II–IV in Mezzo's Complaint, the Counterclaim fails for the reasons set forth in Intergalactic's Motion for Judgment on the Pleadings. Accordingly, the Counterclaim in Reply should not proceed for this additional reason—it should be dismissed pursuant to Rule 12(b)(6).

*Third*, because Mezzo's Seventh Affirmative Defense is redundant of Count III in its Complaint and its Counterclaim in Reply, once those pleadings are stricken or dismissed, the Seventh Affirmative Defense should be stricken too.

## II. PROCEDURAL HISTORY

### A. Mezzo's Complaint

As alleged in Mezzo's Complaint, Mezzo and Intergalactic each develop technology that regulates the temperature of electronic equipment. *See* Dkt. 1 ("Compl."), ¶ 12. Before the present dispute arose, Intergalactic had preliminary discussions about engaging Mezzo to manufacture heat exchangers, which prevent electronic equipment from overheating. *Id*. at ¶¶ 13–20. But after

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE - 1 -
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

discussions broke down, Intergalactic invested considerable resources to develop its own product: laser-welded microtube heat exchangers. *Id*. at ¶ 21. In 2022, the U.S. Patent and Trademark Office ("USPTO") granted Intergalactic a patent to its innovative new technology—U.S. Patent No. 11,519,670 ("the '670 patent"). However, a year later, Intergalactic learned that Mezzo was marketing materially identical heat exchangers. Ex. A to Compl. Intergalactic sent a letter to Mezzo, advising Mezzo of the '670 patent and the potential risks of infringement. *Id*. Mezzo responded by filing its Complaint in the U.S. District Court for the Middle District of Louisiana. It sought a declaratory judgment that the '670 patent is invalid, unenforceable, or subject to correction of inventorship; asserted federal and state claims for misappropriation of trade secrets; and included causes of action for breach of contract, conversion, and violations of the Louisiana Unfair Trade Practices and Consumer Protection Act. Mezzo's Complaint rested on general allegations that Intergalactic personnel had obtained Mezzo's proprietary information during the parties' discussions and then used that information to design the patented product. Compl. ¶¶ 13, 17–19, 46–48, 65–66. On Intergalactic's motion, the case was transferred to this Court. Dkt. 21.

**B.      Intergalactic's Motion for Judgment on the Pleadings**

In September 2024, Intergalactic filed an answer that categorically denied Mezzo's claims and raised several affirmative defenses, including failure to state a claim. Dkt. 34. In June 2025, after being acquired by GE Aerospace and obtaining new counsel, Intergalactic moved for judgment on the pleadings on Counts II–IX of Mezzo's Complaint.[1] *See* Dkt. 60. Briefing on that motion is complete. *See* Dkt. 60, 61, 64.

**C.      Intergalactic's First Amended Answer and Counterclaim, and Mezzo's Pleading in Response**

On October 15, 2025, with leave of Court, Intergalactic filed its Amended Answer and Counterclaim to add a counterclaim of infringement of the '670 patent. Dkt. 81. On October 29,

---

[1] Mezzo has since agreed to drop Count VIII on conversion. *See* Dkt. 61 at 11 ("By agreement of the parties, Mezzo will not pursue its claim of conversion.").

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                    - 2 -
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

2025, Mezzo filed its "Answer to Counterclaims," which is the pleading at issue in this motion. Dkt. 83. In its Answer, Mezzo raised affirmative defenses including, as relevant here, a Seventh Affirmative Defense, entitled "Incorrectly Named Inventorship," that alleges incorrect inventorship of the '670 patent. *Id.* at 15. Mezzo also asserted a "Counterclaim in Reply" asking the Court to, *inter alia*, "[d]eclare that the '670 patent is invalid and/or unenforceable for failure to name the correct inventor(s) or, alternatively, order a correction of the inventorship of the '670 patent," and "[d]ismiss Intergalactic's claims for infringement with prejudice." *Id.* at 15–17.

At the parties' meet and confer on November 10, 2025, Intergalactic pointed out the duplicative nature of Mezzo's Seventh Affirmative Defense and its Counterclaim in Reply, and asked whether Mezzo would amend its answer to remove the duplicative matter; otherwise, Intergalactic stated its intent to file a motion to strike and dismiss. Mezzo declined to amend.

Intergalactic hereby brings this motion to strike and dismiss the redundant and inadequate pleadings under Rules 12(f) and 12(b)(6), respectively.

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), the Court may strike any material from a pleading that is "insufficient" or "redundant, immaterial, impertinent or scandalous," Fed. R. Civ. P. 12(f), and affirmative defenses and counterclaims in reply are both subject to Rule 12(f). *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846, 2011 WL 4948567, at *10 (N.D. Cal. Oct. 18, 2011) (striking two counterclaims in reply that duplicated affirmative defenses in the same pleading); *see also California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal., 2002) (citing *Fantasy*, 984 F.2d at 1528) ("Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court."). The essential function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994) . While the court

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH AFFIRMATIVE DEFENSE                     - 3 - (CASE NO. 2:24-CV-01368-JNW)

must view the challenged material in the light most favorable to the pleading party, *see Equine Legal Solutions, Inc. v. Buntrock*, C 07-04976, 2008 WL 111237, at *2 (N.D. Cal. Jan. 9, 2008), striking material under Rule 12(f) is appropriate for claims and defenses that are "repetitious of issues already before the court," i.e., "where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Stickrath v. Globalstar, Inc.*, No. C07–1941, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008) (citations omitted). Thus, "[n]umerous courts have used that discretion to dismiss counterclaims under Fed. Rule Civ. Pro. 12(f)" to strike such redundant pleadings. *Id.* The court should focus on whether the new pleadings "serve any useful purpose, and should dismiss or strike a redundant counterclaim [or defense] when it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim [or defense]." *Id.* at *4 (internal quotations and citations omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed when the plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "A court is not required to accept as true legal conclusions couched as factual allegations." *Spigen Korea Co LTD v. Lijun Liu*, No. CV 16-9185, 2018 WL 6038283, at *3 (C.D. Cal. Feb. 12, 2018) (citing *Iqbal*, 556 U.S. at 678).

## IV.    ARGUMENT

Under governing standards, Intergalactic's Motion to Strike or Dismiss should be granted.

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                    - 4 -
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

### A. Mezzo's Counterclaim in Reply is Redundant of Mezzo's Complaint and Should be Stricken Under Rule 12(f)

The Court may strike a counterclaim under Rule 12(f) when it is "either the 'mirror image' of claims in the complaint or redundant of affirmative defenses" or otherwise "serve[s] no useful purpose." *Stickrath*, 2008 WL 2050990, at *3. Mezzo's Counterclaim in Reply should be stricken because it is duplicative and unnecessary in light of the causes of action contained in Mezzo's Complaint.

To withstand a motion to strike duplicative pleadings, Mezzo must show that its new pleadings raise new issues of fact or law that would not be resolved by a decision on the merits of its other pleadings. *See Perez v. Roofing*, No. 3:15-CV-05623, 2016 WL 898545, at *2 (W.D. Wash. Mar. 9, 2016) (citing *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 852 (N.D. Ill. 1990); *Daily v. Federal Ins. Co.*, No. C 04-3791, 2005 WL 14734 *6 (N.D. Cal. Jan 3, 2005)). In *Perez*, the court granted a Rule 12(f) motion to strike because the counterclaims raised "no issues not also raised by the Complaint," and "[a] decision on Complaint's merits would render the Counterclaims for declaratory judgment moot." *Perez*, 2016 WL 898545, at *2; *see also id.* (the counterclaims and Complaint had "'complete identity' of legal issues . . . as well as of factual issues" and did "not serve any useful purpose"). The Counterclaim in Reply falls far short of this standard. Instead, it asserts allegations duplicative of—indeed, nearly identical to—what its Complaint and original causes of action allege. Specifically:

- Paragraph 1 of Mezzo's Counterclaim in Reply adopts Mezzo's Complaint in its entirety. *See generally* Compl.

- Paragraph 2 of Mezzo's Counterclaim in Reply is duplicative of facts alleged in paragraph 22 of Mezzo's Answer. Dkt. 83 at 7.

- Paragraph 3 of Mezzo's Counterclaim in Reply is duplicative of Mezzo's Complaint paragraphs 22 and Count IV. Compl. ¶¶ 22, 41–42.

- Paragraph 4 of Mezzo's Counterclaim in Reply is duplicative of Mezzo's Complaint

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                                    - 5 -
(CASE NO. 2:24-CV-01368-JNW)

paragraphs 22–23 and Count II. *Id.* at ¶¶ 22–23, 33–36.

- Paragraph 5 of Mezzo's Counterclaim in Reply is duplicative of Mezzo's Complaint paragraph 23. *Id.* at ¶ 23.

- Paragraph 6 of Mezzo's Counterclaim in Reply is duplicative of Mezzo's Complaint paragraph 22. *Id.* at ¶ 22.

- Paragraph 7 of Mezzo's Counterclaim in Reply is duplicative of Mezzo's Complaint Count III and of the Seventh Defense. *Id.* at ¶¶ 37–40.

- Paragraph 8 of Mezzo's Counterclaim in Reply is duplicative of Mezzo's Complaint paragraphs 23–24 and Counts II–III. Mezzo's allegation that Intergalactic might seek to correct inventorship under 35 U.S.C. § 256 is pure speculation because Intergalactic has not sought such correction. This paragraph is therefore immaterial because it fails to raise a new legal issue. Nor does Mezzo request any relief related to § 256. Dkt. 83 at 17.

- Paragraph 9 of Mezzo's Counterclaim in Reply is duplicative of Mezzo's Complaint Counts I–IV. Compl. ¶¶ 29–42.

- Paragraphs a, c, and d of Mezzo's requested relief for its Counterclaim in Reply (*see* Dkt. 83 at ¶ 10) are duplicative of Mezzo's Complaint Count IV and Complaint Prayer for Relief paragraphs 4–5, 10, and 12. Compl.¶¶ 41–42, Prayer for Relief ¶¶ 4–5, 10, 12.

- Paragraph 10(b) is duplicative of Mezzo's First Defense. Dkt. 83 at 14.

Thus Mezzo's Counterclaim in Reply does not raise any new legal or factual issues and "offer[s] no useful purpose, separate and apart from the 'mirror image'" allegations "already contained elsewhere" in its pleadings. *Apple*, 2011 WL 4948567, at *10. Therefore, Mezzo's Counterclaim in Reply should be stricken.

Not only Mezzo's Counterclaim in Reply is unnecessarily duplicative, but the parties have

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                                    - 6 -
(CASE NO. 2:24-CV-01368-JNW)

already briefed whether this claim is properly pleaded, as discussed next in Section IV.B below. *See also* Dkts. 60–61, 64.  By refusing to remove this redundant pleading, Mezzo forces both sides to rehash issues already addressed in briefing on Intergalactic's pending Motion for Judgment on the Pleadings.  Intergalactic explained why Mezzo's Count III seeking a declaration that the '670 patent "is invalid and/or unenforceable" is deficient (Dkt. 60 at 10–11), and Mezzo conceded the point, admitting the "unenforceable" language is "superfluous."  Dkt. 61 at 5 ("[t]he reference to 'unenforceable' in Count III is incidental, superfluous and does not transform the statutory invalidity claim into a fraud-based claim.").  Yet Mezzo repeats the same superfluous language in its Counterclaim in Reply, needlessly wasting the Court's resources.

Further, Mezzo has not identified any relief that it would be entitled to under its Counterclaim in Reply that it could not already be granted under the claims of its Complaint, including its claims of invalidity, improper inventorship, breach of duty of candor, and correction of inventorship (Counts II–IV) or the Seventh Affirmative Defense, nor has Mezzo identified any factual or legal issues uniquely raised by these affirmative defenses or counterclaim in reply which could not otherwise be addressed by the Court in ruling on the causes of action it already raised in its Complaint.  During the meet and confer of November 10, 2025, Intergalactic's counsel asked Mezzo's counsel to clarify how the Counterclaim in Reply differs from Mezzo's Complaint. Mezzo's counsel pointed only to the specific invocation of "35 U.S.C. § 256" in paragraph 8 of its Counterclaim in Reply, which is not mentioned in Mezzo's Complaint.[2]  Dkt. 83 at 16.  But paragraph 8 does not appear to invoke a cause of action under § 256, as it states only that "to the extent Intergalactic seeks correction of inventorship under 35 U.S.C. § 256, such correction is

---

[2] It is improper for Mezzo to use a counterclaim in reply to address deficiencies in its Complaint while circumventing proper amendment procedures.  Some courts treat counterclaims in reply as requests to amend the complaint, and determine whether the complaint should be amended under the Federal Rule of Civil Procedure 15(a) analysis.  *See, e.g., Johnson v. Johnson*, No. 1:15-CV-01793, 2016 WL 5235047, at *4 (E.D. Cal. Sept. 21, 2016) (deciding to "consider Plaintiffs' counterclaim in reply as a request to amend the complaint," analyzing the counterclaim in reply under Rule 15(a), and granting leave to amend the complaint).

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                              - 7 -
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

unavailable." *Id.* Mezzo itself does not request relief under § 256, and a speculative hypothetical about what Intergalactic might or might not do raises no legal issue under this statute.[3] *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550 (D. Haw. 1998) (dismissing plaintiff's claim that was "based on a series of hypothetical situations that may never materialize" because, without concrete facts, plaintiff was "impermissibly seeking an advisory opinion"). Regardless, the parties have already briefed the sufficiency of Mezzo's claim for correction of inventorship under this statute in the 12(c) briefing. *See* Dkt. 60 at 11; Dkt. 61 at 11. Thus, the reference to § 256 in the Counterclaim in Reply does not avoid the unnecessary duplication of this pleading, and it should be stricken in full.

**B.     Mezzo's Counterclaim in Reply Should be Dismissed Under Rule 12(b)(6) for Failure to State a Claim**

Even if Mezzo's Counterclaim in Reply is not stricken as redundant, it fails as a matter of law pursuant to Rule 12(b)(6), for the same reasons already briefed in Intergalactic's Motion for Judgment on the Pleadings regarding Mezzo's Complaint. As explained above, Mezzo's Counterclaim in Reply simply mirrors Counts II–IV of its Complaint. Intergalactic's Rule 12(c) Motion for Judgment on the Pleadings already identifies the legal defects in those claims, and the Counterclaim in Reply should be dismissed for the same reasons. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (stating "[a]nalysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6)") (citation omitted). Because Mezzo declined to withdraw this redundant pleading, Intergalactic has been forced to brief the issues again; dismissal is warranted and will prevent further unnecessary duplication of effort.

**1.     Mezzo Fails to State a Claim that the '670 Patent Does Not Name the Correct Inventors Or that the Inventors Breached Their Duty Under 37 C.F.R. § 1.56**

Despite the parties briefing the same issues for Intergalactic's pending Motion for Judgment

---

[3] Intergalactic's reference to § 256 in moving for judgment on the pleadings pointed out a deficiency in Mezzo's Complaint and has no effect on Mezzo's continued failure to either request or properly plead a claim under § 256. Dkt. 60 at 6.

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                    - 8 -
(CASE NO. 2:24-CV-01368-JNW)

on the Pleadings with respect to Counts II–III of Mezzo's Complaint, it is once again unclear whether Mezzo is seeking a declaration of only invalidity of the '670 patent based on improper inventorship or also (or instead) seeking a declaration of unenforceability.  *See* Dkt. 83 at 15–16. (requesting a declaration that the '670 patent "is invalid and/or unenforceable").  As noted above, the same unclear language that appeared in Counts II–III of Mezzo's Complaint is reasserted in Mezzo's Counterclaim in Reply.  Intergalactic already explained in its 12(c) motion briefing that the ambiguity of "invalid and/or unenforceable" makes it unclear whether Mezzo intends to seek a declaration of unenforceability, which is a separate claim from a claim of invalidity.  Dkt. 60, 64. *See, e.g.*, *E&E Co. v. London Luxury LLC*, 571 F. Supp. 3d 64, 70 (S.D.N.Y. 2021) (noting that a request for "declaratory judgment of statutory invalidity based upon improper inventorship" is distinct from a request for "declaratory judgment of unenforceability due to the inequitable conduct of omitting names of inventors" and that pleading the two together to seek a declaratory judgment of "[i]nvalidity and/or [u]nenforceability" is "confusing[]").  In its brief in response to Intergalactic's Motion for Judgment on the Pleadings, Mezzo "clarifie[d] that Count III seeks statutory invalidity" and stated its position that "[t]he reference to "unenforceable" in Count III is incidental, superfluous."  Dkt. 61 at 5.  Yet, when Intergalactic pointed out this same unclear language in the Counterclaim in Reply and asked Mezzo to withdraw or amend its counterclaim in order to avoid duplicative briefing, Mezzo refused even to amend to remove the "superfluous" language.

Moreover, claims for unenforceability based on improper inventorship sound in inequitable conduct, *see E&E Co.*, 571 F. Supp. 3d at 70, and must be pled with particularity under Rule 9(b). *Belcher Pharms., LLC v. Hospira, Inc.*, No. 17-775, 2019 WL 2503159, at *1 (D. Del. June 5, 2019); *see also Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). Mezzo's Counterclaim in Reply asks the Court to declare the asserted patent "unenforceable for failure to name the correct inventor(s)" (Dkt. 83 at 17), just like its Complaint.  But Mezzo's

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                    - 9 -
(CASE NO. 2:24-CV-01368-JNW)

Counterclaim in Reply has not addressed the deficiencies identified in Intergalactic's Motion for Judgment on the Pleadings for Mezzo's Counts II–III.

Instead, Paragraphs 4–6 in Mezzo's Counterclaim in Reply—the primary supporting paragraphs for this claim—merely recite basic legal elements of an inequitable conduct claim, akin to its Count III, and its duty to disclose under 37 CFR § 1.56, akin to Count II. These paragraphs state broadly that "Messrs. Herrick-Kaiser and Fausett made these declarations knowing them to be false, with the intent of deceiving the USPTO and defrauding Mezzo," (Dkt. 83 at ¶ 4) and "Mr. Fausett, Mr. Herrick-Kaiser and Intergalactic knew that Mezzo and its employees previously designed and manufactured laser welded heat exchangers for aircrafts, and as such Intergalactic knew or should have known that the named inventor(s) were not the true and sole inventor(s) of the claimed subject matter." *Id.* at ¶ 6. That bare legal conclusion does not allege "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1327.

For example, Mezzo's Counterclaim in Reply fails to identify "what" specific information Intergalactic withheld or misrepresented. *Id*. Mezzo provides no description of the alleged misrepresentation or omission, nor any explanation of why the information was material to patentability. As another example, Mezzo's Counterclaim in Reply fails to explain "where" in the prosecution record a supposed misrepresentation can be found. *Id*. And, as another example, Mezzo's Counterclaim in Reply fails to plead allegations supporting that any individual involved in the prosecution of the '670 patent knowingly made a material misrepresentation with the specific intent to deceive the USPTO. At most, Mezzo's Counterclaim in Reply alleges that two individuals told the USPTO they were the "original inventor" of the "claimed invention," when they purportedly were not. Dkt. 83 at 16. But such a generic allegation provides none of the particularized details required by Rule 9(b) and from which the Court could "draw a reasonable inference that [Intergalactic] is liable for" intending to deceive the USPTO. *Iqbal*, 556 U.S. at 678;

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH AFFIRMATIVE DEFENSE  - 10 - (CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

*see also Exergen*, 575 F.3d at 1327.  Mezzo's Counterclaim in Reply therefore fails as a matter of law to meet the heightened pleading standards of Rule 9(b) and should be dismissed for failure to state a claim.  *See Exergen*, 575 F.3d at 1327.

### 2.    Mezzo Lacks Standing to Bring a Claim for Correction of Inventorship

In its Counterclaim in Reply, Mezzo again alleges that "Intergalactic's failure to name the correct inventor(s) violates the requirements of 35 U.S.C. § 115 and renders the '670 Patent invalid," and asks the Court to "order a correction of the inventorship of the '670 patent."  Dkt. 83 at 16–17.  Mezzo made these same allegations in Count IV of its Complaint.

As Intergalactic already showed in its Motion for Judgment on the Pleadings briefing, any correction of inventorship must meet the standards of 35 U.S.C. § 256, including the Constitutional standing requirements.  35 U.S.C. § 256 ("Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent, the Director may," on certain conditions, "issue a certificate correcting such error."); *Chou v. Univ. of Chicago*, 254 F.3d 1347, 1357 (Fed. Cir. 2001).  Specifically, Mezzo must allege that it "suffered an injury-in-fact, that the injury is traceable to the conduct complained of, and that the injury is redressable by a favorable decision."  *Id*.  In the context of a claim for correction of inventorship, a plaintiff can establish standing by alleging: an expected ownership right in the patent, a concrete financial stake in the patent, or a "concrete and particularized reputational injury" resulting from not being named as an inventor.  *Shukh v. Seagate Tech., LLC*, 803 F.3d 659, 663 (Fed. Cir. 2015).

Despite Intergalactic, in its Motion for Judgment on the Pleadings, pointing out Mezzo's failure to meet this requirement for Count IV in its Complaint, Mezzo's Counterclaim in Reply still does not identify a cognizable interest in the '670 patent.  Mezzo alleges that "the subject matter claimed in one or more claims of the '670 patent was conceived in whole or in part by" Kevin Kelly. Dkt. 83 at 16.  But nowhere does Mezzo allege that Kevin Kelly or any other inventor owed Mezzo a duty of assignment.  Therefore Mezzo cannot establish ownership or a concrete financial

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                                                      - 11 -
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

interest in the patent, let alone a reputational injury unique to an inventor. *Shuk*, 803 F.3d at 663. Mezzo thus lacks standing to bring a claim to seek USPTO correction of inventorship.

### C.    Mezzo's Seventh Affirmative Defense Should Also be Stricken

Mezzo's Seventh Affirmative Defense is yet another redundant pleading. Once the Court strikes or dismisses Mezzo's Count III and its Counterclaim in Reply, this defense should also be stricken.

Mezzo's Seventh Defense is nearly identical to Count III of Mezzo's Complaint:

| Affirmative Defense | Duplicative Cause of Action |
| --- | --- |
| **Seventh Defense - Incorrectly Named Inventorship**<br><br>"Intergalactic is entitled to no relief because the claims of the '670 patent are invalid for failing to name the proper inventors, in violation of the U.S. Constitution Article 1, Section 8 and/or 35 U.S.C. §§ 101, 115 and 116 and/or other statutes and common law." Dkt. 83 at 15. | **Count III - Declaratory Judgment of Invalidity of the '670 Patent for Failure to Name the Correct Inventor**<br><br>"The '670 Patent is invalid and/or unenforceable for failing to name the proper inventors, in violation of the U.S. Constitution Article 1, Section 8 and/or 35 U.S.C. §§ 101, 115 and 116 and/or other statutes and common law." Compl. ¶ 38. |

The Seventh Defense is also redundant of the Counterclaim in Reply, which seeks a declaration "that the '670 patent is invalid and/or unenforceable for failure to name the correct inventor(s) …." Dkt. 83 at 17. The Seventh Defense alleges no additional facts. It raises no new issues of law. Accordingly, once the Court strikes or dismisses Count III and/or the Counterclaim in Reply, the Seventh Defense should be stricken under Rule 12(f).

### V.    CONCLUSION

For the foregoing reasons, Intergalactic's Motion to strike or dismiss Mezzo's Counterclaim in Reply and its Seventh Affirmative Defense should be granted.

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                               - 12 -
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

DATED this 12th day of November, 2025.

RESPECTFULLY SUBMITTED,

MARTINEZ & FARMER LLP

By: */s/Tyler L. Farmer*
Tyler L. Farmer, WSBA #39912
Ariel A. Martinez, WSBA #54869
4020 East Madison, St., Suite 300
Seattle, WA 98112
T: 206.208.2270
tyler@mfseattle.com
ariel@mfseattle.com

William E. Devitt*
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Phone: (312) 269-4240
wdevitt@jonesday.com
akawaoka@jonesday.com

Laura Kanouse Vining*
JONES DAY
1221 Peachtree Street N.E., Suite 400
Atlanta, GA 30361
Phone: (404) 581-8352
lkvining@jonesday.com

Yury Kalish*
Jennifer L. Swize*
Nathaniel C. Sutton*
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
Phone: (202) 879-3939
jswize@jonesday.com
nsutton@jonesday.com

Randall E. Kay*
JONES DAY
4655 Executive Drive
San Diego, CA 92121-3134

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                    - 13 -
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

Tel: (858) 314-1200
rekay@jonesday.com

Robert M. Breetz*
Emily C. Towers*
901 Lakeside Ave
Cleveland, OH 44114
Phone: (216) 586-3939
rbreetz@jonesday.com
etowers@jonesday.com

*Admitted *pro hac vice*

I certify that this memorandum contains 4,162 words, in compliance with the Local Civil Rules.

INTERGALACTIC'S MOTION TO STRIKE OR DISMISS
MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH
AFFIRMATIVE DEFENSE                                      - 14 -
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270