UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

INTERNATIONAL MEZZO TECHNOLOGIES, INC.,

Plaintiff,

v.

AIRBORNE ECS LLC,

Defendants.

No. 2:24-cv-01368-JNW

**PLAINTIFF INTERNATIONAL MEZZO TECHNOLOGIES, INC.'S OPPOSITION TO INTERGALACTIC'S MOTION TO STRIKE OR DISMISS MEZZO'S COUNTERCLAIM IN REPLY AND ITS SEVENTH AFFIRMATIVE DEFENSE**

**NOTE ON MOTION CALENDAR: December 10, 2025**

MEZZO'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE OR DISMISS (2:24-cv-
01368-JNW) - i

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................... 1

II.   ARGUMENT ........................................................................................................ 2

      A.    Mezzo's Counterclaim in Reply is Not "Redundant" and Should Not Be
            Stricken ..................................................................................................... 2

      B.    Mezzo's Counterclaim in Reply Should Not Be Dismissed under Fed. R.
            Civ. P. 12(b)(6) ........................................................................................ 4

      C.    There is No Valid Basis for Striking Mezzo's Seventh Affirmative
            Defense ...................................................................................................... 7

LCR 7(e) CERTIFICATION ...................................................................................... 8

MEZZO'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE OR DISMISS (2:24-cv-
01368-JNW) - ii

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## TABLE OF AUTHORITIES

**Cases**

*Arbogast v. Healthcare Revenue Recovery Grp.*, 327 F.R.D. 267 (E.D. Mo. 2018) .................8

*Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*,
217 F. Supp. 2d 1028 (C.D. Cal. 2002) ...................................................................2

*In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147 (C.D. Cal. 2022)...........................................8

*Moussouris v. Microsoft Corp.*, No. C15-1483JLR,
2016 WL 4472930 (W.D. Wash. Mar. 7, 2016)...................................................................3

*New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121 (N.D. Cal. 2009) ........2, 3

*Rivers v. Cnty. of Marin*, No. C 05-4251, 2006 WL 581096 (N.D. Cal. Mar. 7, 2006).........2, 3

*Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH,
2008 WL 2050990 (N.D. Cal. May 13, 2008)........................................................................3

**Statutes**

35 U.S.C. § 101 ...........................................................................................................1

35 U.S.C. § 102 ...........................................................................................................1

35 U.S.C. § 103 ...........................................................................................................1

35 U.S.C. § 112 ...........................................................................................................1

35 U.S.C. § 115 .......................................................................................................1, 7

35 U.S.C. § 116 ...........................................................................................................1

37 CFR § 1.56.............................................................................................................1

**Rules**

Fed. R. Civ. P. 12(a) ...................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...........................................................................................2, 4

Fed. R. Civ. P. 12(f) .................................................................................................2, 3

**Constitutional Provisions**

U.S. Const. art. 1, § 8 .................................................................................................1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Plaintiff Mezzo Technologies, Inc. ("Plaintiff" or "Mezzo") hereby opposes Defendant-Counterclaim Plaintiff Intergalactic Spaceworx, LLC's ("Intergalactic"), formerly known as Airborne ECS, LLC, Motion to Strike or Dismiss Mezzo's Counterclaim in Reply and its Seventh Affirmative Defense (Dkt. 85 ("Motion")).

## I.    INTRODUCTION

Mezzo originally brought its Complaint against Intergalactic in November 2023 (Dkt. 1) alleging, *inter alia*, various bases for the invalidation of Intergalactic's U.S. Patent No. 11,519,670 ("the '670 Patent). Specifically, Mezzo's First Cause of Action (Declaratory Judgment of Invalidity of the '670 Patent) alleged invalidity under 35 U.S.C. §§ 102, 103 and/or 112; the Second Cause of Action (Declaratory Judgment of Invalidity of the '670 Patent for Breach of Duty of Candor to the USPTO) alleged invalidity for breach of the duty of candor required by 37 CFR § 1.56; and the Third Cause of Action (Declaratory Judgment of Invalidity of the '670 Patent for Failure to Name the Correct Inventor) alleged invalidity under U.S. Constitution Article 1, Section 8 and/or 35 U.S.C. §§ 101, 115 and 116. In addition to the three invalidity bases described in Mezzo's First, Second and Third Causes of Action, Mezzo's Fourth Cause of Action (Correction of Inventorship of the '670 Patent) also seeks additional relief from the Court wherein Mezzo asked the Court to order the correction of the inventors named on the '670 Patent.

Intergalactic's original Answer (Dkt. 34) filed in September 2024 did not include any counterclaims or allegations against Mezzo of patent infringement. On July 1, 2025 Intergalactic then sought leave to amend its Answer to add a counterclaim against Mezzo for infringement of the '670 Patent (Dkt. 65), and was granted leave to amend by this Court (Dkt. 76). In accordance with Fed. R. Civ. P. 12(a), Mezzo thereafter filed its response to Intergalactic's counterclaim (Dkt. 83). Mezzo's response consisted of: (a) Mezzo's admissions and denials of the factual allegations of Intergalactic's counterclaim; (b) seven affirmative defenses to Intergalactic's counterclaim – including Mezzo's Seventh Affirmative Defense of invalidity under 35 U.S.C. §§ 101, 115 and 116; and (c) a single counterclaim in reply against

MEZZO'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE OR DISMISS (2:24-cv-
01368-JNW) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Intergalactic. Notably, Mezzo's counterclaim in reply addresses the very criticisms lodged by Intergalactic in its previous Motion for Judgment on the Pleadings (Dkt. 60). For example, Intergalactic previously criticized Mezzo's pleadings for failing to "name any individual as the alleged inventor" (*see id.* at 6) – and Mezzo's counterclaim in reply specifically identifies Kevin Kelly as an inventor. *See* Dkt. 83, Counterclaim ¶ 5. It is disingenuous for Intergalactic to complain that Mezzo did not provide enough details in its initial Complaint and then also complain that Mezzo provided additional information in its response to Intergalactic's counterclaim. Mezzo's counterclaim in reply is not a "mirror image" of Mezzo's allegations of its Complaint, does not impose any prejudice on Intergalactic and promotes judicial efficiency. As such, there is no valid basis for striking the counterclaim in reply under Fed. R. Civ. P. 12(f).

Additionally, for the reasons provided herein, Intergalactic's request that Mezzo's counterclaim in reply should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and Mezzo's Seventh Affirmative Defense should be dismissed as "redundant," is baseless and should be denied.

## II.   ARGUMENT

### A. Mezzo's Counterclaim in Reply is Not "Redundant" and Should Not Be Stricken

Under Fed. R. Civ. P. 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citations omitted). Ordinarily, a motion to strike will not be granted unless "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (quoting *Rivers v. Cnty. of Marin*, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. Mar. 7, 2006)). "Where the moving party cannot adequately demonstrate such

MEZZO'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE OR DISMISS (2:24-cv-
01368-JNW) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'" *Id*. (quoting *Rivers*, 2006 WL 581096, at *2); *see also Moussouris v. Microsoft Corp*., No. C15-1483JLR, 2016 WL 4472930, at *3 (W.D. Wash. Mar. 7, 2016).

In support of its argument that this Court should strike Mezzo's counterclaim in reply, Intergalactic attempts to rely on *Stickrath v. Globalstar* wherein the court granted plaintiff's motion to strike a counterclaim pursuant to Fed. R. Civ. P. 12(f) without prejudice to refiling. *Stickrath v. Globalstar, Inc*., No. C07-1941 TEH, 2008 WL 2050990, at *5 (N.D. Cal. May 13, 2008). However, the *Strickrath* court explained that "it is not always appropriate to strike declaratory judgment counterclaims simply because they concern the same subject matter or arise from the same transaction as the complaint." *Id*. at *4. "The court should focus on whether the counterclaims 'serve any useful purpose,' and should dismiss or strike a redundant counterclaim only when 'it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.'" *Id*. (internal citations omitted).

That case is not analogous to the matter at hand.  In contrast, Mezzo's counterclaim in reply provides additional information about its legal theories that Intergalactic specifically sought in its Motion for Judgment on the Pleadings (Dkt. 60).  Thus, any argument by Intergalactic that Mezzo's counterclaim in reply is a "mirror image" of Mezzo's Complaint is simply incorrect.  Further, Mezzo's counterclaim in reply serves a "useful purpose" and increases judicial efficiency by explicitly providing more information regarding its legal theories, such as the statutory basis for Mezzo's counterclaim.  Providing this information now, at the pleading stage, only serves to streamline the litigation and the counterclaim in reply should not be stricken for this additional reason. Finally, Intergalactic did not, and cannot, point to any prejudice it will suffer from Mezzo's counterclaim in reply.  Notably, Intergalactic already filed is Answer to Mezzo's counterclaim in reply that consisted of less than three pages. Dkt. 86.

MEZZO'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE OR DISMISS (2:24-cv-
01368-JNW) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Thus, for these reasons Mezzo's counterclaim in reply should not be stricken by this Court.

**B. Mezzo's Counterclaim in Reply Should Not Be Dismissed under Fed. R. Civ. P. 12(b)(6)**

For the same reasons that Intergalactic argued that Mezzo's Counts II-IV of its Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) in is Motion for Judgment on the Pleadings (Dkt. 60), Intergalactic also alleges that Mezzo's counterclaim in reply should also be dismissed for failure to state a claim.  However, for the reasons discussed herein and also provided in Mezzo's Opposition to Intergalactic's Motion for Judgment on the Pleadings (Dkt. 61), Intergalactic's motion for dismissal should be denied.

First, Mezzo's counterclaim in reply adequately pled its legal theories that the '670 Patent is invalid and unenforceable for failure to name the correct inventors.  As explained in Mezzo's Opposition to Intergalactic's Motion for Judgment on the Pleadings, Mezzo's claim for unenforceability of the '670 Patent due to inequitable conduct specifically sets forth the who, what, when, where and how of the material misrepresentation or omission committed before the PTO.  Dkt. 61, at 2-5.  Specifically, Mezzo reasserts those arguments here:

> Mezzo's Complaint satisfies Rule 9(b)'s pleading requirements for allegations of inequitable conduct because, despite Airborne's argument, it plainly states "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).
>
> Regarding the "who" - the Complaint straightforwardly states that Mr. Herrick-Kaiser knew that Mezzo "previously designed and manufactured laser welded microtube heat exchangers for aircrafts" and that he and Mr. Fausett "failed to disclose to the USPTO that Mezzo was the true inventor of a laser welded microtube heat exchanger for aircraft systems." Complaint ¶¶ 22-23. Airborne also argues that the Complaint attributes misconduct only to "Airborne" and not to specific individuals, but this is plainly not true. The Complaint clearly identifies specific individuals, alleging that Mr. Fausett and Mr. Herrick-Kaiser did not disclose information they knew to the USPTO and that they unlawfully claimed to be inventors of, for example, Claim 1 of the application resulting in the '670 Patent – despite knowing they were

MEZZO'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE OR DISMISS (2:24-cv-01368-JNW) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

not. *Id*. These allegations are sufficient under Rule 9(b) to plead the "who" required by *Exergen* and to allow the claim to proceed.

Regarding the "what" - the Complaint goes on to point out that Claim 1 of the '670 Patent covers exactly what Mr. Herrick-Kaiser knew that Mezzo had previously designed and manufactured for Ametek – "(1) a microtube heat exchanger; (2) for an environmental control system of an aircraft; (3) including laser welds for coupling the microtubes to heat exchanger end plates." Complaint ¶ 26. Moreover, the Complaint specifically links the knowing failure to disclose information about Mezzo to the USPTO's improper granting of Airborne's patent. *See id.* In other words, Claim 1 of the '670 Patent is an incredibly broad claim for the heat exchanger market, as it purports to cover most heat exchangers so long as they have microtubes that are laser welded. The '670 Patent, if upheld, potentially reads on products that Mezzo has sold for years. Simply put, the USPTO would not have granted the '670 Patent had it known about Mezzo's prior manufacture and sale of laser welded microtube heat exchangers.

Airborne also contends that the Complaint fails to identify "where" the alleged omission or misrepresentation occurred. This argument lacks merit for two reasons. First, the Complaint specifically identifies the inventors' declarations signed by Mr. Fausett and Mr. Herrick-Kaiser as well as the dates thereof, each asserting inventorship over subject matter they knew they did not invent. *See* Complaint ¶24. These affirmative misrepresentations are sufficiently identified to meet Rule 9(b)'s particularity requirement. Second, the Complaint alleges a failure to disclose material information in violation of the duty of candor under 37 C.F.R. § 1.56, which imposes an ongoing obligation *throughout patent prosecution*. *See* Complaint ¶ 23. In the context of an omission, the "where" is properly understood as the relevant stage or stages of prosecution when the information should have been disclosed, which, in this case, is the entire duration of prosecution of the '670 Patent. By identifying the individuals involved and asserting that they omitted sending required information to the USPTO, the Complaint asserts "when" and certainly provides notice sufficient to satisfy Rule 9(b)'s particularity standard.

Regarding the "how" - Airborne argues that the Complaint fails to meet the pleading standard by failing to properly allege that a specific intent to deceive the USPTO. But at this stage, the law requires only a reasonable inference that is "plausible and that flows logically from the facts alleged," not that it is the single most compelling inference possible. *See Exergen*, 575 F.3d at 1328, n.5. Here, the Complaint affirmatively states that "Messrs. Herrick-Kaiser and Fausett made these declarations knowing them to be false, ***with the intent of deceiving the USPTO***." Complaint ¶ 24 (emphasis added). Moreover, the Complaint alleges that individuals at Ametek became aware of Mezzo's proprietary laser-welded microtube heat exchanger technology, later

MEZZO'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE OR DISMISS (2:24-cv-
01368-JNW) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

joined Airborne, and then obtained confidential information from Mezzo under the guise of a non-disclosure agreement. Armed with that information, Airborne developed a directly competing product, filed a patent application on technology Mezzo had already been marketing for years, and then asserted that patent against Mezzo.

**These are not the actions of an innocent competitor.** They support a strong and plausible inference that Airborne deliberately misappropriated Mezzo's confidential information to obtain a patent with the intent to weaponize it against Mezzo and block it from the market. At the pleading stage, this inference of deceptive intent is more than sufficient to support a claim of inequitable conduct.

Dkt. 61, at 2-5 (footnote omitted).

Mezzo's counterclaim in reply provides even more information than was provided in Mezzo's Count II of its Complaint by specifically identifying Kevin Kelly as an inventor. Dkt. 83, Counterclaim ¶ 5.

Similarly, as set forth in Mezzo's Opposition to Intergalactic's Motion for Judgment on the Pleadings, Mezzo's claim for invalidity for failure to name the correct inventor is adequately pled. Dkt. 61, at 5-6. Again, Mezzo reasserts those arguments here:

Mezzo asserts two distinct claims involving Airborne's failure to comply with the requirements of the United States patent laws: (a) Count II (addressed above) alleges inequitable conduct, which includes the intentional misrepresentation of inventorship and is properly pleaded under Rule 9(b); and (b) Count III seeks a declaratory judgment of invalidity based on statutory improper inventorship under 35 U.S.C. §§ 101, 115, and 116. While the language in Count III refers to the patent being "invalid and/or unenforceable," Airborne's effort to treat that as a second inequitable conduct claim is misplaced. Mezzo's position is straightforward: Count II alleges unenforceability due to deceptive intent, including the failure to name the correct inventors as one basis for inequitable conduct. Count III, by contrast, asserts that the '670 Patent is invalid under § 101 due to a failure to meet statutory inventorship requirements, a defect that renders the patent invalid **regardless of intent**. *See TwinStrand Biosciences, Inc. v. Guardant Health, Inc.,* No. CV 21-1126-GBW-SRF, 2023 WL 1860186, at *3 (D. Del. Feb. 9, 2023) (citing *Belcher Pharms., LLC v. Hospira, Inc.*, No. 17-775-LPS, 2019 WL 2503159, at *1 (D. Del. June 5, 2019)).

Mezzo does not allege inequitable conduct in Count III, nor is it required to. The reference to "unenforceable" in Count III is incidental, superfluous and does not transform the statutory invalidity claim into a fraud-based claim. To the

CHRISTENSEN | O'CONNOR JOHNSON | KINDNESS    1201 Third Avenue Suite 3600 Seattle, WA 98101-3029 1.206.682.8100

extent that Airborne argues Count III is "unclear," Mezzo clarifies that Count III seeks statutory invalidity. Complaint ¶ 40 ("Mezzo is entitled to declaration that the '670 Patent is invalid.").

Additionally, a careful read of Airborne's Motion shows that the Motion does not argue that the invalidity allegations in Count III fail to meet Rule 8's pleading standard. Aside from attempting to distract the Court into believing that Count III is really an inequitable conduct claim, Airborne makes no argument. Moreover, this Court has held that, due to this Court's Local Patent Rules, even a minimally pleaded invalidity claim that asserts only a statutory basis for invalidity meets the applicable pleading standards. *See Polaris PowerLED Techs., LLC v. Nintendo Co., Ltd.*, 623 F. Supp. 3d 1132, 1139-40 (W.D. Wash. 2022) (noting that "local patent rules fulfill the Supreme Court's pleading standard '[b]y requiring the party claiming invalidity to flesh out and support its invalidity contentions early on.'") (citation omitted). For these reasons, the Court should deny Airborne's Motion.

Dkt. 61, at 5-6

Moreover, Mezzo's counterclaim in reply provides even more information than was provided in Mezzo's Count III of its Complaint by specifically stating that "Intergalactic's failure to name the correct inventor(s) violates the requirements of 35 U.S.C. § 115 and renders the '670 Patent invalid." Dkt. 83, Counterclaim ¶ 7.

Second, Intergalactic alleges that Mezzo's counterclaim in reply fails to allege standing by Mezzo because Mezzo "cannot establish ownership or a concrete financial interest in the patent." Motion at 11-12. This is simply incorrect. Mezzo's counterclaim in reply explicitly "incorporates by reference all admissions, denials and allegations set forth… in Mezzo's Answer to Intergalactic's Counterclaim as though fully set forth herein," and in response to Paragraph 22 of Intergalactic's counterclaim, Mezzo explicitly states "Mezzo is the true and correct owner by assignment of the '670 patent." *See* Dkt. 83, Answer ¶ 22. Thus, Mezzo has standing to bring its invalidity claims.

**C. There is No Valid Basis for Striking Mezzo's Seventh Affirmative Defense**

Finally, without citing any supporting caselaw whatsoever, Intergalactic claims that Mezzo's seventh affirmative defense should be stricken because it is "redundant." However, courts have consistently held that motions to strike affirmative defenses rarely avoid the

MEZZO'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE OR DISMISS (2:24-cv-
01368-JNW) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

expenditure of time and money and are generally disfavored. *In re Honest Co., Inc. Sec. Litig*., 343 F.R.D. 147, 151 (C.D. Cal. 2022) ("[T]he mere fact that an affirmative defense denies or attempts to rebut an allegation, without more, cannot sustain a motion to strike."); *Arbogast v. Healthcare Revenue Recovery Grp*., 327 F.R.D. 267, 268–69 (E.D. Mo. 2018) ("[M]otions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment.") (internal citations omitted).  For these reasons and the same reasons as set forth in Part A above, this court should not strike Mezzo's seventh affirmative defense.

## LCR 7(e) CERTIFICATION

I certify that this memorandum contains 2,823 words, in compliance with the Local Civil Rules.

Dated December 3, 2025

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS<sup>PLLC</sup>

s/John Whitaker
John D. Denkenberger, WSBA No. 25,907
John Whitaker, WSBA No. 28,868
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
E-mail:  john.denkenberger@cojk.com,
john.whitaker@cojk.com, litdoc@cojk.com

CARVER DARDEN KORETZKY TESSIER
FINN BLOSSMAN & AREAUX

s/Emily Gummer
David Scotton (admitted *pro hac vice*)
Emily Gummer (admitted *pro hac vice*)
J. Matthew Miller (admitted *pro hac vice*)
1100 Poydras Street, Suite 3100

MEZZO'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE OR DISMISS (2:24-cv-
01368-JNW) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

New Orleans, LA 70163
Telephone: 504.585.3821
E-mail: scotton@carverdarden.com,
gummer@carverdarden.com,
miller@carverdarden.com

*Attorneys for Plaintiff International Mezzo
Technologies, Inc.*

MEZZO'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE OR DISMISS (2:24-cv-
01368-JNW) - 9

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100