Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| INTERNATIONAL MEZZO TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIRBORNE ECS LLC, <br><br> Defendants. | No. 2:24-cv-01368-JNW <br><br> **PLAINTIFF INTERNATIONAL MEZZO TECHNOLOGIES, INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> **NOTE ON MOTION CALENDAR: January 19, 2026** |

MEZZO'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
(2:24-cv-01368-JNW) - i

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## TABLE OF CONTENTS

I.      LEGAL STANDARD ................................................................................................ 1

II.     THE PROPOSED AMENDED COMPLAINT.................................................. 2

        A.      Mezzo's Standing to Bring Count Four – Correction of Inventorship ... 2

        B.      Identifying Trade Secrets with Particularity – Counts 5-6 ..................... 3

        C.      Inclusion of Contractual Language of the NDA – Count 7 .................... 4

        D.      Louisiana Unfair Trade Practices Act – Count 9.................................... 5

III.    Conclusion.................................................................................................. 7

LCR 7(e) CERTIFICATION.............................................................................. 7

MEZZO'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
(2:24-cv-01368-JNW) - ii

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Plaintiff International Mezzo Technologies, Inc. ("Plaintiff" or "Mezzo") respectfully moves the Court, pursuant to Fed. R. Civ. P. 15(a)(2) and in accordance with this Court's December 8, 2025 Order (Dkt. No. 88 ("Order")), for leave to file an Amended Complaint. A copy of the proposed Amended Complaint showing the changes from the original Complaint along with the referenced exhibits is attached hereto as Exhibit 1, as required by LCR 15(a). A clean version of the proposed Amended Complaint with changes accepted is attached hereto as Exhibit 2 for reference.

## I.  LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, other than in cases where amendment is permitted as a matter of course, "a party may amend its pleading only with the other party's written consent or the court's leave.  The court should freely give leave when justice so requires."  This Court has held that the stated policy of granting leave freely is "to be applied with extreme liberality." *Int'l Longshore & Warehouse Union v. Nelson*, 11-CV-5767 RBL, 2012 WL 1292446, *4 (W.D. Wash. Apr. 16, 2012) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). As repeatedly stated, prejudice weights most heavily in the determination.  *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987).  "Indeed, prejudice is the 'touchstone of the inquiry under rule 15(a).'" *Int'l Longshore,* 2012 WL 1292446 at *4 (citations omitted).

As detailed for the Court below, the Amended Complaint addresses each of the deficiencies of the original Complaint identified by the Court in its Order.  Further, there is no prejudice to Airborne in allowing the requested amendment.  On October 8, 2025, this Court granted Airborne leave to amend its answer to assert new claims of patent infringement of the '670 Patent, and additionally struck the remaining case schedule.  Dkt. No. 76.  A new scheduling order has not yet been issued for this matter.  Thus, there are no pending deadlines, discovery or otherwise, that could form the basis for a claim of prejudice by Airborne.  Furthermore, all of the amendments contained in the Amended Complaint are merely

MEZZO'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
(2:24-cv-01368-JNW) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

supplementations of previously asserted facts and circumstances, and which have been the subject of previous discovery.

## II.  THE PROPOSED AMENDED COMPLAINT

### A.  Mezzo's Standing to Bring Count Four – Correction of Inventorship

This Court held that Mezzo's original Complaint failed to sufficiently show Mezzo had standing to bring Count Four.  Specifically, the Court held that the original Complaint did not adequately establish that Mezzo suffered an "injury-in-fact" and specifically "[t]he Complaint does not establish that Mezzo suffered a harm to its financial or reputational interests due to the alleged mistaken inventorship…"  Order at 9.

The Amended Complaint provides the additional evidence of injury in fact to Mezzo.  First, the Amended Complaint explicitly establishes that Mezzo is the assignee of the ownership rights in the intellectual property developed by employees David Craig and Kevin Kelly.  *See, e.g.*, Para. 49 ("Messrs. David Craig and Kevin Kelly, as Mezzo employees and in accordance with the Mezzo employee handbook, automatically assigned ownership of the microtube heat exchanger inventions to Mezzo upon creation. *See* Exhibit J, Mezzo Employee Handbook, pgs. 17-18.").

Further, the Amended Complaint details the harm to Mezzo's "financial interest" and "particularized reputational interest" resulting from the mistaken inventorship.  For example, newly added Paragraph 33 (citing Proposed Amended Complaint Exhibit L, a press release issued by Airborne regarding its securing of a government contract to provide microtube heat exchangers covered by the '670 Patent) provides:

> For example, with regards to Airborne incorrectly naming the inventors of the '670 Patent, Airborne promotes its heat exchanger products as "patented" and "proprietary" to Mezzo's commercial and reputational detriment.  *See* Exhibit L. By advertising in the marketplace that Airborne is the owner, and that Taylor Fausett and Nicholas F. Herrick-Kaiser are the inventors, and of the '670 Patent – with no mention of David Craig or Kevin Kelly as the inventors of the '670 Patent – Mezzo's current and potential customers are wrongly led to believe that Mezzo does not have the right to design, manufacture and sell the microtube heat exchangers described in the '670 Patent.  Mezzo, as the

MEZZO'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
(2:24-cv-01368-JNW) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

> assignee of the inventions described in the '670 Patent, has a concrete financial interest in correcting this incorrect belief in the marketplace and in protecting Mezzo's reputation as the lead innovator in microtube heat exchanger design and manufacture.

The Amended Complaint clearly states that Mezzo is the assignee of the ownership rights to the intellectual property rights in the microtube heat exchangers of the '670 Patent and further explains how it received such rights (by automatic assignment by the inventors, David Craig and Kevin Kelly, as provided in the Mezzo employee handbook). The Amended Complaint also establishes an injury-in-fact to Mezzo that is traceable to the incorrect inventorship and that is redressable by a correction of inventorship (Airborne obtaining government contracts that would have otherwise gone to Mezzo based on Airborne's alleging its heat exchangers are "proprietary" and "patented" to Airborne). *See also Informatics Applications Group, Inc. v. Shkolnikov*, No. 1:11CV726 JCC/JFA, 2011 WL 4804870, at *5 (E.D. Va. Oct. 11, 2011) ("Where an employee has assigned his patent rights to his employer, it is clear that the omission of the employee from the patent injured the employer by depriving it of an ownership interest or financial stake in the patent, and that the injury will be redressed by correction of inventorship."). Thus, the Amended Complaint establishes that Mezzo has standing to bring Count Four.

## B. Identifying Trade Secrets with Particularity – Counts 5-6

With regards to identifying the trade secrets which Mezzo alleges have been misappropriated by Airborne, this Court held that the original Complaint did not adequately "assert any specific examples of manufacturing processes, schematics, methodologies, tools, or components that would allow Intergalactic the 'concrete identification' needed to prepare its defense." Order at 11.

In order to provide the requisite description of the asserted trade secrets while still protecting the secrecy of the contents of the trade secrets, Mezzo has provided an additional general description of the asserted trade secrets in the Proposed Amended Complaint and has further provided a detailed description of the trade secrets in Proposed Amended Complaint

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Exhibit K filed under seal (and also provided to Airborne's counsel under Attorneys Eyes Only designation).  Paragraph 27 of the Amended Complaint provides:

> During Airborne's visits to Mezzo's facilities and through the communications between the parties, Airborne learned of various of Mezzo's trade secrets related to its laser welded microtube heat exchangers.  Specifically, Airborne learned of trade secrets related to Mezzo's proprietary process of laser welding microtubes to tube sheets, Mezzo's tube sheet drilling process and tube sheet drilling machinery, Mezzo's vision laser welding system, and Mezzo's thermal modeling systems.  Further details regarding these trade secrets, including: (1) a detailed description of the proprietary manufacturing processes, proprietary tools and proprietary thermal modeling curves; (2) photos of the proprietary processes and tools; (3) how the trade secrets differ from information generally known in the industry; and (4) information regarding Airborne's misappropriation of each trade secret are contained in Exhibit K filed herewith under seal.

The identification of trade secrets contained in Proposed Amended Complaint Exhibit K was also previously produced to Airborne under Attorneys Eyes Only designation via discovery on or about August 22, 2025.

### C. Inclusion of Contractual Language of the NDA – Count 7

With regards to Mezzo's breach of contract claim, this Court held that the reference to the non-disclosure agreement was "not enough for the Court to assess the sufficiency of Mezzo's breach of contract claim." Order at 12. To address this issue, the Amended Complaint includes a copy of the non-disclosure agreement at issue as Proposed Amended Complaint Exhibit I.  The Amended Complaint further explains how Airborne breached the non-disclosure agreement.  Paragraphs 73-74 state:

> Airborne and Mezzo executed the Agreement limiting the disclosure of confidential and proprietary information of the parties.  Specifically, the Agreement prohibits the recipient of Confidential Information from "…use of the Confidential Information except in furtherance of the Potential Arrangement or as authorized by the DISCLOSER." *See* Exhibit I. The "Potential Arrangement" is limited to a "Supplier/Buyer, other business arrangement with one another".  *Id*. "Confidential Information" includes "preliminary design concepts, design engineering models… technical data, trade secrets and know-how… developments, inventions, processes, technology, designs…"

MEZZO'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
(2:24-cv-01368-JNW) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Airborne received from Mezzo confidential information related to Mezzo's design and manufacturing processes of its microtube heat exchangers in 2017 and 2018. Upon information and belief, Airborne has used and disclosed, and is continuing to use and disclose, Mezzo's confidential information in breach of that non-disclosure agreement in Airborne's design, manufacture and sale of its microtube heat exchangers. Evidence of such breach includes Airborne's 2025 press release announcing its selection as a sole-source provider of microtube heat exchangers for the U.S. Navy's NGJ-LB program.

**D. Louisiana Unfair Trade Practices Act – Count 9**

With regards to the LUPTA count, the Amended Complaint provides the following in Paragraphs 30-31 and 34:

Upon information and belief, Airborne has used the confidential information it learned from Mezzo in an unfair and deceptive manner. Specifically, it has used Mezzo's confidential information relating to laser welded microtube heat exchanger design and manufacture that it received from Mezzo via emails exchanged between Mezzo and Airborne in 2017-18 and during the tours of Mezzo's facilities to design and build its own microtube heat exchangers to exercise an unfair competitive advantage over Mezzo in the marketplace to Mezzo's loss. Airborne's misuse of Mezzo's confidential information surrounding Mezzo's laser welded microtube heat exchangers for Airborne's own benefit is a method of competition that is unethical, unlawful and against public policy.

Airborne's own website evidences Airborne's unfair competition and resulting damages to Mezzo. On May 1, 2025, Airborne published a press release stating "Intergalactic…today announced its selection by L3Harris Technologies as a sole-source supplier of the thermal management system for the U.S. Navy's Next Generation Jammer – Low Band (NGJ-LB) program, an advanced airborne electronic warfare system." *See* Exhibit L. The press release further details, "Intergalactic's passive thermal system for NGJ-LB will utilize custom systems design while leveraging proven and proprietary Intergalactic core technologies, such as the Boreas3 Heat Exchanger, a patented laser-welded microtube heat exchanger technology…"

….

[B]y using Mezzo's confidential information to design and build laser welded microtube heat exchangers that Airborne would not have been able to build without such information, Airborne has unfairly secured customers and contracts. For example, Airborne has secured a position as a "sole-source" supplier for the U.S. Navy to Mezzo's detriment. Upon information and belief, there are no other companies capable of designing

MEZZO'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
(2:24-cv-01368-JNW) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

and manufacturing laser welded microtube heat exchangers capable of fulfilling the needs of the U.S. Navy, and as such, if not for Airborne's unfair competition, Mezzo would have received the Next Generation Jammer contract.

This misuse of confidential information that results in competitive injury is a well-accepted basis for a claim under LUTPA. *See, e.g., Elliot Company v. Montgomery*, No. CV 6:15-02404, 2016 WL 6301042 at * 6 (W.D. La. Sept. 28, 2016) (holding that the plaintiff's allegation that a former employee misappropriated confidential information and provided it to a direct competitor for its benefit was sufficient to establish a cause of action under LUTPA); *Bihm v. Deca Sys., Inc.*, 226 So. 3d 466, 486, 491 (La. App. 1 Cir. 2017) (finding that a plaintiff could bring a claim under both LUPTA and LUTSA for misappropriation of confidential information and trade secrets). To prevail on a LUTPA claim, a plaintiff must prove: "(1) [plaintiff's possession of] knowledge or information that is not generally known; (2) [plaintiff's communication of this] knowledge or information to the defendant under an express or implied agreement limiting the defendant's use or disclosure of the information; and (3) [defendant's use or disclosure of] the knowledge or information in violation of the confidence, resulting in injury of the plaintiff." *Ruby Slipper Cafe, LLC v. Belou*, No. CV 18-1548, 2019 WL 1254897, at *7 (E.D. La. Mar. 19, 2019) (citations omitted). The instant matter is highly analogous to the matter of *Bernhard MCC, LCC v. Zeringue. See Bernhard MCC, LLC v. Zeringue*, 303 So. 3d 372, 375 (La. App. 5 Cir. 9/9/20). In the *Bernhard MCC* case, Defendants resigned from Plaintiff's employ and began working with a competitor company. *Id*. Plaintiff alleged Defendants failed to return its confidential and proprietary information upon their termination and used the misappropriated information to solicit and bid commercial construction projects on behalf of Defendants' new employer in direct competition with Plaintiff. *Id*. Plaintiffs sought a preliminary injunction against Defendants and the district court found that Plaintiffs made a prima facie showing that Defendants' misuse of Plaintiff's confidential information to unfair compete against Plaintiff violated LUPTA – the Louisiana Fifth Circuit Court of Appeals affirmed. *Id*. at 379.

MEZZO'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
(2:24-cv-01368-JNW) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Here, the Amended Complaint identifies the information possessed by Mezzo that is not generally known (Mezzo's confidential information relating to laser welded microtube heat exchanger design and manufacture that it received from Mezzo via emails exchanged between Mezzo and Airborne in 2017-18 and during the tours of Mezzo's facilities); the express agreement limiting the use or disclosure of the information (the non-disclosure agreement executed by Mezzo and Airborne in March 2017); and defendant's use of the information to the injury of the plaintiff (the use of Mezzo's confidential information by Airborne to build a competing product and to win a U.S. Navy project that would have otherwise been awarded to Mezzo). As such, the Amended Complaint adequately establishes Mezzo's cause of action for violation of LUTPA by Airborne.

### III. CONCLUSION

For the aforementioned reasons, Mezzo respectfully requests that its Motion for Leave to file its Amended Complaint be granted.

### LCR 7(e) CERTIFICATION

I certify that this memorandum contains 2,282 words, in compliance with the Local Civil Rules.

Dated December 29, 2025.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS PLLC

s/John D. Denkenberger
John D. Denkenberger, WSBA No. 25,907
John Whitaker, WSBA No. 28,868
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
E-mail:  john.denkenberger@cojk.com,
john.whitaker@cojk.com, litdoc@cojk.com

CARVER DARDEN KORETZKY TESSIER
FINN BLOSSMAN & AREAUX

MEZZO'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
(2:24-cv-01368-JNW) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

s/Emily Gummer
David Scotton (admitted *pro hac vice*)
Emily Gummer (admitted *pro hac vice*)
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone:  504.585.3821
E-mail:  scotton@carverdarden.com,
gummer@carverdarden.com

*Attorneys for Plaintiff International Mezzo Technologies, Inc.*

MEZZO'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
(2:24-cv-01368-JNW) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100