# EXHIBIT I



**MUTUAL NON-DISCLOSURE AGREEMENT**

This agreement (the "Agreement") is entered into as of March 29, 2017 by and between Airborne ECS, LLC and, Mezzo Technologies.

The parties wish to enter into a Supplier/Buyer, other business arrangement with one another (the "Potential Arrangement"). In order for the parties to evaluate the Potential Arrangement, it is necessary for each party (in such capacity, "Discloser") to disclose to the other party (in such capacity, "Recipient") certain confidential information of the Discloser (as more particularly described below). The parties are willing to make such disclosures, subject to the terms and conditions of this Agreement.  Accordingly, for good and valuable consideration and intending to be legally bound,

The parties agree as follows:

DISCLOSER may disclose to RECIPIENT information relating to DISCLOSER'S and TARGET'S forecasts, business strategy, finances, price quotes, preliminary concepts, design engineering models, sales and/or marketing proposals, branding strategies, creative designs and concepts, technical data, web designs, trade secrets and know-how, research, product plans, products, customer technical requirements, software, programming techniques, algorithms, services, suppliers, supplier lists, customers, employee lists, markets, developments, inventions, processes, technology, designs, drawings, engineering, apparatus, techniques, hardware configuration information or other business information (collectively referred to as "Confidential Information"). The parties agree as follows:

1.      RECIPIENT shall not, directly or indirectly, disclose Confidential Information to a third party, or use the Confidential Information except in furtherance of the Potential Arrangement or as authorized by DISCLOSER. RECIPIENT shall protect the confidentiality of the Confidential Information in the same manner that it protects the confidentiality of its own confidential information of like kind, and shall disclose such information to (i) its directors, officers, employees, partners, advisors, and financing sources who have a need to know; and (ii) any other party with DISCLOSER'S prior written consent. Before disclosure to any of the above parties, RECIPIENT must have an appropriate written agreement with such party sufficient to legally obligate the party to treat such Confidential Information in accordance with this Agreement.

2.      This Agreement shall not restrict RECIPIENT's use of information (including, but not limited to, ideas, concepts, know-how, techniques and methodologies): (a) which is or becomes publicly available through no breach of this Agreement; (b) independently developed by RECIPIENT; (c) previously known to RECIPIENT from a third party which is not, to RECIPIENT's knowledge, subject to an agreement of confidentiality with respect to such information.

3.      In the event RECIPIENT receives a subpoena or other administrative or judicial process requesting Confidential Information, RECIPIENT shall notify DISCLOSER of such receipt to allow DISCLOSER a reasonable opportunity to obtain a protective order. RECIPIENT may thereafter comply with such subpoena or process to the extent required by law.

4.      ALL CONFIDENTIAL INFORMATION IS PROVIDED "AS IS." DISCLOSER MAKES NO WARRANTIES, EXPRESS, IMPLIED OR OTHERWISE, REGARDING THE CONFIDENTIAL INFORMATION.



5.      Either party may terminate this Agreement by providing thirty (30) days advance written notice to the other. Documents or other materials containing Confidential Information shall be promptly returned or destroyed upon DISCLOSER's request. The restrictions imposed by this Agreement shall last for a period of two years following termination of this Agreement.

6.      <u>Miscellaneous.</u>

a.      *Governing Law; Jurisdiction; Venue.* This Agreement will be governed by the laws of the State of Washington without regard to principles of conflicts of law. Any action to enforce this Agreement must be brought in the federal or state courts sitting in King County of, Washington State, USA, and the parties waive any objection to the jurisdiction of or venue in such courts. In any action to enforce this Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees, costs and expenses.

b.      *Notices.* All notices, demands, requests, or other communications required or permitted by this Agreement shall be in writing and will be deemed duly delivered (i) when delivered by hand (with written confirmation of receipt), (ii) when received by the addressee, if sent by a nationally recognized overnight delivery service (receipt requested), or (iii) when sent by email, upon acknowledgement of receipt, in each case to the intended recipient at address indicated below each party's signature below, or to such other address as a party may notify the other party by like notice.

c.      *Entire Agreement.* This Agreement contains the entire and only understanding between the parties and supersedes any and all prior and/or contemporaneous oral or written negotiations, agreements, representations, and understandings.

d.      *Waiver; Modification.* No waiver by either party of any default will be deemed as a waiver of any prior or subsequent default of the same or other provisions of this Agreement. No alteration, amendment, or modification of the terms of this Agreement will be valid or effective unless in writing and signed by both parties.

e.      *Severability.* If any provision hereof is held invalid or unenforceable by a court of competent jurisdiction, such invalidity shall not affect the validity or operation of any other provision and such invalid provision shall be deemed to be severed from the Agreement.

f.      *Assignability.* Neither party may assign this Agreement without the prior written consent of the other party, except to a purchaser of such party, whether by stock sale, sale of substantially all of the party's assets, merger, or otherwise.

g.      *Binding on Successors and Assigns.* This Agreement will be binding on the parties to the Agreement and on each of their heirs, executors, administrators, successors, and permitted assigns.

h.      *Counterparts.* This Agreement may be executed in two or more counterparts, each of which will be deemed an original and all of which together will constitute one instrument.



**AIRBORNE**

Environmental Control Systems

Airborne ECS, LLC

By:
William D. Lee
President

Address:  28 Pine St
West Hurley, NY
14491

Mezzo Technologies

By:
Name:  Kevin Kelly
Title:  President/CEO

Address:  10246 MAMMOTH AVE.
BATON ROUGE, LA 70814