THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTERNATIONAL MEZZO
TECHNOLOGIES, INC.,

Plaintiff,

v.

AIRBORNE ECS, LLC,

Defendant.

No. 2:24-cv-01368-JNW

**AIRBORNE ECS, LLC'S
(1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT AND
(2) MOTION TO DISMISS THE
AMENDED COMPLAINT UNDER
RULE 12(b)(6)**

Mezzo's Motion for Leave to Amend Noted
for Consideration:
January 20, 2026

Airborne's Motion to Dismiss Noted for
Consideration:
February 10, 2026

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - 1
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     PROCEDURAL HISTORY.................................................................................. 1

III.    LEGAL STANDARDS ....................................................................................... 3

IV.     ARGUMENT...................................................................................................... 3

    A.    Count 3: Mezzo Fails to Cure a Defect in Its Claim for Correction of Inventors. ............................................................................................. 3

    B.    Count 4: Mezzo Fails to Provide the Requisite Specificity to State a Claim for Correction of Inventorship. ................................................. 4

    C.    Counts 5-6: Mezzo Fails To Allege Misappropriation Under The Federal Defend Trade Secrets Act And The Louisiana Uniform Trade Secrets Act.......... 7

    D.    Count 7: Mezzo Fails To Plead Breach or Damages For Breach of Contract............................................................................................... 9

    E.    Count 8: Mezzo Fails To Allege A Violation Of LUTPA................................. 10

V.      CONCLUSION.................................................................................................. 12

VI.     CERTIFICATION OF CONFERRAL ............................................................... 13

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - i
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

**TABLE OF AUTHORITIES**

**Page**

CASES

*Abbvie Inc. v. Adcentrx Therapeutics Inc.*,
2024 WL 3611144 (S.D. Cal. 2024).................................................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................3, 8, 10

*Bailey-Medwell v. Hartford Life & Accident Ins. Co.*,
No. C17-1697, 2018 WL 5264335 (W.D. Wash. Oct. 23, 2018) ..............................9

*Barahona v. Union Pac. R.R. Co.*,
881 F.3d 1122 (9th Cir. 2018) ..............................................................................3, 8, 12

*Belcher Pharms., LLC v. Hospira, Inc.*,
No. 17-775-LPS, 2019 WL 2503159 (D. Del. June 5, 2019) ....................................4

*Bihm v. Deca Sys., Inc.*,
226 So. 3d 466 (La. Ct. App. 2017)................................................................................12

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995) .............................................................................................3

*Brand Servs., L.L.C. v. Irex Corp.*,
909 F.3d 151 (5th Cir. 2018) ....................................................................................11, 12

*Bungie, Inc. v. Aimjunkies.com*,
No. C21-0811, 2022 WL 16853626 (W.D. Wash. Nov. 10, 2022) ........................10

*Cenac v. Orkin, LLC*,
941 F.3d 182 (5th Cir. 2019) .........................................................................................11

*Cheramie Servs., Inc. v. Shell Deepwater Prod.*,
35 So. 3d 1053 (La. 2010) ..............................................................................................10

*Chou v. Univ. of Chicago*,
254 F.3d 1347 (Fed. Cir. 2001).......................................................................................4

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - ii
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

*Defcon, Inc. v. Webb*,
    687 So. 2d 639 (La. Ct. App. 1997).............................................................................11, 12

*Dri-Eaz Prods., Inc. v. Allen*,
    2013 WL 12250538 (W.D. Wash. 2013) ...................................................................8

*E&E Co. v. London Luxury LLC*,
    571 F. Supp. 3d 64 (S.D.N.Y. Nov. 17, 2021)..........................................................3

*GMH Capital Partners v. Fitts*,
    No. 24-cv-00290, 2025 WL 950674 (S.D.N.Y. Mar. 28, 2025)..................................8

*H&E Equip. Servs., Inc. v. St. Germain*,
    No. CV-19-134-SDD-EWD, 2020 WL 1678327 (M.D. La. Apr. 6, 2020).............................11

*Iceotope Grp. Ltd. v. LiquidCool Sols., Inc.*,
    No. 20-cv-2644, 2022 WL 204923 (D. Minn. Jan. 24, 2022) ........................................6

*Innovative Sols. Intl., Inc. v. Houlihan Trading Co., Inc.*,
    No. C22-0296-JCC, 2023 WL 2611796 (W.D. Wash. Mar. 23, 2023) ...................................3

*Inteum Co., LLC v. Nat'l University of Singapore*,
    No. C17-1252, 2017 WL 6611961 (W.D. Wash. Dec. 27, 2017)...............................9

*JBCHoldings NY, LLC v. Pakter*,
    931 F. Supp. 2d 514 (S.D.N.Y. 2013).......................................................................8

*Network Apps, LLC v. AT&T Mobility LLC*,
    778 F. Supp. 3d 610 (S.D.N.Y. 2025)....................................................................5, 6

*Pellerin v. Honeywell Intern., Inc.*,
    877 F. Supp. 2d 983 (S.D. Cal. 2012).......................................................................8

*Robillard v. Opal Labs, Inc.*,
    337 F. Supp. 3d 962 (D. Or. 2018) ..........................................................................3

*Shukh v. Seagate Tech.*,
    803 F.3d 659 (Fed. Cir. 2015)...............................................................................4, 5

*Space Data Corp. v. X*,
    No. 16-cv-03260-BLF, 2017 WL 5013363 (N.D. Cal. Feb. 16, 2017) ....................7

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - iii
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016), *as revised* (May 24, 2016)........................................................................6

*SRP Env't, LLC v. Claremont Prop. Co.*,
    No. CV 23-1475, 2025 WL 562723 (W.D. La. Feb. 20, 2025).......................................10, 11

*Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*,
    573 F.3d 1290 (Fed. Cir. 2009)........................................................................5

**STATUTES**

18 U.S.C. § 1839(5) ........................................................................7

35 U.S.C. § 256........................................................................4, 5

La. R.S. 51:1431 ........................................................................7

La. R.S. 51:1437 ........................................................................11, 12

**RULES**

Fed. R. Civ. P. 8........................................................................8

Fed. R. Civ. P. 9........................................................................4

Fed. R. Civ. P. 12........................................................................1, 2, 3

Fed. R. Civ. P. 15........................................................................2, 7

**OTHER AUTHORITIES**

3 J. Moore, *Moore's Federal Practice* (2026) ........................................................................3

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - iv
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

## I.    INTRODUCTION

The Court afforded Mezzo a clear roadmap for amendment. Dkt. 88 ("Order"). The Court identified specific holes in each Count that the Court dismissed, and rather than give blanket leave to file an amended pleading, the Court required Mezzo to provide its proposed amendment so that the Court can assess whether the amendment would be "futile." Order 16. Mezzo's Amended Complaint is futile. While it addresses certain issues, it repeats errors for Count 3 and again omits factual matter necessary to state plausible claims for Counts 4-8. Accordingly, the Court should deny Mezzo's motion with prejudice and direct that this case proceed only on Counts 1-2.

Moreover, because Rule 15(a)'s futility standard overlaps with the standard under Rule 12(b)(6), Mezzo's failure to state a claim is all the more reason to deny amendment with prejudice. Thus, for efficiency, and in an abundance of caution given the overlapping standards, Intergalactic cross-moves for dismissal under Rule 12(b)(6).

## II.    PROCEDURAL HISTORY

As alleged in the Amended Complaint, Mezzo and Intergalactic each develop technology that regulates the temperature of equipment. *See* Dkt. 92, Ex. 1 ("Am. Compl."), ¶ 12. Before the present dispute arose, Intergalactic had preliminary discussions about engaging Mezzo to manufacture heat exchangers, which prevent equipment from overheating. *Id.* ¶¶ 13-20. But after discussions broke down, Intergalactic invested considerable resources to develop its own product: laser-welded microtube heat exchangers. *Id.* ¶ 21. In 2022, the United States Patent and Trademark Office ("USPTO") granted Intergalactic U.S. Patent No. 11,519,670 ("the '670 patent") for its innovative new technology. However, a year later, Mezzo began marketing materially identical heat exchangers. *Id.* ¶ 26. Intergalactic sent a letter to Mezzo, advising Mezzo of the '670 patent and the risk of infringement. *Id.* Mezzo responded by filing a civil action in the U.S. District Court for the Middle District of Louisiana, which was later transferred to this Court. *See* Dkt. 21.

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - 1
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

In June 2025, Intergalactic moved for judgment on the pleadings on most of the Counts in Mezzo's original Complaint. *See* Dkt. 60. In response, as relevant to Count 3 and its vague allegations of improper inventorship, Mezzo clarified that it was bringing a claim for invalidity, not unenforceability based on alleged inequitable conduct, and relying on that representation Intergalactic withdrew its objection to Count 3. *See* Dkt. 61 at 9.

On December 8, 2025, the Court granted Intergalactic's motion in part and dismissed Counts 4-8. *See* Order 16. The Court declined to grant blanket amendment but permitted Mezzo to file a motion for leave to amend under Rule 15(a) along with a proposed amended pleading. *See id.* This procedure, the Court explained, would allow it "to assess whether amendment would be futile and will give Intergalactic a meaningful opportunity to respond." *Id.*

On December 29, 2025, Mezzo filed its motion for leave. *See* Dkt. 92. Its Amended Complaint, much like the original Complaint, raises general allegations that Intergalactic personnel had obtained Mezzo's proprietary information during the parties' discussions and then used that information to design the patented product. Am. Compl., ¶¶ 13, 17-19, 54-56.[1]

Given the overlapping standards of Rule 15(a) and Rule 12(b)(6) (as discussed next), Intergalactic proposed a stipulation to Mezzo that would advance Intergalactic's timing for a Rule 12(b)(6) motion and efficiently provide for such briefing alongside Mezzo's motion. Mezzo refused, asserting that the Court's Order did not direct a Rule 12(b)(6) motion. In an abundance of caution and to protect its rights under Rule 12(b)(6), Intergalactic hereby cross-moves to dismiss under Rule 12(b)(6).[2]

---

[1] During briefing on Intergalactic's Motion for Judgment on the Pleadings, Mezzo "consent[ed] to dismissal" of its original Count 8 (conversion). Order 14. As a result, original Count 9 is renumbered as Count 8 in the Amended Complaint. The remaining Counts have their original numbering.

[2] Different word limits govern motions to amend versus motions to dismiss. To avoid burdening the Court, this brief adopts the shorter word limit for oppositions to motions to amend rather than the longer word limit for motions to dismiss. Intergalactic reserves its right to file a reply in support of its motion to dismiss.

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - 2
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

## III.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 15(a), "a party may amend its pleading . . . with the opposing party's written consent or the court's leave," which should be "freely" given "when justice so requires." However, as the Court's Order recognized, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); Order 16. An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citation omitted). "[D]ismissal with prejudice is appropriate [when] further amendment would be futile." *Innovative Sols. Intl., Inc. v. Houlihan Trading Co., Inc.*, No. C22-0296-JCC, 2023 WL 2611796, at *2 n.3 (W.D. Wash. Mar. 23, 2023).

Rule 15's futility standard overlaps with Rule 12(b)(6). In fact, some courts view the two standards as "identical." *Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 969 (D. Or. 2018); *see generally* 3 J. Moore, *Moore's Federal Practice* ¶ 15.15 (2026) (amendment not allowed if amended complaint would not withstand 12(b)(6) motion). To survive Rule 12(b)(6), "the complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, mere conclusory statements or legal conclusions couched as factual allegations do not suffice. *See id.*

## IV.   ARGUMENT

The Court should deny Mezzo leave to file Counts 3-8 in its Amended Complaint.

**A.   Count 3: Mezzo Fails to Cure a Defect in Its Claim for Correction of Inventors.**

Mezzo's Amended Complaint fails to cure a defect that Mezzo pledged to correct. As explained in Intergalactic's Motion for Judgment on the Pleadings, the original Complaint was

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - 3
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

unclear whether Count 3 sought a declaration of only invalidity of the '670 patent based on alleged improper inventorship or also (or instead) a declaration of unenforceability. *See* Dkt. 60 at 10. These are distinct claims with distinct pleading requirements. *See E&E Co. v. London Luxury LLC*, 571 F. Supp. 3d 64, 70 (S.D.N.Y. Nov. 17, 2021). Namely, a claim for unenforceability based on improper inventorship sounds in inequitable conduct, and such a claim must be pled with particularity under Rule 9(b). *Belcher Pharms., LLC v. Hospira, Inc.*, No. 17-775-LPS, 2019 WL 2503159, at *1 (D. Del. June 5, 2019) (Stark, J.). In its opposition, Mezzo clarified that Count 3 sought only to argue invalidity based on incorrect inventors, saying that Count 3's reference to "unenforceable" is "incidental" and "superfluous" and that Count 3 does not rest on alleged inequitable conduct. Dkt. 61 at 9. Relying on that representation, Intergalactic withdrew its objection to Count 3. Dkt. 64 at 7 n.2; Order 4 n.1.

Nevertheless, Count 3 in Mezzo's Amended Complaint continues to request a declaration that the '670 Patent "is invalid and/or unenforceable." Am. Compl., ¶ 44. Yet Count 3 does not allege inequitable conduct. *Compare id.* ¶ 40 (alleging unenforceability in Count 2 "for inequitable conduct"), with *id.* ¶ 44 (not mentioning inequitable conduct in Count 3). Because Mezzo has not pled inequitable conduct in Count 3, it has not stated a cognizable claim for unenforceability. The Court should therefore dismiss Count 3. At minimum, to the extent Mezzo makes the same commitment in reply that Count 3 is limited to invalidity, the Court should direct Mezzo to clarify this in its Amended Complaint by striking the "and/or unenforceable" language.

**B.**     **Count 4: Mezzo Fails to Provide the Requisite Specificity to State a Claim for Correction of Inventorship.**

In Count 4, Mezzo alleges that "[t]he recorded inventorship of the '670 patent is incorrect" and that the Director of the USPTO should be ordered "to issue a certificate" correcting inventorship. Am. Compl., ¶ 48; *see also* 35 U.S.C. § 256. But, as this Court has already ruled, Mezzo must satisfy constitutional standing requirements in order to bring a correction of

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - 4
(CASE NO. 2:24-CV-01368-JNW)

inventorship claim under § 256. Order 8-9 (citing *Shukh v. Seagate Tech.*, 803 F.3d 659, 663 (Fed. Cir. 2015)). Specifically, Mezzo must allege that it "suffered an injury-in-fact, that the injury is traceable to the conduct complained of, and that the injury is redressable by a favorable decision." *Chou v. Univ. of Chicago*, 254 F.3d 1347, 1357 (Fed. Cir. 2001). In the context of a claim for correction of inventorship, Mezzo can establish standing by alleging at least one of the following: an expected ownership right in the patent, a concrete financial stake in the patent, or a "concrete and particularized reputational injury" resulting from not being named as an inventor. *Shukh*, 803 F.3d at 663; Order 8-9.

The Court ruled that Mezzo's original Complaint did not identify a cognizable interest in the '670 patent because it failed to allege that Mezzo was assigned "putative ownership rights to [the '670 patent] by the original inventor." Order 9 (explaining that "[i]nventors must be natural persons and cannot be corporations . . .") (quotations omitted). It was insufficient that the original Complaint referenced Mezzo's "engineers." *Id.* Rather, to state a claim for correction of inventorship, Mezzo must provide "details . . . regarding the identity of these engineers, their involvement in the development and invention of the technology at issue, and their precise relationship to Mezzo." *Id.* at 9-10.

Those details are essential at the pleading stage because "[t]he inventors named in [the '670 patent]," Intergalactic's employees Taylor Fausett and Nicholas Herrick-Kaiser, "are presumed correct." *See Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*, 573 F.3d 1290, 1297 (Fed. Cir. 2009). To overcome that presumption and state a claim for *sole* inventorship, courts require "'highly specific' factual allegations that the named inventors had not conceived the invention at issue." *Network Apps, LLC v. AT&T Mobility LLC*, 778 F. Supp. 3d 610, 622 (S.D.N.Y. 2025) (quotations omitted). The allegations must "allow the reasonable inference that [Mezzo's employees] conceived the invention of the ['670 patent] and that [Fausett and Herrick-Kaiser] did not." *Id.* (quotations omitted). Absent these allegations, Mezzo cannot establish an

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - 5
(CASE NO. 2:24-CV-01368-JNW)

expected ownership right or a concrete financial stake in the patent sufficient to confer Article III standing. *See Shukh*, 803 F.3d at 663; Order 8-10.

Mezzo's Amended Complaint fails to provide detailed allegations in support of this Count and thus does not plausibly allege standing or a viable § 256 claim. Although the Amended Complaint now names two Mezzo employees—David Craig and Kevin Kelly—as the "true and correct inventors" and asserts that "[Intergalactic's employees] made no inventive contribution to any of the claims of the '670 patent," Am. Compl., ¶¶ 21-25, 33, 48-49, it does not provide the additional information required, as the Court directed, to provide the "'highly specific' factual allegations" that could overcome the presumption of inventorship, *Network Apps*, 778 F. Supp. 3d at 622. The Amended Complaint offers no particulars about what either individual actually conceived, nor when, nor how any purported conception maps onto specific elements of the '670 patent. Order 9-10. It likewise omits facts describing Craig or Kelly's "precise relationship to Mezzo" at the time of conception. *Id.* And Mezzo does not provide any details that suggest—let alone raise a "reasonable inference," *Network Apps*, 778 F. Supp. at 622—that Fausett and Herrick-Kaiser did not invent laser-welded microtube heat exchangers on their own, *see Iceotope Grp. Ltd. v. LiquidCool Sols., Inc.*, No. 20-cv-2644, 2022 WL 204923, at *4 (D. Minn. Jan. 24, 2022) (finding allegations that named inventors did not contribute to the claimed inventions to be "conclusory" where no further details are alleged). The motion for leave does not fill in these missing details. *See* Dkt. 92 at 4 (stating without explanation that Mezzo "is the assignee of the ownership rights in the intellectual property developed by employees David Craig and Kevin Kelly").

Instead, Mezzo does what this Court warned it not to do. Rather than providing facts within its *sole* possession regarding its *own* employees, it merely states their names and relies on "a flimsy inference" that they "*may* have contributed to the contested invention." Order 10. That "is insufficient to plausibly allege Article III standing." *Id.* (citing *Spokeo, Inc. v. Robins*, 578 U.S.

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 6
(CASE NO. 2:24-CV-01368-JNW)

330, 338 (2016), *as revised* (May 24, 2016)).  Mezzo's failure to rectify these defects renders amendment futile, so the Court should deny leave to amend, or dismiss, Count 4 with prejudice.

**C.      Counts 5-6: Mezzo Fails To Allege Misappropriation Under The Federal Defend Trade Secrets Act And The Louisiana Uniform Trade Secrets Act.**

In Counts 5 and 6, Mezzo raises claims of trade secrets misappropriation under the federal Defend Trade Secrets Act and the Louisiana Uniform Trade Secrets Act.  *See* Am. Compl., ¶¶ 51-71.  The Court found Mezzo's original Complaint insufficient on these Counts because it failed to identify Mezzo's alleged trade secrets with particularity.  Order 10-12.  In its Amended Complaint, Mezzo provides additional details about the claimed trade secrets and avoids characterizing the entirety of Mezzo's business as a trade secret.  *See* Am. Compl., Ex. K.  While Intergalactic does not dispute the sufficiency of Mezzo's claimed trade secrets identification for purposes of Rules 15(a) and 12(b)(6), Intergalactic reserves all rights to address them on their merits, including because Mezzo has confirmed in discovery that the evidentiary basis for its claimed trade secrets is limited to the minimal evidence cited in Exhibit K.

Regardless, Mezzo's Amended Complaint remains deficient because it does not plausibly allege misappropriation.  Misappropriation requires allegations of wrongful acquisition, or unauthorized disclosure or use, of trade secrets.  *See* 18 U.S.C. § 1839(5)(A)-(B); La. R.S. 51:1431.  The Amended Complaint lacks such allegations.  In its motion for leave, Mezzo does not even suggest its amendments address this issue; its motion argues only the "description of the asserted trade secrets." Dkt. 92 at 5-6.

The Amended Complaint (like the original Complaint) alleges that Intergalactic acquired the alleged trade secrets under a non-disclosure agreement ("NDA").  *See* Am. Compl., ¶¶ 19, 54, 65.  But acquiring information under an NDA is not wrongful by itself, and thus does not qualify as misappropriation.  18 U.S.C. § 1839(5)(A) (trade secret must be "acquired by *improper means*" to be misappropriation) (emphasis added).  Instead, Mezzo must plausibly allege that Intergalactic

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - 7
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

"disclos[ed] or use[d]" the alleged secrets without Mezzo's consent. *Id.* § 1839(5)(B); *see also Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017) (dismissing claim because of plaintiff's failure to allege facts providing a reasonable basis for the Court to infer that defendant improperly used plaintiff's trade secrets).

Likewise, Mezzo's allegations of improper use of alleged trade secrets remain deficient. Mezzo bases the entirety of the alleged "use" on "information and belief." Am. Compl., ¶¶ 29-30, 56, 67; Ex. K (alleging that Intergalactic "us[ed], upon information and belief, Mezzo's trade secrets"). The Amended Complaint does not contain any allegations explaining the information and belief, or why the information and belief is well grounded, or why Mezzo is unable to allege anything other than information and belief. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Thus, allegations pled solely on "information and belief" do not state a misappropriation claim. *See, e.g.*, *Dri-Eaz Prods., Inc. v. Allen*, 2013 WL 12250538, at *2 (W.D. Wash. 2013) (dismissing misappropriation claim based upon "information and belief"); *accord GMH Capital Partners v. Fitts*, No. 24-cv-00290, 2025 WL 950674, at *10 (S.D.N.Y. Mar. 28, 2025); *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 526-27 (S.D.N.Y. 2013).

At most, Mezzo alleges that Intergalactic had access to its trade secrets and later perfected the '670 patent. Neither allegation pleads "use." Alleged "access" to a company's trade secrets does not "establish[] misappropriation." *Pellerin v. Honeywell Intern., Inc.*, 877 F. Supp. 2d 983, 989-90 (S.D. Cal. 2012). Likewise, "pointing to a public patent application and declaring its ownership of the content is insufficient" to plead "use." *Abbvie Inc. v. Adcentrx Therapeutics Inc.*, 2024 WL 3611144, at *7 (S.D. Cal. 2024). A key factual bridge is missing. Mezzo fails to allege any connection between Intergalactic's access and the development of the '670 patent, such as concrete similarities between Mezzo's trade secrets and the '670 patent. Without such factual allegations, Mezzo's "information and belief" is nothing more than a bare, conclusory assertion

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - 8
(CASE NO. 2:24-CV-01368-JNW)

that provides no basis to infer that Intergalactic misappropriated Mezzo's trade secrets.

Because Mezzo does not plead the requisite facts to support its trade secret claims, amendment of Counts 5 and 6 should be denied, or the Counts dismissed, with prejudice. *See Barahona*, 881 F.3d at 1134.

**D.    Count 7: Mezzo Fails To Plead Breach or Damages For Breach of Contract.**

Mezzo's Count 7 does not adequately plead breach of contract.  The Court held original Count 7 deficient because Mezzo failed to even include the contractual language allegedly breached. *See* Order 12-14.  In response to that deficiency, the Amended Complaint does the bare minimum by attaching the NDA as Exhibit I and alleging that Intergalactic breached the provision prohibiting "use of [Mezzo's] Confidential Information." Am. Compl., ¶ 73.

However, to state a breach of contract claim under Washington law, the plaintiff must allege not only "the existence of a valid contract," but also "breach of that contract" and "resulting damages." *Bailey-Medwell v. Hartford Life & Accident Ins. Co.*, No. C17-1697, 2018 WL 5264335, at *3 (W.D. Wash. Oct. 23, 2018); *see also* Dkt. 92, Ex. I ¶ 6a ("This Agreement will be governed by the laws of the State of Washington without regard to principles of conflicts of law."). Mezzo concedes that breach and damages are baseline requirements to state a breach of contract claim. *See* Dkt. 61 at 14.  And Intergalactic already alerted Mezzo to its deficiencies in pleading these elements.  Dkt. 60 at 14; Dkt. 64 at 11.  But the Amended Complaint makes little effort to address either deficiency, rendering amendment futile.  Mezzo's motion for leave does not even purport to suggest that its amendments adequately address breach and damages. *See* Dkt. 92 at 6-7.

*First*, regarding a purported breach of the NDA, Mezzo merely presumes a breach from the fact that Intergalactic developed its own heat exchangers. *See* Am. Compl., ¶ 74.  The NDA, however, does not forbid Intergalactic from developing heat exchangers; it bars only the "*use of [Mezzo's] Confidential Information*" to develop a competing product. *Id.* at ¶ 73 (emphasis

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 9
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

added). As with its misappropriation claims, Mezzo alleges no facts supporting a reasonable inference that Intergalactic *used* Mezzo's confidential information to develop heat exchangers. *See supra* Part C. The sole "[e]vidence" Mezzo identifies is that Intergalactic secured a contract with the Navy. *See* Am. Compl. ¶ 74. But marketplace competition and success, without more, do not support a reasonable inference that Intergalactic used Mezzo's trade secrets to obtain that contract. *See Inteum Co., LLC v. Nat'l University of Singapore*, No. C17-1252, 2017 WL 6611961, at *3 (W.D. Wash. Dec. 27, 2017) (explaining that the Court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). Because the Amended Complaint fails to plausibly allege a violation of the NDA, Count 7 fails to state a claim. *See Iqbal*, 556 U.S. at 678.

*Second*, regarding purported damages, Mezzo's allegations simply restate that element without providing any supporting facts—Mezzo asserts that Intergalactic's purported breach of the NDA "has proximately resulted in damages to Mezzo in an amount to be proven at trial." Am. Compl., ¶ 75. This conclusory allegation is insufficient. *See Bungie, Inc. v. Aimjunkies.com*, No. C21-0811, 2022 WL 16853626, at *4 (W.D. Wash. Nov. 10, 2022) (explaining that "conclusory allegation[s]" that the plaintiff "has suffered unspecified injury and damage is insufficient" to state a claim).

Mezzo's minimal amendments to its breach of contract claim are futile. Amendment should be denied, or Count 7 dismissed, with prejudice.

## E.    Count 8: Mezzo Fails To Allege A Violation Of LUTPA.

In Count 8, Mezzo unsuccessfully tries to resurrect its claim under the Louisiana Unfair Trade Practices Act ("LUTPA"). The Court previously dismissed this Count because Mezzo alleged only that "Intergalactic [sought] to protect its presumptively valid '670 Patent"—conduct the Court deemed a "sound business practice[]" not prohibited by LUTPA. Order 15 (quotations omitted). The Court also cautioned that "'the range of prohibited practices under LUTPA is

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 10
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

extremely narrow,' as courts have found LUTPA to prohibit 'egregious' actions such as 'fraud, misrepresentation, and similar conduct, and not mere negligence.'" *Id.* at 14-15 (quoting *SRP Env't, LLC v. Claremont Prop. Co.*, No. CV 23-1475, 2025 WL 562723, at *9 (W.D. La. Feb. 20, 2025)); *see also Cheramie Servs., Inc. v. Shell Deepwater Prod.*, 35 So. 3d 1053, 1059 (La. 2010). Consistent with these threshold observations and the wholesale absence of such allegations in the original Complaint, the Court at least once stated that this Count was dismissed "with prejudice." Order 15.  But regardless of whether Count 8 was dismissed with or without prejudice, Mezzo's purported amendments do not rectify the problems.

Mezzo's Amended Complaint bases its LUTPA count on Intergalactic's alleged use of confidential information "to fast-track its development and sale of its own competing product in a way that is unfair and damaging to Mezzo," Am. Compl., ¶ 78, and "to build a competing product and to win a U.S. Navy project that would have otherwise been awarded to Mezzo," Dkt. 92 at 9; *see also supra* Part D.  But as with Counts 5-6, Mezzo pleads no facts supporting a reasonable inference that Intergalactic misappropriated its trade secrets.  Moreover, competitive success does not plausibly raise an inference of "egregious . . . conduct." *SRP Env't*, 2025 WL 562723, at *9. The deficiency is even more pronounced under LUTPA, which targets an "extremely narrow" "range of prohibited practices," and thus requires more specific factual allegations to state a claim. Order 14-15 (quotations omitted); *see also Cenac v. Orkin, LLC*, 941 F.3d 182, 194 (5th Cir. 2019) (explaining that "[t]here is a great deal of daylight between a breach of contract claim and the egregious behavior [LUTPA] proscribes").  Count 8 does not come close to alleging those facts. In its motion for leave, Mezzo does not even acknowledge the Court's direction, including cited case law, that LUTPA claims require egregious conduct.

Mezzo's LUTPA claim fails for a second, independent reason.  Louisiana courts have held that the Louisiana Uniform Trade Secrets Act provides the "exclusive, statutory remedy for the misappropriation of competitively significant secret information meeting the definition of a 'trade

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - 11
(CASE NO. 2:24-CV-01368-JNW)

secret.'" *Defcon, Inc. v. Webb*, 687 So. 2d 639, 642 (La. Ct. App. 1997). The Act expressly "displaces conflicting tort, restitutionary, and other laws of th[e] state pertaining to civil liability for misappropriation of a trade secret." La. R.S. 51:1437. Accordingly, the Act preempts civil law claims concerning the misappropriation or conversion of trade secrets. *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 157-58 (5th Cir. 2018); *H&E Equip. Servs., Inc. v. St. Germain*, No. CV-19-134-SDD-EWD, 2020 WL 1678327, at *6 (M.D. La. Apr. 6, 2020).

Mezzo's LUTPA claim rests on alleged misappropriation of trade secrets. *See* Am. Compl. ¶ 27. Mezzo never alleges that Intergalactic received any confidential information that does not qualify as a trade secret, nor does it differentiate such information from its alleged trade secrets. *See* Am. Compl., Ex. K. So the Louisiana Uniform Trade Secrets Act preempts Mezzo's LUTPA claim. *See Brand Servs.*, 909 F.3d at 157-58; *Defcon*, 687 So. 2d at 642.

Mezzo suggests in a parenthetical that "a plaintiff could bring a claim under both LUTPA and [the Louisiana Uniform Trade Secrets Act]." Dkt. 92 at 8 (citing *Bihm v. Deca Sys., Inc.*, 226 So. 3d 466 (La. Ct. App. 2017)). To be sure, "claims of violations under both acts are frequently pled and tried together" because the same nucleus of facts is often at issue. *Bihm*, 226 So. 3d at 482. But the Louisiana Uniform Trade Secrets Act provides the exclusive vehicle for **trade secret** claims. *See Brand Servs.*, 909 F.3d at 157-58; *Defcon*, 687 So. 2d at 642. *Bihm* does not disrupt that longstanding principle under Louisiana law. In fact, it does not mention *Defcon*, grapple with the Act's statutory "displace[ment]" of conflicting laws, *see* La. R.S. 51:1437, or even mention preemption at all. Thus, Mezzo's LUTPA claim premised on alleged trade secret misappropriation cannot proceed. Because "no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim," *Barahona*, 881 F.3d at 1134 (quotations omitted), the Court should, with prejudice, deny leave to amend or dismiss.

### V.   CONCLUSION

For the foregoing reasons, this Court should deny Mezzo leave to amend its Complaint,

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 12
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

dismiss Counts 3-8 with prejudice, and direct that this case proceed only on Counts 1-2.

## VI.    CERTIFICATION OF CONFERRAL

Pursuant to Judge Whitehead's chamber procedures, the undersigned certifies that the parties have conferred in accordance with Section 5.6.

DATED this 13th day of January, 2026.

RESPECTFULLY SUBMITTED,

MARTINEZ & FARMER LLP

By: */s/ Tyler L. Farmer*
    Tyler L. Farmer, WSBA #39912
    Ariel A. Martinez, WSBA #54869
    4020 East Madison St., Suite 300
    Seattle, WA 98112
    T: 206.208.2270
    tyler@mfseattle.com
    ariel@mfseattle.com

William E. Devitt*
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Phone: (312) 269-4240
wdevitt@jonesday.com

Laura Kanouse Vining*
JONES DAY
1221 Peachtree Street N.E., Suite 400
Atlanta, GA 30361
Phone: (404) 581-8352
lkvining@jonesday.com

Yury Kalish*
Jennifer L. Swize*
Nathaniel C. Sutton*
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
Phone: (202) 879-3939
ykalish@jonesday.com
jswize@jonesday.com
nsutton@jonesday.com

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO
MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT
UNDER RULE 12(b)(6) - 13
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

Randall E. Kay*
JONES DAY
4655 Executive Drive
San Diego, CA 92121-3134
Tel: (858) 314-1200
rekay@jonesday.com

Robert M. Breetz*
Emily C. Towers*
901 Lakeside Ave
Cleveland, OH 44114
Phone: (216) 586-3939
rbreetz@jonesday.com
etowers@jonesday.com

*Admitted *pro hac vice*

I certify that this motion contains 4,198 words, in compliance with the local rules.

AIRBORNE ECS, LLC'S (1) RESPONSE IN OPPOSITION TO MEZZO'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND (2) MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 14
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270