Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| INTERNATIONAL MEZZO TECHNOLOGIES, INC., | No. 2:24-cv-01368-JNW |
| Plaintiff, | **PLAINTIFF INTERNATIONAL MEZZO TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| v. | |
| AIRBORNE ECS LLC, | |
| Defendants. | |

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Plaintiff International Mezzo Technologies, Inc. ("Plaintiff" or "Mezzo") respectfully submits this reply in support of its Motion for Leave to File First Amended Complaint (Dkt. 92 ("Motion")). In Airborne's filing on January 13, 2026 (Dkt. 95, hereinafter the "Filing"), Airborne combined two separate papers (its Opposition to Mezzo's Motion for Leave to Amend and a Rule 12(b)(6) Motion to Dismiss) into a single filing. In accordance with the Federal Rules and pursuant to direction provided by this Court's clerk, Mezzo files the instant Reply in support of its Motion for Leave to Amend addressing Airborne's Rule 15(a) arguments, and will file a separate Opposition to Airborne's 12(b)(6) Motion to Dismiss in due course.

## I.    Count Three – Airborne Previously Abandoned its Claim for Dismissal of Count Three[1]

Count Three is substantively identical[2] in the original Complaint and in the proposed Amended Complaint. *Compare* Dkt. 1 and Dkt. 92-1. Airborne previously withdrew is motion for a judgment on the pleadings as to Count Three based on the assertions of Mezzos' Opposition to Airborne's Motion for Judgment on the Pleadings. *See* Dkt. 64, at 7 n.2 ("now that Mezzo has finally clarified its position, Intergalactic no longer seeks dismissal of Count III."). Because Airborne abandoned its motion for judgment on the pleadings for Count Three, Count Three was not addressed by this Court in its Order. *See* Dkt. 88, at 4 n.1 ("The motion originally sought judgment on the pleadings regarding Count 3, *see* Dkt. No. 60 at 10–11, but Intergalactic concedes that it no longer seeks dismissal of that claim, *see* Dkt. No. 64 at 7 n.2. Accordingly, this Order does not discuss Count 3.") Therefore, Count Three is not subject to the instant Motion for Leave to Amend and is thus not subject to challenge under Rule 15.

.

[1] Because Airborne combined its Opposition to Mezzo's Motion for Leave to Amend with its 12(b)(6) Motion to Dismiss, Mezzo cannot determine whether Airborne's argument regarding Count Three goes to the Motion for Leave to Amend or the Motion to Dismiss. To the extent that Airborne is renewing its now-waived 12(b)(6) Motion as to Count Three, Mezzo will address Airborne's arguments in its Opposition to Airborne's 12(b)(6) Motion.

[2] The only difference between Count Three in the original and Proposed Amended Complaint is the update to the ending paragraph number in the statement, "Mezzo repeats and incorporates by reference of the allegations of paragraphs 1-28 34." *See* Dkt. 92-1, at 13.

MEZZO REPLY IN SUPPORT OF MOTION TO
AMEND (2:24-cv-01368-JNW) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## II.    Count Four: Mezzo's Amended Complaint Establishes Proper Standing

This Court previously held that Mezzo's original Complaint did not sufficiently describe Mezzo's standing to seek correction of inventorship of the '670 patent. *See* Dkt. 88, at 8. Airborne admits in its Filing that "Mezzo can establish standing by alleging at least one of the following: an expected ownership right in the patent, a concrete financial stake in the patent, or a 'concrete and particularized reputational injury' resulting from not being named as an inventor." Dkt. 95, at 10.

Airborne's arguments regarding Count Four in its Filing all go to Airborne's request for dismissal under Rule 12(b)(6) (which will be addressed by Mezzo in opposition to Airborne's 12(b)(6) Motion) and Airborne does not allege – because it cannot – that the standard for leave to amend under Rule 15(a) has not been met by Mezzo.

It is undisputed that Mezzo's proposed Amended Complaint asserts Mezzo's ownership (via assignment by employees Kelly and Craig) of the subject matter of the '670 Patent, and even includes a copy of the Mezzo employee handbook establishing such automatic assignment. *See* Dkt. 92-1, ¶ 49 and Exhibit J to the proposed Amended Complaint. *Informatics Applications Grp., Inc. v. Shkolnikov*, No. 1:11CV726 JCC/JFA, 2011 WL 4804870, at *5 (E.D. Va. Oct. 11, 2011) ("Where an employee has assigned his patent rights to his employer, it is clear that the omission of the employee from the patent injured the employer by depriving it of an ownership interest or financial stake in the patent, and that the injury will be redressed by correction of inventorship.") Accordingly, standing has been established at least by assignment.

In addition, it is also undisputed that Mezzo's proposed Amended Complaint also details the harm to Mezzo's financial and reputational interests due to the mistaken inventorship. *See* Dkt. 92-1, ¶ 33. As such, Mezzo's proposed Amended Complaint properly remedies the standing issue identified by this Court in its Order. Therefore, Mezzo's Motion to Amend to include Count Four is not futile and should be granted.

MEZZO REPLY IN SUPPORT OF MOTION TO
AMEND (2:24-cv-01368-JNW) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

### III.    Counts Five and Six: Mezzo's Amended Complaint Identifies Trade Secrets with Required Particularity

This Court previously held that the original Complaint did not identify the trade secrets with sufficient particularity.  *See* Dkt. 88, at 11 ("Still, plaintiffs must provide enough information to permit the 'defendant to ascertain at least the boundaries within which the secret lies'… The Complaint fails in this regard.").  Airborne's Filing admits that Mezzo's proposed Amended Complaint sufficiently identifies its trade secrets with sufficient particularity for the purposes of Rule 15(a). Dkt. 95, at 12 ("While Intergalactic does not dispute the sufficiency of Mezzo's claimed trade secrets identification for purposes of Rules 15(a) and 12(b)(6), Intergalactic reserves all rights to address them on their merits…").

Airborne's Filing also alleges that Mezzo failed to adequately describe Airborne's use or misappropriation of the trade secrets. Dkt. 95, at 12-13.  However, despite Airborne arguing in its Motion for Judgment on the Pleadings that Mezzo failed to sufficiently plead "use" of the trade secrets by Airborne (*see* Dkt. 60, at 13), this Court did not hold that Mezzo failed to adequately plead "use" of the trade secret by Mezzo. *See*, Order (Dkt 88) at 10-12. Thus, Airborne's arguments regarding use or misappropriation of the trade secrets (which have not been found to be deficient by this Court) are irrelevant to the instant Motion for Leave to Amend pursuant to Rule 15(a).

Mezzo disputes that it has not adequately pled Airborne's use/misappropriation noting, for example, that the fourth column of the table of Exhibit K to Mezzo's Proposed Amended Complaint (Dkt. 93) specifically identifies Airborne's use/misappropriation for each trade secret and the Amended Complaint specifically alleges that Airborne used Mezzo's trade secrets to secure its position as a "sole-source" supplier for the U.S. Navy.  However, Mezzo will further address these arguments regarding use/misappropriation in full in responding to Airborne's 12(b)(6) Motion to Dismiss in due course.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**IV.    Count Seven: Mezzo Adequately Pleads the Necessary Contract Language**

This Court previously held that the original Complaint did not include "sufficient information to assess the plausibility of the claim." Dkt. 88, at 13.  In response, the Amended Complaint attaches the full contract and further describes in detail Airborne's breach of the contract.  *See* Dkt. 92-1, ¶¶ 73-74 and Exhibit I (a copy of the non-disclosure agreement).  The Amended Complaint also specifically identifies Mezzo's damages resulting from Airborne's breach.  *See* Dkt. 92-1, ¶ 34 ("Additionally, with regards to Airborne's breach of contract, trade secret misappropriation and unfair competition, by using Mezzo's confidential information to design and build laser welded microtube heat exchangers that Airborne would not have been able to build without such information, Airborne has unfairly secured customers and contracts. For example, Airborne has secured a position as a 'sole-source' supplier for the U.S. Navy to Mezzo's detriment.").

Because Airborne combined its Opposition to Mezzo's Motion for Leave to Amend with its 12(b)(6) Motion to Dismiss, Mezzo cannot determine whether Airborne's argument regarding Count Seven goes to the Motion for Leave to Amend or the Motion to Dismiss.  Out of an abundance of caution, Mezzo preliminarily addresses the arguments regarding Count Seven and will further address Airborne's arguments in its Opposition to Airborne's 12(b)(6) Motion.  In support of its claim that Mezzo has not adequately pled breach of the non-disclosure agreement, Airborne relies on *Inteum Co., LLC v. Nat'l Univ. of Singapore, No.* C17-1252JCC, 2017 WL 6611961, at *4 (W.D. Wash. Dec. 27, 2017).  However, the *Inteum* case is very different than the matter at hand.

First, the *Inteum* case addressed a pending Rule 12(c) motion for judgment on the pleadings – not a Rule 15(a) motion for leave to amend.  *Id*. at *1.  Further, the facts of *Inteum* are non-analogous to the instant matter.  In *Inteum*, the defendant, NUS, had licensed Inteum's software.  *Id*. After using Inteum's software, NUS solicited bids to replace the Inteum system.  *Id*. NUS eventually contracted with Wellspring for this job. *Id*. Inteum alleged that NUS shared Inteum's confidential information with Wellspring in breach of the confidentiality requirements

MEZZO REPLY IN SUPPORT OF MOTION TO
AMEND (2:24-cv-01368-JNW) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

of the license. *Id*. However, the *Inteum* court found that the bid solicitations between NUS and Wellspring specifically required Wellspring to create its own software rather than use Inteum's confidential information. *Id*. Based on such bid solicitation evidence, the Court granted the 12(c) motion. However, no such evidence supporting a finding of no breach of contract exists in the instant matter, and *Inteum* is inapplicable to the instant case.

## V.    Count Eight: Mezzo Adequately Pleads a Violation of LUTPA

The proposed Amended Complaint describes Airborne's violations of the LUTPA that were not asserted in the original Complaint. *See* 92-1, ¶¶ 30-31 and 34. As this Court noted in its Order, LUTPA prohibits actions such as "fraud, misrepresentation, and similar conduct, and not mere negligence." Dkt. 88, at 14-15. As described in the proposed Amended Complaint, Airborne "used Mezzo's confidential information… [to] design and build its own microtube heat exchangers to exercise an unfair competitive advantage over Mezzo in the marketplace to Mezzo's loss." *See* 92-1, ¶ 30. Such efforts to wrongly use Mezzo's confidential information was not a "mistake" or "negligence" but was a concerted fraudulent action by Airborne to improperly gain market share in violation of LUTPA. *See, e.g., Ruby Slipper Cafe, LLC v. Belou*, No. CV 18-1548, 2019 WL 1254897, at *7 (E.D. La. Mar. 19, 2019) and *Bernhard MCC, LLC v. Zeringue*, 303 So. 3d 372, 375 (La. App. 5 Cir. 9/9/20).

Airborne also alleges that the Louisiana Uniform Trade Secret Act preempts Mezzo's LUTPA claim – this is incorrect. Airborne bases its incorrect argument on the assertion that Mezzo's trade secret information is identical to its confidential information. *See* Dkt. 95, at 17 ("Mezzo's LUTPA claim rests on alleged misappropriation of trade secrets."). This is false and not what is clearly alleged in the proposed Amended Complaint. Rather, Paragraphs 30-31 specifically describe Airborne's concerted efforts to misuse Mezzo's confidential information – not trade secret information – for Airborne's own benefit. Furthermore, the proposed Amended Complaint specifically describes the confidential information that is separate and apart from Mezzo's identified trade secrets. *See* 92-1, ¶ 30 ("Specifically, [Airborne] has used Mezzo's confidential information relating to laser welded microtube heat exchanger design and

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

manufacture that it received from Mezzo via emails exchanged between Mezzo and Airborne in 2017-18 and during the tours of Mezzo's facilities to design and build its own microtube heat exchangers to exercise an unfair competitive advantage over Mezzo in the marketplace to Mezzo's loss."). As such, Mezzo's LUTPA claim is not preempted by its trade secret misappropriation claims.

## VI.   Conclusion

For the aforementioned reasons, Mezzo respectfully requests that its Motion for Leave to file its Amended Complaint be granted.

## LCR 7(e) CERTIFICATION

I certify that this memorandum contains 1,855 words, in compliance with the Local Civil Rules.

Dated January 20, 2026.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS<sup>PLLC</sup>

s/John Whitaker
John D. Denkenberger, WSBA No. 25,907
John Whitaker, WSBA No. 28,868
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
E-mail:  john.denkenberger@cojk.com,
john.whitaker@cojk.com, litdoc@cojk.com

CARVER DARDEN KORETZKY TESSIER
FINN BLOSSMAN & AREAUX

s/Emily Gummer
David Scotton (admitted *pro hac vice*)
Emily Gummer (admitted *pro hac vice*)
1100 Poydras Street, Suite 3100
New Orleans, LA 70163

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Telephone: 504.585.3821
E-mail: scotton@carverdarden.com,
gummer@carverdarden.com

*Attorneys for Plaintiff International Mezzo
Technologies, Inc.*

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100