Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| INTERNATIONAL MEZZO TECHNOLOGIES, INC.,<br><br>                    Plaintiff,<br><br>            v.<br><br>AIRBORNE ECS LLC,<br><br>                 Defendants. | No. 2:24-cv-01368-JNW<br><br>**PLAINTIFF INTERNATIONAL MEZZO TECHNOLOGIES, INC.'S RESPONSE TO DEFENDANT AIRBORNE ECS, LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6)** |

MEZZO RESPONSE TO AIRBORNE'S MOTION
TO DISMISS (2:24-cv-01368-JNW) - i

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**TABLE OF CONTENTS**

I.      INTRODUCTION ..................................................................................... 1

II.     LEGAL STANDARD ............................................................................. 1

III.    COUNT THREE – AIRBORNE PREVIOUSLY ABANDONED ITS CLAIM
        FOR DISMISSAL OF COUNT THREE ............................................................. 2

IV.     COUNT FOUR – MEZZO'S AMENDED COMPLAINT SUFFICIENTLY
        PLEADS A CLAIM FOR CORRECTION OF INVENTORSHIP ................... 3

V.      COUNTS FIVE & SIX – MEZZO'S AMENDED COMPLAINT PLAUSIBLY
        ALLEGES AIRBORNE'S MISAPPROPRIATION OF TRADE SECRETS ... 5

VI.     COUNT SEVEN – MEZZO'S AMENDED COMPLAINT PLAUSIBLY
        ALLEGES DAMAGES RESULTING FROM AIRBORNE'S BREACH OF
        THE NON-DISCLOSURE AGREEMENT ....................................................... 7

VII.    COUNT EIGHT – MEZZO'S LUTPA IS NOT PREEMPTED BY MEZZO'S
        TRADE SECRET MISAPPROPRIATION CLAIM ........................................ 9

VIII.   IF ANY PORTION OF AIRBORNE'S MOTION IS GRANTED, LEAVE TO
        AMEND SHOULD BE GRANTED ................................................................. 10

LCR 7(e) CERTIFICATION......................................................................... 11

MEZZO RESPONSE TO AIRBORNE'S MOTION
TO DISMISS (2:24-cv-01368-JNW) - ii

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## TABLE OF AUTHORITIES

**Cases**

*Advanced Hair Restoration LLC v. Bosley Inc.*, No. C23-1031-KKE,
2025 WL 1195899 (W.D. Wash. Apr. 24, 2025) ................................................................2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).................................................................... 1, 2

*Bernhard MCC, LLC v. Zeringue,* 303 So. 3d 372 (La. App. 5 Cir. 9/9/20) ............................9

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10–CV–03428–LHK,
2011 WL 1044899 (N.D. Cal. Mar. 23, 2011) ..........................................................6

*CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350 (Fed. Cir. 2019) ...........10

*Crystal Enters., Inc. v. Integrated Env't Techs., LTD*, No. 3:12-CV-05027,
2012 WL 13019682 (W.D. Wash. Aug. 17, 2012)..........................................................7

*DCD Progs., Ltd. v. Leighton*, 833 F.2d 183  (9th Cir. 1987).......................................10

*Edirect Publ'g, Inc. v. Livecareer, Ltd.*, No. 12-CV-1123 JLS (JMA),
2014 WL 11974992 (S.D. Cal. Mar. 18, 2014)..........................................................6

*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003)....................................11

*In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141 (9th Cir. 2013) ..............................................2

*Inteum Co., LLC v. Nat'l Univ. of Singapore, No*. C17-1252-JCC,
2017 WL 6611961 (W.D. Wash. Dec. 27, 2017) ..........................................................8

*Mansfield v. Pfaff*, No. C14-0948JLR, 2014 WL 3810581 (W.D. Wash. Aug. 1, 2014) .. 10, 11

*Network Apps, LLC v. AT&T Mobility, LLC,* 778 F. Supp. 3d 610 (S.D.N.Y. 2025)............ 4, 5

*Pellerin v. Honeywell International, Inc.*, 877 F. Supp. 2d 983 (S.D. Cal. 2012) .....................6

*Polaris PowerLED Techs., LLC v. Nintendo Co., Ltd.*,
623 F. Supp. 3d 1132 (W.D. Wash. 2022) ..........................................................3

*Ruby Slipper Cafe, LLC v. Belou,* No. CV 18-1548,
2019 WL 1254897 (E.D. La. Mar. 19, 2019) ..........................................................9

*W.L. Gore & Assocs. v. GI Dynamics, Inc.*, No. CV–10–8088–PHX–GMS,
2010 WL 5184254 (D. Ariz. Dec. 15, 2010)..........................................................6

*Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645 (W.D. Wash. 2015) .......10

**Rules**

Fed. R. Civ. P. 12(6)(b) ..........................................................1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Fed. R. Civ. P. 15 ................................................................................................. 10, 11

MEZZO RESPONSE TO AIRBORNE'S MOTION
TO DISMISS (2:24-cv-01368-JNW) - iv

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Plaintiff International Mezzo Technologies, Inc. ("Plaintiff" or "Mezzo") hereby opposes Defendant Airborne ECS, LLC's ("Airborne") Motion to Dismiss the Amended Complaint Under Rule 12(b)(6) (Dkt. 95 ("Motion")).

## I.    INTRODUCTION

Airborne's Motion ignores and misconstrues much of Mezzo's proposed Amended Complaint (Dkt. 92-1 ("FAC")), instead regurgitating much of its previous motion without regard to the new material.  Mezzo's FAC, however, provides substantial additions in direct response to this Court's Order (Dkt. 88, "Order"). These additions include: (1) attaching the Mezzo employee handbook that evidences the assignment of intellectual property rights from Kevin Kelly and David Craig to Mezzo to confer standing on Mezzo to seek correction of patent inventorship (FAC Ex. J, Dkt. 92-11); (2) attaching (under seal) Mezzo's trade secret identification chart that not only describes each trade secret in detail, but also identifies Airborne's acts of misappropriation for each trade secret (FAC Ex. K (Dkt. 93)); and (3) detailed allegations of the damages suffered by Mezzo, including that Airborne used Mezzo's confidential and trade secret information to secure a position as a "sole-source" supplier for the U.S. Navy. Airborne's Motion amounts to nothing more than an invitation for this Court to impose a higher pleading standard than required by law. The counts of Mezzo's FAC are sufficiently pled, and Airborne's Motion should be denied in its entirety.

## II.    LEGAL STANDARD

A movant has a high burden to dismiss a claim under Federal Rule of Civil Procedure 12(6)(b) because the analysis heavily favors the nonmovant. "To survive a [Rule 12(b)(6) motion], 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The court must accept all facts alleged in the complaint as true and make all inferences in the light most favorable to the non-moving party. *In re Fitness Holdings Int'l,*

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

*Inc.*, 714 F.3d 1141, 1144–45 (9th Cir. 2013); *see also Advanced Hair Restoration LLC v. Bosley Inc.*, No. C23-1031-KKE, 2025 WL 1195899, at *3 (W.D. Wash. Apr. 24, 2025). Thus, the court cannot dismiss the claim if a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678.

### III.   COUNT THREE – AIRBORNE PREVIOUSLY ABANDONED ITS CLAIM FOR DISMISSAL OF COUNT THREE

Airborne previously objected to Mezzo's use of the phrase "invalid and/or unenforceable" with regards to its claim of patent invalidity for failure to name the correct inventor in Count Three.  Dkt. 60, at 5 ("As an initial matter, it is unclear whether Count III is seeking a declaration of only invalidity of the '670 patent based on improper inventorship or also (or instead) seeking a declaration of unenforceability.").  However, in Mezzo's Opposition to Airborne's Motion for Judgment on the Pleadings, Mezzo made clear that "Count III, by contrast, asserts that the '670 Patent is invalid under § 101 due to a failure to meet statutory inventorship requirements, a defect that renders the patent invalid regardless of intent." Dkt. 61, at 5.  Airborne then withdrew is motion for a judgment on the pleadings as to Count Three. *See* Dkt. 64, at 3, n. 2 ("In its Opposition, Mezzo has finally clarified that Count III seeks only to argue invalidity based on incorrect inventors, saying that Count III's reference to 'unenforceable' is 'incidental' and 'superfluous' and that Count III does not rest on alleged inequitable conduct… now that Mezzo has finally clarified its position, Intergalactic no longer seeks dismissal of Count III.").

The Court's Order expressly acknowledged that Airborne had withdrawn its original challenge to Count Three and declined to discuss Count Three for that reason.  *See* Dkt. 88, at 4, n.1 ("The motion originally sought judgment on the pleadings regarding Count 3, *see* Dkt. No. 60 at 10–11, but Intergalactic concedes that it no longer seeks dismissal of that claim, *see* Dkt. No. 64 at 7 n.2. Accordingly, this Order does not discuss Count 3.").

MEZZO RESPONSE TO AIRBORNE'S MOTION
TO DISMISS (2:24-cv-01368-JNW) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Despite Airborne's earlier concession regarding Count Three, Airborne now yet again seeks dismissal of Claim Three based on the identical basis—Mezzo's inclusion of the word "unenforceable". *See* Motion at 4 ("Count 3 in Mezzo's Amended Complaint continues to request a declaration that the '670 'is invalid and/or enforceable'"). Nothing has changed regarding the basis for Mezzo's Count Three. Because Count Three was not the subject of this Court's Order and because Airborne has already abandoned its challenge, there is no basis for Airborne to yet again seek dismissal of Count Three. However, to the extent that the Court finds it necessary, Mezzo consents to the removal of the phrase "and/or unenforceable" from Count Three.

Furthermore, with regards to Mezzo's pleading of invalidity based on improper inventorship – Mezzo has sufficiently pled this cause of action. This District has held that, in view of the safeguards provided in this District's Local Patent Rules, even a minimally pleaded invalidity claim that asserts only a statutory basis for invalidity meets the applicable pleading standards. *See Polaris PowerLED Techs., LLC v. Nintendo Co., Ltd*., 623 F. Supp. 3d 1132, 1139-40 (W.D. Wash. 2022) (noting that "local patent rules fulfill the Supreme Court's pleading standard '[b]y requiring the party claiming invalidity to flesh out and support its [non-infringement and] invalidity contentions early on.'") (internal citation omitted). Mezzo sufficiently pled its claim for invalidity for failure to name the correct inventor in Count Three, and it should not be dismissed. Accordingly, Airborne's Motion should be denied.

## IV.    COUNT FOUR – MEZZO'S AMENDED COMPLAINT SUFFICIENTLY PLEADS A CLAIM FOR CORRECTION OF INVENTORSHIP

Airborne's Motion does not dispute that Mezzo's FAC sufficiently establishes Mezzo's standing to assert Count Four. Instead, Airborne's Motion alleges that Mezzo failed to plausibly allege correction of inventorship under the specific theory of sole inventorship. *See* Motion at 5-6. Airborne could have alleged this basis for dismissal of Count Four in its original Motion for Judgment on the Pleadings, but Airborne did not and is now seeking dismissal on this basis

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

for the first time. *See* Dkt. 60, at 6 (wherein Airborne only seeks dismissal of Count Four due to lack of standing and making no mention of failure to plead sole inventorship).

However, regardless, Mezzo's FAC plausibly alleges correction of inventorship. Airborne attempts to rely upon *Network Apps, LLC v. AT&T Mobility, LLC* in support of its motion to dismiss Count Four. 778 F. Supp. 3d 610 (S.D.N.Y. 2025). However, that case is highly distinguishable from the matter at hand. In *Network Apps* the court granted the motion to dismiss because the allegations of the complaint did not "allow the reasonable inference that [the Individual Plaintiffs] conceived the invention of the ['462 Patent] and that [the named inventors] did not." *Id*. at 622 (citation omitted). In contrast, Mezzo's FAC dedicates pages to describing how Kevin Kelly and David Craig developed laser welded microtube heat exchangers for aircraft ECS systems and Taylor Fausett and Nicholas Herrick-Kaiser learned of that technology from Mezzo. *See, e.g.*, FAC at 5-8. For example, Mezzo's FAC alleges:

- "[P]rior to the parties becoming competitors, Airborne was a customer of Mezzo's. Specifically, on or about March 29, 2017, Brandon Carle, the Director of Engineering for Airborne, contacted Mr. Kelly of Mezzo inquiring as to whether Mezzo could design and manufacture a laser welded microtube heat exchanger for Airborne. The heat exchanger sought by Airborne was to be used in an environmental control system ("ECS") of an aircraft." *Id*. ¶ 13.

- "On or about October 2017, Mr. Nicholas F. Herrick-Kaiser of Airborne (who is coincidentally also an alleged inventor of Airborne's '670 Patent) emailed Mezzo requesting additional information regarding a laser welded microtube heat exchanger for Raytheon Technologies (an aircraft manufacturer). Mezzo provided the requested information to Mr. Herrick-Kaiser, and Airborne indicated that Mezzo would likely be engaged to manufacture the heat exchanger." *Id*. ¶ 18.

MEZZO RESPONSE TO AIRBORNE'S MOTION
TO DISMISS (2:24-cv-01368-JNW) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

- "On or about February 2018, Mr. Lee and Mr. Herrick-Kaiser of Airborne toured Mezzo in person again, brought a representative from Raytheon with them, and specifically requested to view how Mezzo's manufactures its laser welded heat exchangers." *Id*. ¶ 19.
- "To Mezzo's disappointment, on or about May 2018, Airborne informed Mezzo that Airborne would not be offering the Raytheon contract to Mezzo. At that point the customer relationship with Airborne ceased." *Id*. ¶ 20.

In fact, the *Network Apps* court specifically held that a claim for correction of inventorship is properly pled when there are allegations that the "named inventors had previously failed at developing the technology at issue and distanced themselves from the plaintiffs around the time they filed for the patent." *See* 778 F. Supp. 3d at 622. These are exactly the type of allegations that have been pled by Mezzo in the FAC. Mezzo's FAC describes that Airborne reached out to Mezzo to develop a laser welded microtube heat exchanger for an aircraft ECS system because Airborne could not, and after Airborne learned of the technology from Mezzo (including Mr. Herrick-Kaiser who personally toured Mezzo's facilities), and then they distanced themselves from Mezzo and proceeded to file a patent application on the same technology. Accordingly, Mezzo sufficiently pled its claim correction of inventorship in Count Four, and it should not be dismissed. Airborne's Motion should be denied.

## V.    COUNTS FIVE & SIX – MEZZO'S AMENDED COMPLAINT PLAUSIBLY ALLEGES AIRBORNE'S MISAPPROPRIATION OF TRADE SECRETS

This Court previously held that the original Complaint did not identify the trade secrets with sufficient particularity. *See* Dkt. 88, at 11 ("Still plaintiffs must provide enough information to permit the 'defendant to ascertain at least the boundaries within which the secret lies'… The Complaint fails in this regard."). In response to the Court's Order, Mezzo's proposed FAC includes as an exhibit a detailed identification of its trade secrets. *See* FAC Ex. K (Dkt. 93). Now, Airborne's Motion admits that Mezzo's proposed Amended Complaint

MEZZO RESPONSE TO AIRBORNE'S MOTION
TO DISMISS (2:24-cv-01368-JNW) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

identifies its trade secrets with sufficient particularity for the purposes of Rules 15(a) and 12(b)(6). Motion at 7 ("While Intergalactic does not dispute the sufficiency of Mezzo's claimed trade secrets identification for purposes of Rules 15(a) and 12(b)(6), Intergalactic reserves all rights to address them on their merits…").

Airborne's Motion then goes on to allege that Mezzo failed to adequately describe Airborne's use or misappropriation of the trade secrets. *Id.* at 7-8. However, Airborne advanced that same argument in its original Motion for Judgment on the Pleadings. See Dkt. 60, at 8. Despite Airborne advancing that argument, <u>this Court did not hold that Mezzo failed to adequately plead "use" of the trade secrets by Mezzo, thereby implicitly rejecting Airborne's current argument</u>. Dkt. 88, at 10-12. Thus, this Court should again deny Airborne's second attempt to dismiss Counts Five and Six.

Furthermore, Mezzo has described Airborne's use/misappropriation in detail in its FAC. *See, e.g.,* FAC Ex. K (Dkt. 93) (wherein the fourth column of the table of Exhibit K specifically identifies Airborne's use/misappropriation for each trade secret) and FAC ¶¶ 31-34 (describing how Airborne used Mezzo's trade secrets to secure its position as a "sole-source" supplier for the U.S. Navy). "A number of district courts within the Ninth Circuit have held that alleging the use of trade secret information to launch a competing product or service is sufficient to plead misappropriation." *Edirect Publ'g, Inc. v. Livecareer, Ltd.*, No. 12-CV-1123 JLS (JMA), 2014 WL 11974992, at \*4 (S.D. Cal. Mar. 18, 2014) (citing *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10–CV–03428–LHK, 2011 WL 1044899, at \* 5 (N.D. Cal. Mar. 23, 2011); and *W.L. Gore & Assocs. v. GI Dynamics, Inc.*, No. CV–10–8088–PHX–GMS, 2010 WL 5184254, at \*9 (D. Ariz. Dec. 15, 2010)).

Airborne improperly attempts to rely upon *Pellerin v. Honeywell International, Inc.*, 877 F. Supp. 2d 983 (S.D. Cal. 2012). However, in that case the court found a failure to adequately plead trade secret misappropriation when "Honeywell has not alleged any circumstantial evidence – beyond the allegations that Pellerin allegedly had access to Honeywell's trade secrets – that establishes misappropriation." *Id*. at 990. The evidence in this

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

case paints a very different picture than the bare allegation of use made in the *Pellerin* case.  As described in Exhibit K and in the FAC, Airborne learned of each of Mezzo's trade secrets when it toured Mezzo's facilities and also through the laser-welding video and other information provided to Airborne under the protection of the executed Non-Disclosure Agreement.  *See* FAC Ex. K (Dkt. 93) and FAC ¶¶ 17, 19.  After learning of Mezzo's trade secrets under the guise of wanting to be Mezzo's customer (at that time Airborne did not have the capability to manufacture laser welded microtube heat exchangers), Airborne severed the relationship with Mezzo and informed Mezzo that it intended to instead compete against Mezzo.  *Id*.  Airborne then went on to file a patent application on the very technology that Mezzo disclosed to Airborne under NDA, and Airborne is now unfairly competing with Mezzo to Mezzo's detriment.  *Id*. ¶¶ 21-26.

Mezzo sufficiently pled Airborne's trade secret use/misappropriation in Counts Five and Six, and they should not be dismissed. Airborne's Motion should be denied.

## VI.   COUNT SEVEN – MEZZO'S AMENDED COMPLAINT PLAUSIBLY ALLEGES DAMAGES RESULTING FROM AIRBORNE'S BREACH OF THE NON-DISCLOSURE AGREEMENT

Airborne alleges in its Motion that Mezzo did not adequately plead: (1) breach of the Non-Disclosure Agreement; and (2) resulting damages to Mezzo.  *See* Motion at 9-10.

This Court has held that a party has sufficiently pled breach of a non-disclosure agreement when the plaintiff asserted the existence of a non-disclosure agreement, that confidential information was disclosed pursuant to the non-disclosure agreement, and that the defendant used the information in violation of the non-disclosure agreement.  *Crystal Enters., Inc. v. Integrated Env't Techs., LTD*, No. 3:12-CV-05027, 2012 WL 13019682, at *3 (W.D. Wash. Aug. 17, 2012) ("While the precise manner in which IET used the information remains unclear, Crystal properly disclosed the information to IET and sufficiently alleges that it used the information in violation of IET's obligations under the NDA. Crystal's claim sufficiently raises its right to relief beyond the speculative level.").  Similar to the *Crystal Enterprises* case,

MEZZO RESPONSE TO AIRBORNE'S MOTION
TO DISMISS (2:24-cv-01368-JNW) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Mezzo's FAC specifically identifies the duty of confidentiality provision of the Non-Disclosure Agreement; the confidential information that was provided by Mezzo to Airborne pursuant to the Non-Disclosure Agreement, and specific evidence of Airborne's use of that confidential information in violation of the Non-Disclosure Agreement. *See* FAC ¶¶ 72-76.

In support of its claim that Mezzo has not adequately pled breach of the non-disclosure agreement, Airborne relies on *Inteum Co., LLC v. Nat'l Univ. of Singapore, No.* C17-1252-JCC, 2017 WL 6611961, at *4 (W.D. Wash. Dec. 27, 2017). However, the *Inteum* case is very different than the matter at hand. In *Inteum*, the defendant, NUS, had licensed Inteum's software. *Id.* at *1. After using Inteum's software, NUS solicited bids to replace the Inteum system. *Id*. NUS eventually contracted with Wellspring for this job. *Id*. Inteum alleged that NUS shared Inteum's confidential information with Wellspring in breach of the confidentiality requirements of the license. *Id*. However, the *Inteum* court found that the bid solicitations between NUS and Wellspring specifically required Wellspring to create its own software rather than use Inteum's confidential information. *Id*. Based on such bid solicitation evidence, the Court granted the 12(c) motion. However, no such evidence supporting a finding of no breach of contract exists in the instant matter, and *Inteum* is inapplicable to the instant case.

Regarding Mezzo's damages, Airborne wrongly alleges that "Mezzo's allegations simply restate that element without providing any supporting facts." Motion at 10. Airborne's argument ignores the following allegations of the FAC regarding Mezzo's damages:

> Additionally, with regards to Airborne's breach of contract, trade secret misappropriation and unfair competition, by using Mezzo's confidential information to design and build laser welded microtube heat exchangers that Airborne would not have been able to build without such information, Airborne has unfairly secured customers and contracts. For example, Airborne has secured a position as a "sole-source" supplier for the U.S. Navy to Mezzo's detriment. Upon information and belief, there are no other companies capable of designing and manufacturing laser welded microtube heat exchangers capable of fulfilling the needs of the U.S. Navy, and as such, if not for Airborne's unfair competition, Mezzo would have received the Next Generation Jammer contract.

MEZZO RESPONSE TO AIRBORNE'S MOTION
TO DISMISS (2:24-cv-01368-JNW) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

FAC ¶ 34. Mezzo sufficiently pled breach of contract of its Count Seven, and it should not be dismissed.

## VII.    COUNT EIGHT – MEZZO'S LUTPA IS NOT PREEMPTED BY MEZZO'S TRADE SECRET MISAPPROPRIATION CLAIM

The proposed FAC describes Airborne's violations of the LUTPA that were not asserted in the original Complaint. *See* FAC ¶¶ 30-31 and 34. As this Court noted in its Order, LUTPA prohibits actions such as "fraud, misrepresentation, and similar conduct, and not mere negligence." Dkt. 88, at 14 (citations omitted). As described in the proposed FAC, Airborne "used Mezzo's confidential information… [to] design and build its own microtube heat exchangers to exercise an unfair competitive advantage over Mezzo in the marketplace to Mezzo's loss." *See* FAC ¶ 30. Such efforts to wrongly use Mezzo's confidential information was not a "mistake" or "negligence" but was a concerted fraudulent action by Airborne to improperly gain market share in violation of LUTPA. *See, e.g., Ruby Slipper Cafe, LLC v. Belou,* No. CV 18-1548, 2019 WL 1254897, at *7 (E.D. La. Mar. 19, 2019) and *Bernhard MCC, LLC v. Zeringue,* 303 So. 3d 372, 375 (La. App. 5 Cir. 9/9/20).

Airborne also alleges that the Louisiana Uniform Trade Secret Act preempts Mezzo's LUTPA claim – this is incorrect. Airborne bases its incorrect argument on the assertion that Mezzo's trade secret information is identical to its confidential information. *See* Motion at 12 ("Mezzo's LUTPA claim rests on alleged misappropriation of trade secrets."). This is false and not what is clearly alleged in the proposed FAC. Rather, Paragraphs 30-31 of the FAC specifically describe Airborne's concerted efforts to misuse Mezzo's confidential information – not trade secret information – for Airborne's own benefit. Furthermore, the proposed Amended Complaint specifically describes the confidential information that is separate and apart from Mezzo's identified trade secrets. *See* FAC ¶ 30 ("Specifically, [Airborne] has used Mezzo's confidential information relating to laser welded microtube heat exchanger design and manufacture that it received from Mezzo via emails exchanged between Mezzo and Airborne in 2017-18 and during the tours of Mezzo's facilities to design and build its own microtube heat

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

exchangers to exercise an unfair competitive advantage over Mezzo in the marketplace to Mezzo's loss."). As such, Mezzo's LUTPA claim is not preempted by its trade secret misappropriation claims.

## VIII.   IF ANY PORTION OF AIRBORNE'S MOTION IS GRANTED, LEAVE TO AMEND SHOULD BE GRANTED

Rule 15 requires that leave to amend be "freely given" absent a compelling reason to deny it. *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1362 (Fed. Cir. 2019); *DCD Progs., Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Courts consider five factors: bad faith, undue delay, prejudice, futility, and prior amendment, with all inferences drawn in favor of amendment and the burden on the opposing party. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *DCD Progs.*, 833 F.2d at 187. All factors favor permitting amendment.

Futility - An amendment is futile only if it is clear the complaint "could not be saved by amendment." *Mansfield v. Pfaff*, No. C14-0948JLR, 2014 WL 3810581, at *5 (W.D. Wash. Aug. 1, 2014). Airborne cannot meet this high bar, and because it is not "beyond doubt" that amendment would fail, leave must be granted. *Id*.

Prior Amendment - That the Court previously granted leave to amend does not justify a denial of Mezzo's ability to further amend the complaint. Rule 15 expressly favors multiple amendments where justice requires. *DCD Progs.*, 833 F.2d at 186; *see also Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 654 (W.D. Wash. 2015) (granting plaintiff's motion for leave to amend its complaint despite the plaintiff having already previously amended and noting that "leave to amend the complaint is appropriate under the liberal standard of Rule 15"). Mezzo's First Amended Complaint responded directly to the Court's order (Dkt. 88) and cured identified deficiencies. Now Airborne both renews previously abandoned arguments and alleges new bases for seeking dismissal of Mezzo's claims that were not previously asserted by Airborne.  As such, this factor favors amendment.

MEZZO RESPONSE TO AIRBORNE'S MOTION
TO DISMISS (2:24-cv-01368-JNW) - 10

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Prejudice.  Prejudice is the "touchstone" of the Rule 15 inquiry and must be substantial. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Mansfield*, 2014 WL 3810581, at *4.  Mezzo has consistently asserted the same set of operative facts, the breach of the same non-disclosure agreement, the same misuse of confidential information and the same misappropriated trade secrets.  Furthermore, there is not currently a pending scheduling order issued by this Court.  Thus, Airborne will not suffer substantial prejudice as a result of any grant of leave to amend.

Undue Delay and Bad Faith.  There is no undue delay. Written discovery is ongoing, no depositions have been taken yet, and no scheduling order is in place. Nor is there any bad faith by Mezzo and Airborne has not alleged any. Both factors favor amendment.

Because Airborne cannot identify a valid basis to depart from Rule 15's liberal standard, and because Airborne will suffer no prejudice at all, Mezzo respectfully requests that any dismissal be without prejudice and with leave to amend.

## LCR 7(e) CERTIFICATION

I certify that this memorandum contains 3,601 words, in compliance with the Local Civil Rules.

Dated February 3, 2026.              CHRISTENSEN O'CONNOR
                                     JOHNSON KINDNESS<sup>PLLC</sup>

                                     s/John D. Denkenberger
                                     John D. Denkenberger, WSBA No. 25,907
                                     John Whitaker, WSBA No. 28,868
                                     1201 Third Avenue, Suite 3600
                                     Seattle, WA  98101-3029
                                     Telephone:  206.682.8100
                                     E-mail:  john.denkenberger@cojk.com,
                                     john.whitaker@cojk.com, litdoc@cojk.com

MEZZO RESPONSE TO AIRBORNE'S MOTION
TO DISMISS (2:24-cv-01368-JNW) - 11

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

CARVER DARDEN KORETZKY TESSIER
FINN BLOSSMAN & AREAUX

s/Emily Gummer
David Scotton (admitted *pro hac vice*)
Emily Gummer (admitted *pro hac vice*)
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone:  504.585.3821
E-mail:  scotton@carverdarden.com,
gummer@carverdarden.com

*Attorneys for Plaintiff International Mezzo
Technologies, Inc.*

MEZZO RESPONSE TO AIRBORNE'S MOTION
TO DISMISS (2:24-cv-01368-JNW) - 12

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100