THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INTERNATIONAL MEZZO
TECHNOLOGIES, INC.,

              Plaintiff,

    v.

AIRBORNE ECS, LLC,

              Defendant.

No. 2:24-cv-01368-JNW

**AIRBORNE ECS, LLC'S REPLY IN
SUPPORT OF MOTION TO DISMISS
THE AMENDED COMPLAINT
UNDER RULE 12(b)(6)**

Noted for Consideration:
February 10, 2026

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO
DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6)
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | | INTRODUCTION | 1 |
| II. | | ARGUMENT | 1 |
| | A. | Count 3: Mezzo Consents To Removal Of The Defective Language In Its Claim For Correction Of Inventorship. | 1 |
| | B. | Count 4: Mezzo Does Not Dispute The Factual Predicates That Require Dismissal Of Its Claim For Correction Of Inventorship. | 2 |
| | C. | Counts 5-6: Mezzo Fails To State A Claim For Violations Of The Federal Defend Trade Secrets Act And The Louisiana Uniform Trade Secrets Act. | 4 |
| | D. | Count 7: Mezzo Does Not Dispute The Factual Predicates That Require Dismissal Of Its Breach Of Contract Claim. | 7 |
| | E. | Count 8: Mezzo Does Not Address The Deficiencies In Its LUTPA Claim. | 8 |
| | F. | Leave to Amend Should Be Denied. | 9 |
| III. | | CONCLUSION | 10 |

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - i (CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

## TABLE OF AUTHORITIES

**Page**

CASES

*Abbvie Inc. v. Adcentrx Therapeutics Inc.*,
    2024 WL 3611144 (S.D. Cal. 2024)...........................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).....................................................................................................................1, 6

*Bailey-Medwell v. Hartford Life & Accident Ins. Co.*,
    No. C17-1697, 2018 WL 5264335 (W.D. Wash. Oct. 23, 2018) ...............................................7

*Brand Servs., L.L.C. v. Irex Corp.*,
    909 F.3d 151 (5th Cir. 2018) .....................................................................................................9

*Bungie, Inc. v. Aimjunkies.com*,
    No. C21-0811, 2022 WL 16853626 (W.D. Wash. Nov. 10, 2022) ..........................................8

*Cenac v. Orkin, LLC*,
    941 F.3d 182 (5th Cir. 2019) .....................................................................................................9

*Cheramie Servs., Inc. v. Shell Deepwater Prod.*,
    35 So. 3d 1053 (La. 2010) ......................................................................................................8, 9

*Chou v. Univ. of Chicago*,
    254 F.3d 1347 (Fed. Cir. 2001)...............................................................................................2, 4

*Crystal Enters., Inc. v. Integrated Env't Techs., LTD*,
    No. 3:12-CV-05027, 2012 WL 13019682 (W.D. Wash. Aug. 17, 2012)..................................7

*Defcon, Inc. v. Webb*,
    687 So. 2d 639 (La. Ct. App. 1997).........................................................................................9

*Dri-Eaz Prods., Inc. v. Allen*,
    2013 WL 12250538 (W.D. Wash. 2013).................................................................................5, 7

*Edirect Publ'g, Inc. v. Livecareer, Ltd.*,
    No. 12-CV-1123 JLS (JMA), 2014 WL 11974992 (S.D. Cal. Mar. 18, 2014) ........................6

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO
DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - ii
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

*Iceotope Grp. Ltd. v. LiquidCool Sols., Inc.*,
No. 20-cv-2644, 2022 WL 204923 (D. Minn. Jan. 24, 2022) ....................................................3

*Innovative Sols. Intl., Inc. v. Houlihan Trading Co., Inc.*,
No. C22-0296-JCC, 2023 WL 2611796 (W.D. Wash. Mar. 23, 2023) ...................................10

*Inteum Co., LLC v. Nat'l University of Singapore*,
No. C17-1252, 2017 WL 6611961 (W.D. Wash. Dec. 27, 2017)................................................8

*Network Apps, LLC v. AT&T Mobility LLC*,
778 F. Supp. 3d 610 (S.D.N.Y. 2025)....................................................................................3, 4

*Pellerin v. Honeywell International*,
877 F. Supp. 2d 983 (S.D. Cal. 2012) (cited at Opp. ).............................................................5

*Shukh v. Seagate Tech., LLC*,
803 F.3d 659 (Fed. Cir. 2015)..............................................................................................2, 4

*SRP Env't, LLC v. Claremont Prop. Co.*,
No. 23-1475, 2025 WL 562723 (W.D. La. Feb. 20, 2025).....................................................8, 9

*Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*,
573 F.3d 1290 (Fed. Cir. 2009).............................................................................................3, 4

*W.L. Gore & Associates v. GI Dynamics*,
2010 WL 5184254 (D. Ariz. Dec. 15, 2010) ...........................................................................6

**STATUTES**

18 U.S.C. § 1839(5)(A)..............................................................................................................4, 5

La. R.S. 51:1431 ...........................................................................................................................4

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO
DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - iii
(CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

## I.    INTRODUCTION

Mezzo's Opposition confirms that its defective pleadings improperly burden the Court and Intergalactic, and the counts at issue should be dismissed with prejudice. Rather than fix errors it has made and admitted to before, such as for Count 3, Mezzo insists yet again on pleading improperly. And for the other counts at issue, rather than identify the subject matter and bases of its claims in sufficient detail to state a claim for relief, Mezzo resorts to generalities that merely echo the legal elements of its causes of action. It is hornbook law that, to avoid dismissal, the Complaint must plead sufficient factual matter to state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even with the Court's clear roadmap for amendment, *see* Dkt. 88 ("Order"), Mezzo fails to meet this standard. The Court should strike the defective language in Count 3, dismiss Counts 4-8 with prejudice, and direct that this case proceed only on Counts 1-3.

## II.    ARGUMENT

### A.    Count 3: Mezzo Consents To Removal Of The Defective Language In Its Claim For Correction Of Inventorship.

Mezzo misses the point on Count 3. Even as it concedes that its Amended Complaint remains unclear as to whether Count 3 seeks a declaration of only invalidity of the '670 patent based on improper inventorship or also (or instead) seeks a declaration of unenforceability, it argues it should be absolved of the ambiguity because Intergalactic withdrew its opposition to Count 3 in the original Complaint upon Mezzo's clarification that Count 3's reference to "unenforceable" is "superfluous" and "incidental." 12(c) Reply at 3 n.2; 12(c) Opp. at 5; Order 4 n.1; *see also* 12(c) Motion at 5-6. But Mezzo's Amended Complaint *reverts to* the original, problematic formulation—again requesting a declaration that the '670 Patent "is invalid and/or unenforceable." Am. Compl., ¶ 44. Mezzo has no explanation for its failure to amend this Count and the waste of resources it imposes. *See* Opp. at 2-3. Mezzo "consents to the removal of the phrase 'and/or unenforceable' from Count Three." *Id.* at 3. The Court should do just that and hold

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 1 (CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

that this language from the Amended Complaint is stricken.

**B.      Count 4: Mezzo Does Not Dispute The Factual Predicates That Require Dismissal Of Its Claim For Correction Of Inventorship.**

Mezzo's Opposition does not dispute that it failed to address the specific holes that the Court identified in Count 4.  To have standing to bring a claim for correction of inventorship, *see Chou v. Univ. of Chicago*, 254 F.3d 1347, 1357 (Fed. Cir. 2001), the plaintiff must allege a concrete financial stake in the patent or a "concrete and particularized reputational injury" resulting from not being named as an inventor, *Shukh v. Seagate Tech., LLC*, 803 F.3d 659, 663 (Fed. Cir. 2015).  The original Complaint failed to identify a cognizable interest in the '670 patent because Mezzo's offhand reference to its "engineers" did not plausibly allege that it was assigned "putative ownership rights to [the '670 patent] by the original inventor."  Order 9.  The Court nonetheless provided a clear roadmap for amendment: Mezzo must provide "details . . . regarding the identity of [its] engineers, their involvement in the development and invention of the technology at issue, and their precise relationship to Mezzo."  Order 9-10.  Mezzo's Opposition confirms that the Amended Complaint provides *none* of these details:

- While Mezzo names two Mezzo employees—David Craig and Kevin Kelly—as the "true and correct inventors," it does not provide any factual detail about their identities.  Am. Compl., ¶¶ 21-25, 33, 48-49.  The Opposition simply repeats their names without offering any information about them that would support a plausible inference that they could have conceived the '670 patent.  Opp. at 1, 4.

- Mezzo likewise provides no details about Craig or Kelly's "involvement in the development and invention of the technology at issue."  Order 9-10.  The Opposition cites the Amended Complaint and says it "dedicates pages to describing how [Craig and Kelly] developed laser welded heat exchangers."  *See* Opp. at 4 (citing Am. Compl., at 5-8).  But those pages contain no description of what those individuals actually conceived, nor when, nor how any purported conception maps onto specific elements of the '670 patent.  *See* 12(b)(6) Motion at 6.

- Mezzo omits facts describing its "precise relationship" to Craig and Kelly, a glaring omission considering the inventors are allegedly Mezzo's *employees*.  Order 9-10; Opp. at 4-5.

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 2 (CASE NO. 2:24-CV-01368-JNW)

Mezzo also misses the mark when it attempts to distinguish *Network Apps v. AT&T Mobility*. *See* Opp. at 4-5. Mezzo acknowledges that its claim for sole inventorship demands "'highly specific' factual allegations" that "allow the reasonable inference that [Craig and Kelly] conceived the invention of the ['670 patent] and that [Fausett and Herrick-Kaiser] did not." *Network Apps, LLC v. AT&T Mobility LLC,* 778 F. Supp. 3d 610, 622-23 (S.D.N.Y. 2025) (citation omitted); Opp. at 4. The Amended Complaint provides no such details about Craig and Kelly's purported conception of the patent. Order 9-10. Nor does it allege facts that rebut the presumption that the inventors named in the '670 patent—Intergalactic's employees Taylor Fausett and Nicholas Herrick-Kaiser—invented the claimed laser-welded microtube heat exchangers on their own. *See* 12(b)(6) Motion at 6; *Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ. v. Hedrick*, 573 F.3d 1290, 1297 (Fed. Cir. 2009). At most, the Opposition mentions a "coinciden[ce]:" Herrick-Kaiser requested information from Mezzo and toured Mezzo's facility before helping invent the patented product. Opp. at 4 (citing Am. Compl., ¶¶ 18-19). But a coincidence cannot substitute for the "'highly specific' factual allegations" required to rebut the presumption of inventorship. *See Network Apps,* 778 F. Supp. 3d at 622.

Mezzo observes that *Network Apps* "held that a claim for correction of inventorship is properly pled when there are allegations that the 'named inventors had previously failed at developing the technology at issue and distanced themselves from the plaintiffs around the time they filed for the patent.'" Opp. at 5 (quoting *Network Apps*, 778 F. Supp. 3d at 622). But that holding does not help Mezzo because it did not plead any facts suggesting that Fausett or Herrick-Kaiser failed to develop laser-welded microtube heat exchangers before they perfected the '670 patent. Instead, the Amended Complaint relies on the "conclusory" allegation that Fausett and Herrick-Kaiser "made no inventive contribution to any of the claims of the '670 Patent." Am. Compl., ¶ 48; *Iceotope Grp. Ltd. v. LiquidCool Sols., Inc.*, No. 20-cv-2644, 2022 WL 204923, at *4 (D. Minn. Jan. 24, 2022). That does not suffice. *Id.*

Mezzo attempts to divert attention from these deficiencies by claiming that Intergalactic

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 3 (CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

abandoned its challenge to Mezzo's standing by invoking the presumption that "[t]he inventors named in [the '670 patent] are . . . correct." *Hedrick*, 573 F.3d at 1297; Opp. at 3-4.  Not so. Intergalactic's Motion to Dismiss squarely challenged Mezzo's standing by arguing that Mezzo did not allege "a concrete financial stake in the patent sufficient to confer Article III standing." 12(b)(6) Motion at 4-6 (citing Order 8-9; *Chou*, 254 F.3d at 1357; *Shukh*, 803 F.3d at 663).  To be sure, Intergalactic cited Mezzo's decision to press a theory of sole inventorship.  *See* 12(b)(6) Motion at 5.  But that theory is directly relevant to the standing analysis—it governs what Mezzo must plead to establish "a concrete financial stake in the patent."  12(b)(6) Motion at 4-6. Specifically, because Mezzo pursues sole inventorship, it must provide "'highly specific' factual allegations" to overcome the presumption of inventorship and establish "that the named inventors had not conceived the invention at issue."  12(b)(6) Motion at 4-5 (quoting *Network Apps*, 778 F. Supp. 3d at 622); *see also* Order 9-10 (requiring detailed allegations to state a claim for correction of inventorship).  Because Mezzo fails to provide those detailed allegations, it cannot establish a concrete financial stake in the '670 patent and thus lacks standing.  12(b)(6) Motion at 4-7.

**C.    Counts 5-6: Mezzo Fails To State A Claim For Violations Of The Federal Defend Trade Secrets Act And The Louisiana Uniform Trade Secrets Act.**

Mezzo's Opposition continues to rely on speculation rather than plausible factual allegations that would allow the Court to draw a reasonable inference of trade secret misappropriation.  *See* 12(b)(6) Motion at 7-9.  Mezzo does not dispute that the misappropriation element requires allegations of wrongful acquisition, or unauthorized disclosure or use, of the alleged trade secrets.  *See* 18 U.S.C. § 1839(5)(A)-(B); La. R.S. 51:1431.  Yet it fails to plead this element.[1]

---

[1] Mezzo asserts that this Court "implicitly reject[ed]" Intergalactic's argument that the original Complaint failed to adequately allege wrongful use or misappropriation of trade secrets.  Opp. at 6.  Not so.  The Court dismissed Counts 5 and 6 because Mezzo failed to satisfy the threshold requirement of identifying its trade secrets with sufficient particularity.  *See* Order at 10-12 (holding that Mezzo's description of trade secrets "encompasses the entirety of Mezzo's business"

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 4 (CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

Mezzo does not contend that Intergalactic's acquisition of the alleged trade secrets under a non-disclosure agreement ("NDA") was wrongful. *See* 18 U.S.C. § 1839(5)(A) (trade secret must be "acquired by *improper means*" to be misappropriation) (emphasis added). Mezzo likewise does not dispute that merely alleging "access" to a company's trade secrets fails to "establish[] misappropriation." *Pellerin v. Honeywell International*, 877 F. Supp. 2d 983, 989-90 (S.D. Cal. 2012) (cited at Opp. at 6). Yet, mere access is exactly what Mezzo alleges when it says that Intergalactic "learned of" Mezzo's trade secrets through a facility tour. Opp. at 7.

Mezzo's various attempts to defend its Amended Complaint fail. It asserts that the Amended Complaint "described [Intergalactic's] use . . . in detail." Opp. at 6. But the Amended Complaint contains no such details. Mezzo's Opposition cites Exhibit K, *see id.*, which bases the entirety of the alleged "use" on "information and belief," *see* 12(b)(6) Motion at 8. This Court has already held that allegations pled solely on "information and belief" do not state a misappropriation claim. *See Dri-Eaz Prods., Inc. v. Allen*, 2013 WL 12250538, at *2 (W.D. Wash. 2013). Intergalactic cited *Dri-Eaz* (and several other cases) for this proposition in its Motion to Dismiss. *See* 12(b)(6) Motion at 8. But Mezzo does not even attempt a response.

Mezzo references the paragraphs in the Amended Complaint that allege Intergalactic built a competing product and won a U.S. Navy contract, and alleges that Intergalactic decided to "compete against Mezzo." Opp. at 6-7 (citing Am. Compl., ¶¶ 31-34). But Mezzo does not even allege that it applied for the Navy contract, negating any plausible inference that Intergalactic misappropriated trade secrets to "compete against Mezzo." Accordingly, Mezzo's bald assertion that, "if not for [Intergalactic's] unfair competition, Mezzo would not have receive[d] the Next Generation Jammer contract," Am. Compl. ¶¶ 31-34 (cited at Opp. at 8), has no factual support and cannot salvage Mezzo's claim. Intergalactic's marketplace success does not raise a plausible

and "does not assert any specific examples of manufacturing processes, schematics, methodologies, tools, or components"). Having found this threshold requirement unmet, the Court had no occasion to reach—and did not reach—the separate element of misappropriation. A court's silence on an issue it need not decide is not an "implicit[]" ruling on that issue.

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 5 (CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

inference of misappropriation absent factual allegations that Intergalactic used Mezzo's trade secrets to compete with Mezzo. *See W.L. Gore & Associates v. GI Dynamics*, 2010 WL 5184254 (D. Ariz. Dec. 15, 2010). Mezzo's citations are not to the contrary. To be sure, "alleging the use of trade secret information to launch a competing product or service is sufficient to plead misappropriation." Opp. at 6 (quoting *Edirect Publ'g, Inc. v. Livecareer, Ltd.*, No. 12-CV-1123 JLS (JMA), 2014 WL 11974992, at *4 (S.D. Cal. Mar. 18, 2014)). But Mezzo has not alleged facts that support a reasonable inference that Intergalactic used Mezzo trade secrets or that Mezzo lost a contract; Mezzo has merely observed that Intergalactic launched its own heat exchanger product and won a contract that Mezzo, by its own account, never bid on.

*W.L. Gore & Associates v. GI Dynamics*, 2010 WL 5184254 (cited at Opp. at 6) is instructive. There, the court denied dismissal of a trade secret misappropriation counterclaim because the defendant pointed to concrete similarities between the parties' competing products to support its allegation that the plaintiff used particular design features it had learned from the defendant to develop the product. *Id.* at *9 (citing specific features ranging from an "unusual wave-shaped anchor . . . to the placement of the device in the duodenum"). Those factual allegations of similarity permitted "the court to draw the reasonable inference" of misappropriation. *Id.* (quoting *Iqbal*, 556 U.S. at 678). No comparable allegations exist here. Other than the generic statement that both parties manufacture "heat exchangers," Mezzo does not allege any concrete similarity between its products or alleged trade secrets and the features of Intergalactic's product.

Finally, Mezzo insists that it pleaded wrongful use because Intergalactic "file[d] a patent application on the very technology that Mezzo disclosed to Airborne." Opp. at 7. But "pointing to a public patent application and declaring its ownership of the content is insufficient" to plead "use." *Abbvie Inc. v. Adcentrx Therapeutics Inc.*, 2024 WL 3611144, at *7 (S.D. Cal. 2024); 12(b)(6) Motion at 8. And Mezzo provides no facts to support its conclusory assertion that the '670 patent utilized its trade secrets. Nor could Mezzo provide such facts, as the claims of the

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 6 (CASE NO. 2:24-CV-01368-JNW)

'670 patent do not recite any subject matter of the alleged trade secrets described in Exhibit K.

**D.      Count 7: Mezzo Does Not Dispute The Factual Predicates That Require Dismissal Of Its Breach Of Contract Claim.**

Mezzo's Amended Complaint omits the facts essential to plead a breach of contract claim under Washington law, *see* 12(b)(6) Motion at 9-10, which requires the plaintiff to allege not only "the existence of a valid contract," but also "breach of that contract" and "resulting damages," *Bailey-Medwell v. Hartford Life & Accident Ins. Co.*, No. C17-1697, 2018 WL 5264335, at *3 (W.D. Wash. Oct. 23, 2018).  Mezzo's Opposition doubles down on the fundamental deficiencies in Count 7.

Mezzo does not point to any facts that support a reasonable inference that Intergalactic breached the NDA.  As with Counts 5-6, Mezzo maintains that Intergalactic "use[d] . . . confidential information in violation of the [NDA]."  Opp. at 8 (citing Am. Compl., ¶¶ 72-76).  But Mezzo does not provide factual support for this speculative assertion, instead basing the entirety of the alleged "use" "on information and belief" and the fact that Intergalactic secured the Navy contract.  Am. Compl., ¶ 74.  Allegations based upon "information and belief" do not state a claim.  *See supra* Part II.C (explaining that Mezzo does not contest this point); *Dri-Eaz*, 2013 WL 12250538, at *2.  And marketplace success, without more, does not plausibly raise an inference that Intergalactic used Mezzo's trade secrets.  *See* 12(b)(6) Motion at 10; *supra* at Part II.C.

Mezzo claims that it has "sufficiently pled breach of" the NDA because it "asserted . . . that the defendant used the [confidential] information in violation of" the NDA.  Opp. at 7-8 (citing *Crystal Enters., Inc. v. Integrated Env't Techs., LTD*, No. 3:12-CV-05027, 2012 WL 13019682, at *3 (W.D. Wash. Aug. 17, 2012).  But *Crystal Enterprises* never says that a plaintiff can state a breach of contract claim by merely *asserting* use.  Instead, it says that the plaintiff must "raise[] its right to relief beyond the speculative level" by "sufficiently alleging that [the defendant] used the information in violation of the" NDA.  2012 WL 13019682, at *3.  The plaintiff in *Crystal Enterprises* did just that: It identified the specific information disclosed, including "marketing

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 7 (CASE NO. 2:24-CV-01368-JNW)

strategies, customer targets, [and] pricing methods," and explained how the defendant exploited that information to cut the plaintiff out of a deal. *Id.* at 1, 3. Mezzo, by contrast, does not allege any link between its trade secrets and Intergalactic's patent application or products. Mezzo simply alleges that Intergalactic had access to trade secrets and later filed a patent for heat exchangers. That is not "sufficiently alleging" use; it is precisely the kind of conclusory assertion that fails to "raise a right to relief beyond the speculative level." *Id.* at 3.

Mezzo also attempts to limit *Inteum Co., LLC v. Nat'l University of Singapore*, No. C17-1252, 2017 WL 6611961 (W.D. Wash. Dec. 27, 2017), to its facts. Opp. at 8. This gambit fails. Mezzo says that the allegations of breach in *Inteum* were insufficient because the recipient of the confidential information was contractually obligated to "create its own software rather than use [the] confidential information." *Id.* That misreads the decision. The *Inteum* court mentioned the terms of the contract only in passing; they were not the basis for dismissal. *See* 2017 WL 6611961, at *3. The Court's rationale was straightforward: The plaintiff's allegations showed only "motive, opportunity, and a *possibility* of improper disclosure," which was insufficient to state a *plausible* claim. *Id.* (emphases added). That reasoning applies here.

Finally, in all events, Mezzo does not dispute that the Amended Complaint never alleges any concrete damages resulting from the purported breach. *See* 12(b)(6) Motion at 10. Instead, Mezzo gestures to lost business opportunities, including the Navy contract that Mezzo never alleges it bid for. Opp. at 8-9 (citing Am. Compl., ¶ 34). This allegation of "unspecified . . . damage is insufficient" to state a claim. *Bungie, Inc. v. Aimjunkies.com*, No. C21-0811, 2022 WL 16853626, at *4 (W.D. Wash. Nov. 10, 2022). The Court should dismiss Count 7 with prejudice.

**E.    Count 8: Mezzo Does Not Address The Deficiencies In Its LUTPA Claim.**

Mezzo fails to allege any conduct that falls within LUTPA's "extremely narrow" range of prohibited practices. Order 14-15 (quoting *Cheramie Servs., Inc. v. Shell Deepwater Prod.*, 35 So. 3d 1053, 1060 (La. 2010)); *see* 12(b)(6) Motion at 10-11. Mezzo does not dispute that LUTPA requires allegations of "egregious" conduct, *SRP Env't, LLC v. Claremont Prop. Co.*, No. 23-1475,

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 8 (CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270

2025 WL 562723, at *9 (W.D. La. Feb. 20, 2025), that "offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious," *Cheramie Servs.*, 35 So. 3d at 1059 (quotations omitted). Mezzo likewise does not deny that "[t]here is a great deal of daylight between a breach of contract claim and the egregious behavior [LUTPA] proscribes." *Cenac v. Orkin, LLC*, 941 F.3d 182, 194 (5th Cir. 2019). Yet, for its LUTPA claim, Mezzo recites the same conclusory allegations underlying its breach of contract claim: Intergalactic "used Mezzo's confidential information" to develop a competing product that experienced commercial success. *See* Opp. at 9 (citing Am. Compl. ¶ 30-31); *see also supra* Part II.D. Mezzo's failure to provide any details that raise a reasonable inference of misappropriation dooms its LUTPA claim.

Mezzo also cannot escape the preemptive force of the Louisiana Uniform Trade Secrets Act. *See* 12(b)(6) Motion at 11-12. Mezzo does not deny that the Act displaces civil law claims concerning the misappropriation of trade secrets. *See* Opp. at 9-10; *see also Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 157-58 (5th Cir. 2018); *Defcon, Inc. v. Webb*, 687 So. 2d 639, 642 (La. Ct. App. 1997). Mezzo therefore does not dispute that its LUTPA claim is preempted to the extent it rests on alleged misappropriation of trade secrets. *See* 12(b)(6) Motion at 12. Instead, Mezzo insists that its LUTPA claim concerns "efforts to misuse Mezzo's confidential information—not trade secret information." Opp. at 9. The Amended Complaint, however, draws no such distinction. The same "confidential information" Mezzo invokes for its LUTPA claim— information "relating to laser welded microtube heat exchanger design and manufacture"—is the very information Mezzo alleges as misappropriated trade secrets in Counts 5 and 6. *See* Am. Compl. ¶¶ 27, 30, 78; *compare id.* ¶¶ 51-67 with *id.* ¶¶ 77-79. Because Mezzo has not alleged any confidential information distinct from its claimed trade secrets, the Louisiana Uniform Trade Secrets Act preempts Count 8.

**F.     Leave to Amend Should Be Denied.**

Mezzo broadly asks that "if any portion of Airborne's Motion is granted, leave to amend should be granted." Opp. at 10 (cleaned up). Leave to amend a complaint, however, is warranted

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO
DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 9
(CASE NO. 2:24-CV-01368-JNW)

only where amendment would not be futile. *See Innovative Sols. Intl., Inc. v. Houlihan Trading Co., Inc.*, No. C22-0296-JCC, 2023 WL 2611796, at *2 n.3 (W.D. Wash. Mar. 23, 2023) ("[D]ismissal with prejudice is appropriate [when] further amendment would be futile."). That is the entire point of this exercise. The Court declined to grant blanket leave to amend and instead required Mezzo to provide its proposed amendment so that the Court could "assess whether amendment would be futile." Order 16. Mezzo's proposed Amended Complaint fails to cure the deficiencies the Court identified and still omits the factual matter necessary to state plausible claims. Having been given a clear roadmap for amendment, and having failed to follow it, Mezzo cannot now demand yet another opportunity to plead its case.

### III.    CONCLUSION

For the foregoing reasons, this Court should strike the defective language in Count 3, dismiss Counts 4-8 with prejudice, and direct that this case proceed only on Counts 1-3.

DATED this 10th day of February, 2026.

RESPECTFULLY SUBMITTED,

MARTINEZ & FARMER LLP

By: */s/ Tyler L. Farmer*
Tyler L. Farmer, WSBA #39912
Ariel A. Martinez, WSBA #54869
4020 East Madison St., Suite 300
Seattle, WA 98112
T: 206.208.2270
tyler@mfseattle.com
ariel@mfseattle.com

William E. Devitt*
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
Phone: (312) 269-4240
wdevitt@jonesday.com

Laura Kanouse Vining*
JONES DAY

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO
DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 10
(CASE NO. 2:24-CV-01368-JNW)

1221 Peachtree Street N.E., Suite 400
Atlanta, GA 30361
Phone: (404) 581-8352
lkvining@jonesday.com

Yury Kalish*
Jennifer L. Swize*
Nathaniel C. Sutton*
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
Phone: (202) 879-3939
ykalish@jonesday.com
jswize@jonesday.com
nsutton@jonesday.com

Randall E. Kay*
JONES DAY
4655 Executive Drive
San Diego, CA 92121-3134
Tel: (858) 314-1200
rekay@jonesday.com

Robert M. Breetz*
Emily C. Towers*
901 Lakeside Ave
Cleveland, OH 44114
Phone: (216) 586-3939
rbreetz@jonesday.com
etowers@jonesday.com

*Admitted *pro hac vice*

I certify that this motion contains 3,512 words, in compliance with the local rules.

AIRBORNE ECS, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT UNDER RULE 12(b)(6) - 11 (CASE NO. 2:24-CV-01368-JNW)

MARTINEZ & FARMER LLP
4020 EAST MADISON ST., SUITE 300
Seattle, Washington 98112
206-208-2270